**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Louis Taylor,<br><br>    Plaintiff,<br><br>v.<br><br>County of Pima, et al.,<br><br>    Defendants. | No. CV-15-00152-TUC-RM<br><br>**ORDER** |

  On July 6, 2020, the parties notified chambers of a discovery dispute pursuant to the discovery-dispute procedure set forth in this Court's Scheduling Order. (*See* Doc. 113 at 3.) The dispute concerns Defendants' objections to notices of two 30(b)(6) depositions and six fact-witness depositions. The Court will order the parties to attempt to resolve their disputes concerning the depositions through further consultation in light of the clarification set forth below regarding the current scope of this litigation.

  The currently operative complaint in this matter is Plaintiff's Second Amended Complaint ("SAC"). (Doc. 40.)[1] In the SAC, Plaintiff alleged six claims under 42 U.S.C. § 1983 and three claims under Arizona law. (*Id.*) On March 16, 2017, the Court partially granted and partially denied Defendants' Motions to Dismiss the SAC. (Doc. 63.) The Court found that *Heck v. Humphrey*, 512 U.S. 477 (1994) bars Plaintiff from premising his § 1983 claims on allegations that he "was wrongfully charged, convicted,

---

[1] On April 13, 2020, Plaintiff filed a Motion for Leave to File Third Amended Complaint. (Doc. 103.) On June 25, 2020, the Court took that Motion under advisement pending supplemental briefing. (Doc. 124.) The Motion to Amend remains pending.

and imprisoned," and that the two-year statute of limitations applicable to the § 1983 claims bars Plaintiff from premising the claims on allegations that he "was arrested without probable cause and unlawfully interrogated." (*Id.* at 13.) "However, neither the statute of limitations nor *Heck* bars claims based on constitutional violations that affect the validity of Plaintiff's 1972 convictions *but not the validity of his subsequent 2013 convictions*." (*Id.* (emphasis in original).) Plaintiff's § 1983 claims survived the interplay between *Heck* and the statute of limitations to the extent they alleged that "Plaintiff's rights to due process and a constitutionally fair, racially unbiased trial were violated during [Plaintiff's] original trial proceedings by the non-disclosure of the Truesdail Report, the hiring of an expert who believed Plaintiff was guilty because 'black boys' are more likely to start fires, and the presentation of false testimony from two 'jailhouse snitches.'" (*Id.* at 16; *see also id.* at 13-16.) The Court agreed with Defendants that *Heck* precluded Plaintiff from obtaining incarceration-based compensatory damages, but it declined to dismiss Plaintiff's compensatory damages claim, reasoning that "Plaintiff may be able to establish non-incarceration-based compensatory damages," such as damages for emotional injury not resulting from incarceration. (*Id.* at 19-20.) After analyzing the sufficiency of the SAC's factual allegations under the pleading standards of Federal Rule of Civil Procedure 8, the Court dismissed Count Two on the grounds that it contained insufficient non-conclusory factual allegations, but it declined to dismiss Counts One, Three, Four, Five and Six. (*Id.* at 16-18.)[2]  Finally, the Court rejected Defendant Pima County's Eleventh Amendment immunity argument, dismissed with prejudice the state-law malicious prosecution claim asserted in Count Nine, and declined to dismiss the state-law claims asserted in Counts Seven and Eight because Defendants had not made any specific arguments in their Motions to Dismiss concerning those claims. (*Id.* at 18-20.)

Plaintiff moved for reconsideration of the Court's ruling that he was barred from

---

[2] The Court's March 16, 2017 Order contained a typographical error; page 20 of the Order stated that Count Four of the SAC was dismissed without prejudice when it should have stated that Count Two of the SAC was dismissed without prejudice. The Court later amended the March 16, 2017 Order in order to fix the typographical error. (Doc. 80.)

seeking incarceration-based compensatory damages. (Doc. 68.) The Court denied reconsideration, finding that Plaintiff's allegations "that he is innocent and was wrongfully incarcerated for 42 years necessarily imply the invalidity of his outstanding 2013 convictions and outstanding sentence of time served." (Doc. 81 at 10.) The Ninth Circuit Court of Appeals subsequently dismissed Pima County's interlocutory appeal of this Court's Eleventh Amendment ruling and affirmed this Court's finding that *Heck* barred Plaintiff from seeking incarceration-related damages. *Taylor v. Pima Cnty.*, 913 F.3d 930 (9th Cir. 2019).

Accordingly, based on this Court's prior Orders and the Ninth Circuit's rulings in the parties' interlocutory appeal, the following claims are at issue in this litigation: Claims One, Three, Four, Five, and Six of the SAC to the extent they allege that Plaintiff's "rights to due process and a constitutionally fair, racially unbiased trial were violated during his original trial proceedings by the non-disclosure of the Truesdail Report, the hiring of an expert who believed Plaintiff was guilty because 'black boys' are more likely to start fires, and the presentation of false testimony from two 'jailhouse snitches'" (Doc. 63 at 16), in addition to the state-law claims asserted in Counts Seven and Eight. Plaintiff's compensatory damages claim also remains at issue. Although Plaintiff is precluded from obtaining incarceration-based compensatory damages, he may obtain compensatory damages for other harms, such as damages for emotional injury not resulting from incarceration. Nothing in the Court's prior orders, or in Plaintiff's 2013 no-contest plea, precludes Plaintiff from seeking damages for emotional harm caused by the alleged constitutional violations that survived Defendants' Motions to Dismiss, even if that emotional harm relates to Plaintiff's belief in his innocence. As this Court has previously recognized, "Plaintiff's 2013 no-contest plea did not admit factual guilt." (Doc. 35 at 13.)

In light of the above clarification regarding the current scope of this litigation,

. . . .

. . . .

**IT IS ORDERED** that the parties shall attempt to resolve their disputes concerning the 30(b)(6) depositions and fact-witness depositions through further personal consultation. If the parties are unable to resolve the disputes after sincere efforts at further personal consultation, they shall file a joint notice on August 1, 2020. The joint notice shall not exceed three pages in length and shall provide a brief description of the issues remaining in dispute concerning the 30(b)(6) depositions and/or fact-witness depositions.

Dated this 13th day of July, 2020.

_____
Honorable Rosemary Márquez
United States District Judge