Michelle R. Saavedra
Dennis P. McLaughlin
Principal Assistant City Attorneys for
Michael G. Rankin
CITY ATTORNEY
P.O. Box 27210
Tucson, AZ 85726-7210
Telephone: (520) 791-4221
Fax: (520) 791-4188
Michelle.Saavedra@tucsonaz.gov
State Bar No. 25728
Dennis.McLaughlin@tucsonaz.gov
State Bar No. 09197
*Attorneys for Defendant City of Tucson*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Louis Taylor, a single man, | 4:15-CV-00152 |
| Plaintiff, | **DEFENDANT CITY OF TUCSON'S MOTION FOR RECONSIDERATION** |
| vs. | |
| Pima County, a body politic; The City of Tucson, a body politic, | (Honorable Rosemary Marquez) |
| Defendants. | |

Defendant City of Tucson ("City"), by and through counsel undersigned, hereby submits its Motion for Reconsideration, pursuant to LRCiv 7.2, regarding the portion of the Court's Order issued on February 17, 2021 (Doc. 167) that is set forth under Section III ("Defendants' Motion For Protective Order"), which deals with the permissible scope of discovery, and reads as follows:

> The Court also notes that discovery relating to the cause of the Pioneer Hotel fire is relevant to Plaintiff's state-law claims in Counts Seven and Eight of the Second Amended Complaint, which assert that the City of Tucson negligently investigated the fire and arrested Plaintiff without probable cause or reasonable suspicion. (Doc. 40 at 30-31). The Court previously declined to dismiss Counts Seven and Eight of the Second Amended Complaint (Doc. 63 at 20), and Defendants did not seek reconsideration of that ruling; accordingly, Plaintiff is entitled to seek discovery relevant to those claims. (Order, Doc. 167 at 13:27-14:6).

\*\*\*

Whether the Tucson Police Department had racially discriminatory practices against African Americans in 1972 is relevant to the claims remaining in this litigation, including the state-law claim asserted in Count Eight of the SAC. (*Id.* at 15:12-14).

For the reasons explained below, the Court should reconsider its ruling on the permissible scope of discovery, and either withdraw it or, at a minimum, stay it pending resolution of any motions to dismiss by the City regarding Counts Six and Seven of the Third Amended Complaint ("TAC").

The limited parameters of this Motion for Reconsideration should not, however, be considered as a waiver of arguments previously made regarding any issue discussed in the February 17, 2021 Order, or as final acquiescence in any other part of that Order whose reconsideration is not specifically sought in this Motion.

## **Memorandum of Points and Authorities**

### **Point One**

**This Court permits motions for reconsideration regarding matters overlooked or misapprehended by the Court.**

Under LRCiv 7.2(g), this Court permits a motion for reconsideration upon: a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence. Any such motion shall point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order.

### **Point Two**

**The City's Motion for Reconsideration to address the Court's ruling on the scope of discovery is justified and should be granted.**

The Court should grant this motion to reconsider its ruling on the permissible scope of discovery, for all the following reasons:

1) Defendants' Motion for Protective Order was briefed by the parties when the Court's Order dated March 16, 2017, was controlling. At that time, the Court ruled that Plaintiff's claims "premised on being wrongfully arrested without probable cause and/or unlawfully interrogated" were barred under the statute of limitations. (*See* Doc. 63 at 12-13). The Court's current ruling directly conflicts with that prior ruling.

2) Plaintiff's Motion to File a Third Amended Complaint (Doc. 103) was still pending when the parties briefed the Defendants' Motion for Protective Order (Docs. 147, 148, 149, 150, and 151).

3) In his Response to the Motion for Protective Order, Plaintiff did not present any argument based on his state law claims, Counts Seven and Eight, of his Second Amended Complaint ("SAC"). (*See* Doc. 149). His arguments focused on what he asserts is permitted emotional damage claims under 42 U.S. §1983. *See id.* Yet, this Court, *sua sponte*, relied on the SAC's state law claims as a bases for allowing certain discovery in this matter. (*See* Order, Doc. 167 at 13-14).

4) The Court issued its ruling regarding the permissible scope of discovery after it ruled Plaintiff could file his TAC, and then relied on allegations and its prior rulings related to the SAC in its ruling. (Doc. 167).

5) In its ruling on the permissible scope of discovery this Court incorrectly stated that it "previously declined to dismiss" the state law claims, as alleged under Counts Seven and Eight of the SAC. (Doc. 167, 12:1-4). No such ruling occurred.

In short, the portion of the Court's ruling regarding the scope of discovery rests on a factual error, as well as on a legal error, both critical and both highly prejudicial to the Defendants' defense of this case. The City elaborates on, and synthesizes, its position and the bases for its Motion for Reconsideration in more detail below.

////

////

////

3

**Point Three**

**The Court incorrectly states that it "previously declined to dismiss"**

**the state law claims against the City, a crucial factual error.**

Contrary to the Court's finding in its February 17, 2021 Order, the Court did not "previously decline[] to dismiss Counts Seven and Eight of the Second Amended Complaint." (Doc. 167, 12:1-4). To the contrary, during the pendency of the SAC there was never a court ruling regarding whether Counts Seven and Eight, Plaintiff's state law claims, were barred under A.R.S. §§ 12-821 and 12-821.01.

While the City specifically and repeatedly asserted in its Answer to the SAC that the state law claims were barred for failure to file a notice of claim and under the statute of limitations. (*See* Doc. 66, 1:22-23, ¶ 1; 9:3-7, ¶ 17; 7:1-4, ¶ 43; 12:25-14:2, ¶¶ 74-81; 15:1-3, ¶ 91), the City did not seek formal dismissal of Counts Seven and Eight in its motion to dismiss the SAC. (*See* Second Motion to Dismiss (Doc. 54) and Order (Doc. 63, 8:2-4 and 20:10-13)). Thus, the Court never specifically ruled either for or against the City regarding dismissal of these Counts.

Nonetheless, the Court did rule that "to the extent that Plaintiff's allegations of constitutional harm are premised on him being wrongfully arrested without probable cause and/or unlawfully interrogated, the statute of limitations on such claims expired decades ago. See *Wallace*, 549 U.S. at 390-91; *Johnson*, 925 F.2d at 1301." (Doc. 63 at 12:20-23; *See also* Doc. 63 at 13:4-6: "The statute of limitations bars claims based on allegations that Plaintiff was arrested without probable cause and unlawfully interrogated.").

Thus, the Court's current ruling regarding the permissible scope of discovery is actually in direct conflict with its prior ruling, which barred specific allegations made in Plaintiff's SAC.

This becomes particularly crucial here, because the state law claims the Court relied on in its ruling are again alleged under what are now Counts Six and Seven of the TAC and are still subject to dismissal under A.R.S. §§ 12-821 and 12-821.01.

**Point Four**

**The Court also committed legal error by relying on the allegations in the superseded and inoperative SAC to determine the permissible scope of discovery.**

The Court has compounded its factual error with a crucial legal error. Before the Court made its discovery rulings, the Court had already granted Plaintiff leave to file his TAC (Doc. 167, 11:17-18; *see also* 17:26-27), which he did on February 24, 2021. (*See* Doc. 169). Having allowed Plaintiff to file a TAC, it was legal error to then rule on the permissible scope of discovery based on the Plaintiff's SAC, whose supersedure: (1) was sought by Plaintiff and decided upon by the Court; (2) was now a procedural foregone conclusion; and (3) did subsequently occur with Plaintiff's actual filing of the TAC on February 24, 2021. (*See* Order, Doc. 167 at 13-14; Doc. 169).

Once it was clear that the TAC would be allowed, no further discovery rulings should have occurred based on the superseded SAC. Rather, such rulings should be based on the TAC, and only once its final contours have been determined after rulings on any potential motion(s) to dismiss.

It is well established that an "amended complaint supersedes the original, the latter being treated thereafter as non-existent. In other words, 'the original pleading no longer performs any function...'" *Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (internal citations and quotes omitted). Here, the TAC supersedes Plaintiff's SAC.

By the same token, Plaintiff's filing of a TAC, according to this Court, "open[s] the door to any applicable affirmative defenses…" *Merch. Transaction Sys., Inc. v. Nelcela, Inc,* 2007 WL 2422052, at 3 (D. Ariz. 2007), *citing Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 2000). Both Defendants have the right to file new pleadings responsive to the TAC that assert such affirmative defenses. They are not bound by their prior motions to dismiss the SAC (Docs. 54, 55), or their previously filed Answers to the SAC (Docs. 66, 67).

The City will reassert its affirmative defenses based on Arizona's notice-of-claim and related statutes, which will be decisive here. *Louis & Karen Metro Family, LLC v. Lawrenceburg Conservancy Dist.*, 2008 WL 4911869, at 6–7 (S.D. Ind. 2008) (dismissing tort claim made in a SAC based on noncompliance with Indiana's statutory 180-day notice of claim requirement). And note, that while, as shown above, the City already has raised both the notice of claim and statute of limitations defenses in its Answer to the SAC, it can now still raise both these affirmative defenses against the TAC even if it had not done so before, "[b]ecause a plaintiff's new complaint wipes away prior pleadings, [and] the amended complaint opens the door for defendants to raise new and previously unmentioned affirmative defenses." *Id.* (quoting *Massey*, 196 F.3d at 735, in rejecting plaintiff's claim that a notice of claim defense was waived by not being mentioned earlier).

To sum up, Defendants must still file their responsive pleadings to the TAC, which in the City's case will include a Rule 12(b)(6) motion for the state law claims against the City, now alleged under Counts Six and Seven, to be dismissed based on noncompliance with A.R.S. §§ 12-821 and 12-821.01. Any rulings on the permissible scope of discovery should await resolution of any forthcoming motion(s) to dismiss.

## **Conclusion**

The Court should reconsider its ruling on the permissible scope of discovery, and either withdraw it or, at a minimum, stay it pending resolution of any motion to dismiss by the City regarding Counts Six and Seven of the TAC.

The Court first incorrectly found that the state law claims asserted in the SAC—and now repeated without substantive change in the TAC—are no longer subject to dismissal, and then erroneously relied on the claims in the already superseded and thus inoperative SAC to determine what the permissible scope of discovery should be in this matter.

Now that Plaintiff's TAC supersedes the SAC, the state law claims against the City that he repeats in the TAC (Counts Six and Seven) continue to be subject to dismissal for noncompliance with A.R.S. § 12-821.01 (notice of claim) and A.R.S. § 12-821 (one-year

statute of limitations for filing actions against the City). The permissible scope of discovery should not be based on the allegations in Counts Seven or Eight of the superseded SAC, or the Court's erroneous prior findings regarding the viability of those allegations, but rather only on those allegations of Counts Six and Seven of the TAC that can and do survive the City's coming motion to dismiss.

DATED March 3, 2021.

MICHAEL G. RANKIN,
City Attorney

By:    /s/ Dennis P. McLaughlin
       Michelle R. Saavedra
       Dennis P. McLaughlin
       Principal Assistant City Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants.

John P. Leader
The Leader Law Firm, P.C.
405 West Cool Drive, Suite 107
Tucson, Arizona 85704
        *Attorney for Plaintiff*

Stanley G. Feldman
Peter T. Limperis
Timothy P. Stackhouse
Miller, Pitt, Feldman & McAnally, PC
One South Church Avenue, Suite 900
Tucson, Arizona 85701-1620
        *Co-Counsel for Plaintiff*

Daniel P. Struck
Nicholas D. Acedo
Jacob B. Lee
Struck Love Bojanowski & Acedo, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
        *Attorneys for Defendant Pima County*

By: /s/ E. Acosta/bys

7