Michelle R. Saavedra
Dennis P. McLaughlin
Principal Assistant City Attorneys for
Michael G. Rankin
CITY ATTORNEY
P.O. Box 27210
Tucson, AZ 85726-7210
Telephone: (520) 791-4221
Fax: (520) 791-4188
Michelle.Saavedra@tucsonaz.gov
State Bar No. 25728
Dennis.McLaughlin@tucsonaz.gov
State Bar No. 09197
*Attorneys for Defendant City of Tucson*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Louis Taylor, a single man, | 4:15-CV-00152 |
| Plaintiff, | **DEFENDANT CITY OF TUCSON'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT** |
| vs. | |
| Pima County, a body politic; The City of Tucson, a body politic, | (Honorable Rosemary Marquez) |
| Defendants. | |

Defendant City of Tucson, through counsel undersigned, and for its Answer to Plaintiff's Third Amended Complaint ("TAC"), admits, denies, and affirmatively alleges as follows:

## ALLEGATIONS COMMON TO ALL COUNTS

1.      Paragraph 1 of the TAC does not allege facts against the City, and therefore no response is required. To the extent a response is required, the City denies the allegations.

2.      Paragraph 2 of the TAC calls for a legal conclusion, and therefore no response is required. To the extent a response is required, the City denies the allegations.

3.      The City denies the allegations contained in Paragraph 3 of this section of the TAC.

4.     Upon information and belief, the City admits the allegations contained in Paragraph 4 of this section of the TAC.

5.     The City admits Mr. Taylor is of African-American descent, but denies the remaining allegations contained in Paragraph 5 of this section of the TAC. The City affirmatively alleges there was probable cause to arrest Mr. Taylor for the crimes he was ultimately charged with and convicted and that Mr. Taylor is barred from any claim for wrongful arrest, investigation or interrogation.

6.     The City is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in Paragraph 6 of this section of the TAC and therefore denies same. The City alleges there was probable cause to arrest Mr. Taylor for the crimes he was ultimately charged with and convicted and that Mr. Taylor is barred from any claim for wrongful arrest, investigation or interrogation.

7.     The City denies the material allegations contained in Paragraph 7 of this section of the TAC and affirmatively alleges that Mr. Taylor is barred from any claim for wrongful arrest, investigation or interrogation.

8.     The City is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in Paragraph 8 of this section of the TAC and therefore denies same and affirmatively alleges that Mr. Taylor is barred from any claim for wrongful arrest, investigation or interrogation.

9.     The City denies it violated Mr. Taylor's constitutional rights as alleged in Paragraph 9 of this section of the TAC. The City alleges Mr. Taylor cannot challenge the officers' interrogation because doing so would challenge his outstanding 2013 convictions.

10.     The City is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in Paragraph 10 of this section of the TAC and therefore denies same.

11.     The allegations contained in Paragraph 11 of this section of the TAC pertain to Defendant Pima County; therefore, no response from this answering defendant is necessary.

2

12.     The allegations contained in Paragraph 12 of this section of the TAC pertain to Defendant Pima County; therefore, no response from this answering defendant is necessary.

13.     The City is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in Paragraph 13 of this section of the TAC and therefore denies same. The City alleges it was not involved in the decision on what crimes to charge against Mr. Taylor and that there was probable cause to arrest Mr. Taylor for the crimes he was ultimately charged with and convicted.

14.     The City denies that the Tucson Fire Department ("TFD") and the Tucson Police Department ("TPD") worked with the Pima County Attorney's Office in the prosecution of Mr. Taylor.

15.     The City admits the material allegations contained in Paragraph 15 of this section of the TAC.

16.     As it pertains to this answering defendant, the City denies the material allegations contained in Paragraph 16 of this section of the TAC.

17.     The allegations contained in Paragraph 17 of this section of the TAC pertain to Defendant Pima County; therefore, no response from this answering defendant is necessary.

18.     The allegations contained in Paragraph 18 of this section of the TAC pertain to Defendant Pima County; therefore, no response from this answering defendant is necessary.

19.     The allegations contained in Paragraph 19 of this section of the TAC pertain to Defendant Pima County; therefore, no response from this answering defendant is necessary.

20.     The allegations contained in Paragraph 20 of this section of the TAC pertain to Defendant Pima County; therefore, no response from this answering defendant is necessary.

21.    The allegations contained in Paragraph 21 of this section of the TAC pertain to Defendant Pima County; therefore, no response from this answering defendant is necessary.

22.    The allegations contained in Paragraph 22 of this section of the TAC pertain to Defendant Pima County; therefore, no response from this answering defendant is necessary.

23.    As it pertains to this answering defendant, the City is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in Paragraph 23 of this section of the TAC and therefore, denies same.

24.    The allegations contained in Paragraph 24 of this section of the TAC pertain to Defendant Pima County; therefore, no response from this answering defendant is necessary.

25.    As it pertains to this answering defendant, the City is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in Paragraph 25 of this section of the TAC and therefore denies same. The City affirmatively alleges that it had no involvement or obligation in the decisions on how to conduct the trial.

26.    The City is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in Paragraph 26 of this section of the TAC and therefore denies same.

27.    The City is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in Paragraph 27 of this section of the TAC and therefore denies same.

28.    As it pertains to this answering defendant, the City is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in Paragraph 28 of this section of the TAC and therefore denies same. The City alleges it was not the prosecuting agency in Mr. Taylor's trial. The City affirmatively alleges that it had no involvement or obligation in the decisions on how to conduct the trial.

29.     As it pertains to this answering defendant, the City is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in Paragraph 29 of this section of the TAC and therefore denies same. The City alleges it was not the prosecuting agency in Mr. Taylor's trial. The City denies that it hired any expert and affirmatively alleges that it had no involvement or obligation in the decisions on how to conduct the trial.

30.     As it pertains to this answering defendant, the City is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in Paragraph 30 of this section of the TAC and therefore denies same. The City affirmatively alleges that it had no involvement or obligation in the decisions on how to conduct the trial.

31.     As it pertains to this answering defendant, the City denies the material allegations contained in Paragraph 31 of this section of the TAC.

32.     As it pertains to this answering defendant, the City denies the material allegations contained in Paragraph 32 of this section of the TAC, and alleges the officers had probable cause to arrest Mr. Taylor for the crimes he was ultimately charged with and convicted. The City further alleges that it was not the prosecuting agency for Mr. Taylor's crimes and Mr. Taylor cannot challenge his arrest, charging, or convictions for the 28 counts of felony murder because it would be a challenge to his outstanding 2013 convictions.

33.     The City denies the material allegations contained in Paragraph 33 of this section of the TAC.

34.     The City denies the material allegations contained in Paragraph 34 of this section of the TAC.

35.     The City admits the allegations contained in Paragraph 35 of this section of the TAC.

36.     Paragraph 36 of the TAC does not allege facts against the City, and therefore no response is required. To the extent a response is required, the City denies the allegations and alleges the Petition speaks for itself.

37.     Paragraph 37 of the TAC does not allege facts against the City, and therefore no response is required. To the extent a response is required, the City denies the allegations, and, as to the second sentence specifically, not only denies that "Declaratory Judgment invalidating Taylor's 2013 convictions is warranted and appropriate," but also denies that such a declaratory judgment may even be pursued by Plaintiff in this § 1983 action, for all the reasons already presented by Defendants in prior filings in this case (Dkt. 107; Dkt. 108; Dkt. 129; Dkt. 130; Dkt. 177; Dkt. 180; Dkt. 186; Dkt. 194), all incorporated by this reference.

38.     Paragraph 38 of the TAC does not allege facts against the City, and therefore no response is required. To the extent a response is required, the City denies the allegations and states only that, based upon information and belief, the Pima County Attorney's Office offered, and Mr. Taylor accepted, a plea agreement, the contents of which, and the transcribed proceedings surrounding which, speak for themselves.

39.     Paragraph 39 of the TAC does not allege facts against the City, and therefore no response is required. To the extent a response is required, the City states only that, based upon information and belief, on April 2, 2013, Plaintiff Taylor's 1972 convictions were vacated.

40.     Paragraph 40 of the TAC does not allege facts against the City, and therefore no response is required. To the extent a response is required, the City states only that, based upon information and belief, on April 2, 2013, Plaintiff Taylor pled "no contest" to the charges, as alleged in Paragraph 40 of this section of the TAC.

41.     Paragraph 41 of the TAC does not allege facts against the City, and therefore no response is required. To the extent a response is required, the City states only that, based upon information and belief, Mr. Taylor was released from prison on April 2, 2013, after he pled "no contest" to 28 felony murder charges. He was sentenced to time-served

6

for the 42 years he already spent in prison. The City alleges there was no finding that his 1972 convictions were unconstitutional, and Mr. Taylor is not entitled to compensatory damages for the 42 years he served in prison.

42.     Paragraph 42 of this section of the TAC is a legal conclusion and the Court has limited Mr. Taylor's claims to those that pertain to the conduct of the trial and that do not undermine the convictions. No further response from this answering defendant is necessary.

43.     Paragraph 43 of this section of the TAC is a legal conclusion and the Court has ruled that allegations regarding acts by City personnel in the arrest and interrogation of Mr. Taylor are barred by the statute of limitations and by Arizona's notice of claim statute, A.R.S. § 12-821.01. No further response from this answering defendant is necessary.

The City denies all allegations not expressly admitted above.

**COUNT ONE**

(42 U.S.C.A. §1983 – Defendant City of Tucson; Custom of Impermissible Racial Discrimination)

44.     The City re-alleges and incorporates all its Answers set forth in previous Paragraphs as though fully set forth herein.

45.     Paragraph 45 of this section of the TAC is a legal conclusion. The City denies that there is any policy or custom that caused any deprivation of a civil right. No further response from this answering defendant is necessary.

46.     Paragraph 46 of this section of the TAC is a legal conclusion. No response from this answering defendant is necessary.

47.     The City denies the material allegations contained in Paragraph 47 of this section of the TAC.

48.     The City is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in Paragraph 48 of this section of the TAC and therefore denies same.

49.     The City is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in Paragraph 49 of this section of the TAC and therefore denies same.

50.     The City is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in Paragraph 50 of this section of the TAC and therefore denies same.

51.     The City is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in Paragraph 51 of this section of the TAC and therefore denies same.

52.     The City is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in Paragraph 52 of this section of the TAC and therefore denies same.

53.     The City is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in Paragraph 53 of this section of the TAC and therefore denies same.

54.     The City is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in Paragraph 54 of this section of the TAC and therefore denies same.

55.     As it pertains to this answering defendant, the City is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in Paragraph 55 of this section of the TAC and therefore denies same.

56.     The City is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in Paragraph 56 of this section of the TAC and therefore denies same.

57.     The City denies the material allegations contained in Paragraph 57 of this section of the TAC. The City further alleges that there is no nexus between these allegations and the conduct of the Mr. Taylor's trial and that acts relating to an individual trial cannot constitute a policy or custom.

58.     The City denies the material allegations contained in Paragraph 58 of this section of the TAC.

59.     The City denies the material allegations contained in Paragraph 59 of this section of the TAC.

60.     The City denies the material allegations contained in Paragraph 60 of this section of the TAC. The City alleges Mr. Taylor cannot seek compensatory damages for the 42 years he served in prison because it would challenge his outstanding 2013 convictions and is barred by the statute of limitations, and by Arizona's notice of claim statute, A.R.S. § 12-821.01, from seeking any damages for alleged unconstitutional acts in the investigation, interrogation and arrest of Mr. Taylor.

61.     The City denies the material allegations contained in Paragraph 61 of this section of the TAC and alleges that this answering defendant did not violate Mr. Taylor's constitutional rights.

The City denies all allegations not expressly admitted above.

## COUNT TWO

### (42 U.S.C.A. §1983 – Defendant Pima County; Custom of Impermissible Racial Discrimination)

62-71.     The City need not respond to Paragraphs 62-71 of the TAC since Count Two applies to Pima County, not the City.

The City denies any allegations pertaining to the City which are not expressly admitted.

## COUNT THREE

### (42 U.S.C.A. §1983 – Defendant Pima County; Failure to Train/Supervise)

72-78.     The City need not respond to Paragraphs 72-78 of the TAC since Count Three applies to Pima County, not the City.

The City denies any allegations pertaining to the City which are not expressly admitted.

1

2

3

**COUNT FOUR**

(42 U.S.C.A. §1983 – Defendant Pima County; Custom of Deliberate Indifference to
Prosecutorial Misconduct)

4   79-86.  The City need not respond to Paragraphs 79-86 of the TAC since

5 Count Four applies to Pima County, not the City.

6   The City denies any allegations pertaining to the City which are not expressly

7 admitted.

8            **COUNT FIVE**

9 (Civil Conspiracy - 42 U.S.C.A. §1983, Defendants Pima County and City of Tucson)

10   87. The City re-alleges and incorporates all its Answers set forth in previous

11 Paragraphs as though fully set forth herein.

12   88. Paragraph 88 of this section of the TAC is a legal conclusion. No response is

13 necessary from this answering defendant. The City denies that it violated Mr. Taylor's

14 constitutional rights.

15   89. The City denies the material allegations contained in Paragraph 89 of this

16 section of the TAC.

17   90. The City denies the material allegations contained in Paragraph 90 of this

18 section of the TAC.

19   91. The City denies the material allegations contained in Paragraph 91 of this

20 section of the TAC.

21   92. The City denies the material allegations contained in Paragraph 92 of this

22 section of the TAC.

23   93. The City denies the material allegations contained in Paragraph 93 of this

24 section of the TAC.

25   94. The City denies the material allegations contained in Paragraph 94 of this

26 section of the TAC.

27

28

10

95.     The allegations contained in Paragraph 95 of this section of the TAC pertain to Defendant Pima County; therefore, no response from this answering defendant is necessary.

96.     The allegations contained in Paragraph 96 of this section of the TAC pertain to Defendant Pima County; therefore, no response from this answering defendant is necessary.

97.     As to the allegations contained in Paragraph 97 of this section of the TAC, the City admits only that the "Truesdail Report" did not find evidence of certain accelerants, and denies the remainder of the allegations.

98.     As to the allegations contained in Paragraph 98 of this section of the TAC, the City admits only that at least one employee of the TFD knew that the "Truesdail Report" found no evidence of certain accelerants and that the Court Appointed Defense Attorney was aware of the report prior to Mr. Taylor's trial, and denies the remainder of the allegations.

99.     Paragraph 99 of this section of the TAC contains legal conclusions and no response from this answering defendant is necessary. The City had no involvement or obligation in Pima County Attorney's Office trial disclosures and therefore denies the further allegations in this Paragraph.

100.    As it pertains to this answering defendant, the City denies the material allegations contained in Paragraph 100 of this section of the TAC.

101.    The City denies the allegations contained in Paragraph 101 of this section of the TAC. The City further affirmatively alleges that even if the allegations are true, they fail to establish any policy or custom that is necessary for City liability.

102.    As it pertains to this answering defendant, the City is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in Paragraph 102 of this section of the TAC and therefore denies same.

103.   The City is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in Paragraph 103 of this section of the TAC and therefore denies same.

104.   The City is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in Paragraph 104 of this section of the TAC and therefore denies same.

105.   As it pertains to this answering defendant, the City is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in Paragraph 105 of this section of the TAC and therefore denies same.

106.   The allegations contained in Paragraph 106 of this section of the TAC pertain to Defendant Pima County; therefore, no response from this answering defendant is necessary.

107.   The allegations contained in Paragraph 107 of this section of the TAC pertain to Defendant Pima County; therefore, no response from this answering defendant is necessary.

108.   Paragraph 108 of this section of the TAC contains legal conclusions and no response from this answering defendant is necessary.

109.   The City denies the material allegations contained in Paragraph 109 of this section of the TAC and alleges Mr. Taylor is barred from challenging his arrest, charges, and convictions for 28 felony murder charges because of his outstanding 2013 convictions. The City further alleges he cannot claim compensatory damages for the 42 years he served in prison.

The City denies all allegations not expressly admitted above.

## COUNT SIX

(Negligent and Grossly Negligent Investigation - Defendant City of Tucson)

110-113.   The City need not respond to Paragraphs 110-113 of the TAC since Count Six has been dismissed with prejudice by the Court's Order dated June 4, 2021 (Dkt. 227, filed June 7, 2021).

**COUNT SEVEN**

(Wrongful Arrest - Defendant City of Tucson)

114-118.       The City need not respond to Paragraphs 114-118 of the TAC since Count Seven has been dismissed with prejudice by the Court's Order dated June 4, 2021 (Dkt. 227, filed June 7, 2021).

The City denies all allegations not expressly admitted as to Counts One through Five above.

**GENERAL DENIAL**

The City denies any and all allegations not specifically admitted in this Answer.

**AFFIRMATIVE DEFENSES**

The City asserts the following affirmative defenses:

1.       Alleges Mr. Taylor's TAC fails to state a claim upon which relief can be granted.

2.       Alleges Defendant City of Tucson may be entitled to some form of immunity from suit whether qualified immunity, absolute immunity, or other immunity with respect to actions taken or not taken or decisions made with respect to Mr. Taylor and that all actions taken or not taken by the City with respect to Mr. Taylor were constitutional, reasonable, lawful, necessary, and proper under the circumstances related to the matters alleged in Mr. Taylor's TAC.

3.       Alleges that the City did not violate any constitutional, common law, statutory, or other right to the Mr. Taylor, and therefore allege that Mr. Taylor was not damaged in any way by the City. The City further alleges there was no policy or custom which deprived Mr. Taylor of any rights, that there is no nexus between the Mr. Taylor's allegations of racial bias and the acts of individual City officers and that any unconstitutional acts by individual City employees do not constitute a policy or custom.

4.       Mr. Taylor's alleged damages, if any, were caused by the acts, omissions, unlawful conduct, or unreasonable conduct of Mr. Taylor.

5.      The City alleges that any claims that are not barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) are barred by the applicable statute of limitations and by Arizona's notice of claim statute, A.R.S. § 12-821.01.

6.      The City alleges Mr. Taylor is not entitled to compensatory damages for the 42 years he served in prison, which was credited to him as "time served" in his 2013 plea agreement for which he has 28 felony murder convictions still outstanding.

7.      Additional facts may be revealed by future discovery which support affirmative defenses available the City, but which are presently unknown to them. Accordingly, the City hereby alleges all of the affirmative defenses available pursuant to Federal Rules of Civil Procedure, Rules 8 and 12; A.R.S. § 12-820, *et seq.*, § 12-821, *et seq.*, and any further defenses raised by discovery, as if such defenses were set forth specifically herein. The City reserves the right to amend this Answer to plead such affirmative defenses with specificity should any be discovered.

WHEREFORE, having fully answered Mr. Taylor's TAC, the City requests that the Court:

A.      Dismiss Mr. Taylor's TAC for failure to state a claim for which relief may be granted;

B.      Determine that Mr. Taylor take nothing by same;

C.      Deny Mr. Taylor any declaratory or injunctive relief;

D.      Award the City its costs of litigation, including a reasonable attorney's fee;

E.      Grant such other and further relief as the Court deems just and proper.

DATED June 21, 2021.

MICHAEL G. RANKIN,
City Attorney

By:   /s/ Dennis P. McLaughlin
      Michelle R. Saavedra
      Dennis P. McLaughlin
      Principal Assistant City Attorney

14

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that on June 21, 2021, I electronically transmitted the attached
document to the Clerk's Office using the CM/ECF System for filing and transmittal of a
3
Notice of Electronic Filing to the following CM/ECF registrants.

4

John P. Leader
5
The Leader Law Firm, P.C.
405 West Cool Drive, Suite 107
6
Tucson, Arizona 85704
7       *Attorney for Plaintiff*

8

Stanley G. Feldman
9
Peter T. Limperis
Timothy P. Stackhouse
10
Miller, Pitt, Feldman & McAnally, PC
One South Church Avenue, Suite 900
11
Tucson, Arizona 85701-1620
12       *Co-Counsel for Plaintiff*

13

Daniel P. Struck
14
Nicholas D. Acedo
Jacob B. Lee
15
Struck Love Bojanowski & Acedo, PLC
3100 West Ray Road, Suite 300
16
Chandler, Arizona 85226
17       *Attorneys for Defendant Pima County*

18

By: /s/ E. Acosta/bys

19

20

21

22

23

24

25

26

27

28