STRUCK LOVE BOJANOWSKI & ACEDO, PLC
Daniel P. Struck, Bar #012377
Nicholas D. Acedo, Bar #021644
Jacob B. Lee, Bar #030371
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Telephone: (480) 420-1600
dstruck@strucklove.com
nacedo@strucklove.com
jlee@strucklove.com

*Attorneys for Defendant Pima County*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Louis Taylor, | No. CV-15-00152-TUC-RM |
| Plaintiff, | **DEFENDANT PIMA COUNTY'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT** |
| v. | |
| County of Pima, et al., | |
| Defendants. | |

Defendant Pima County submits its Answer to Plaintiff's Third Amended Complaint and admits, denies, and alleges as follows:

Defendant denies each and every allegation in the Third Amended Complaint and each and every claim for relief that is not expressly admitted or otherwise pled to.

### ALLEGATIONS COMMON TO ALL COUNTS

1.      Paragraph 1 of the Third Amended Complaint does not allege facts against Defendant, such that no response is required and none is provided. To the extent a response is required, Defendant denies the allegations.

2.      Paragraph 2 of the Third Amended Complaint calls for a legal conclusion, such that no response is required and none is provided. To the extent a response is required, Defendant denies the allegations.

3.      In answering Paragraph 3 of the Third Amended Complaint, Defendant denies the allegations.

4.    In answering Paragraph 4 of the Third Amended Complaint, Defendant admits the allegations.

5.    In answering Paragraph 5 of the Third Amended Complaint, Defendant admits only that Taylor is of African-American descent. The remaining allegations are not directed at Defendant, such that no response is required and none is provided. To the extent a response is required, Defendant denies the allegations.

6.    The allegations in Paragraph 6 of the Third Amended Complaint are not directed at Defendant, such that no response is required and none is provided. To the extent a response is required, Defendant denies the allegations.

7.    In answering Paragraph 7 of the Third Amended Complaint, Defendant denies the allegations. Defendant affirmatively alleges that at the time of Taylor's 1972 conviction, there was sufficient evidence to believe a crime had been committed, including but not limited to the testimony of experts for both the State and Taylor. Defendant further affirmatively alleges that Taylor's 1972 conviction was affirmed multiple times by state and federal courts on direct appeal and in response to Taylor's habeas petitions and Rule 32 challenges.

8.    The allegations in Paragraph 8 of the Third Amended Complaint are not directed at Defendant, such that no response is required and none is provided. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations, and on that basis denies them.

9.    In answering Paragraph 9 of the Third Amended Complaint, Defendant admits only that Taylor was 16 years old at the time of his arrest, that Taylor was questioned by officers with the Tucson Police Department, that Taylor was given a polygraph test, and that the polygraph examiner's report indicated the findings were "inconclusive." Defendant is without sufficient information to admit or deny the remaining allegations, and on that basis denies them.

10.    In answering Paragraph 10 of the Third Amended Complaint, Defendant admits only that the felony complaint included arson and murder charges and that the arson

charge was dropped as duplicative. Defendant is without sufficient information to admit or deny the remaining allegations, and on that basis denies them.

11.     In answering Paragraph 11 of the Third Amended Complaint, Defendant admits only that Paul Charters was a former director of the Pima County Juvenile Court Center and a State or Court employee. Defendant is without sufficient information to admit or deny the allegation regarding Charter's threat to resign, and on that basis denies the allegation. Defendant denies the remaining allegations and affirmatively alleges that a hearing transcript indicates that Charters testified that Taylor had been "classified as a sociopathic personality" by others and that "if the evaluations are correct" Taylor would be a continual violator.

12.     In answering Paragraph 12 of the Third Amended Complaint, Defendant is without sufficient information to admit or deny the allegations, and on that basis denies them.

13.     In answering Paragraph 13 of the Third Amended Complaint, Defendant admits only that Taylor was charged as an adult with 28 counts of murder. Defendant denies the remaining allegations.

14.     The allegations in Paragraph 14 of the Third Amended Complaint are not directed at Defendant, such that no response is required and none is provided. To the extent a response is required, Defendant admits only that the Pima County Attorney's Office prosecuted Taylor on behalf of the State of Arizona. Defendant is without sufficient information to admit or deny the remaining allegations, and on that basis denies them.

15.     In answering Paragraph 15 of the Third Amended Complaint, Defendant admits the allegations.

16.     In answering Paragraph 16 of the Third Amended Complaint, Defendant denies the allegations.

17.     In answering Paragraph 17 of the Third Amended Complaint, Defendant admits only that Horton Weiss handled part of the prosecution of Taylor on behalf of the State of Arizona. As to the remaining allegations, the opinions speak for themselves, such

1  that no response is required and none is provided. To the extent a response is required,

2  Defendant denies the allegations and affirmatively alleges that race and racism were not at

3  issue in any of them, and that the courts in many of them found no reversible error as a

4  result of Weiss's alleged behavior.

5      18.     In answering Paragraph 18 of the Third Amended Complaint, Defendant

6  denies the allegations and affirmatively alleges that race and racism were not at issue in any

7  of the referenced opinions, and that the courts in many of them found no reversible error as

8  a result of Weiss's alleged behavior.

9      19.     In answering Paragraph 19 of the Third Amended Complaint, Defendant

10 admits only that Weiss was engaged in contempt proceedings. As to the remaining

11 allegations, the opinions speak for themselves, such that no response is required and none

12 is provided. To the extent a response is required, Defendant denies the allegations and

13 affirmatively alleges that race and racism were not at issue in any of them.

14     20.     In answering Paragraph 20 of the Third Amended Complaint, Defendant is

15 without sufficient information to admit or deny the allegations regarding Weiss's statement,

16 and on that basis denies them. Defendant denies the remaining allegations.

17     21.     In answering Paragraph 21 of the Third Amended Complaint, Defendant is

18 without sufficient information to admit or deny the allegations, and on that basis denies

19 them.

20     22.     In answering Paragraph 22 of the Third Amended Complaint, Defendant

21 admits only that the criminal court record reveals that Taylor's attorney, Howard Kashman,

22 filed a motion seeking to have the court remove Weiss from the case due to a possible

23 "conflict of interest" because the attorney for some of the lessees of the Pioneer Hotel was

24 defending Weiss on contempt charges, but the court denied Taylor's motion. This issue was

25 raised again by Taylor before the Arizona Supreme Court, which upheld the trial court's

26 decision. *See State v. Taylor*, 112 Ariz. 68, 78 (1975) (finding no abuse of discretion on this

27 issue). Defendant is without sufficient information to admit or deny the remaining

28 allegations, and on that basis denies them.

23.   In answering Paragraph 23 of the Third Amended Complaint, Defendant denies the allegations and affirmatively alleges that there is no evidence that Weiss knew about, much less possessed, the Truesdail Report at the time of Taylor's 1972 prosecution and conviction. Defendant further affirmatively alleges that Taylor's own expert testified that an accelerant had been used.

24.   Paragraph 24 of the Third Amended Complaint calls for a legal conclusion, such that no response is required and none is provided. To the extent a response is required, Defendant denies the allegations and affirmatively alleges that the Truesdail Report was not exculpatory or material evidence required to be disclosed under *Brady v. Maryland*, 373 U.S. 83 (1963).

25.   In answering Paragraph 25 of the Third Amended Complaint, Defendant denies the allegations and affirmatively alleges that there is no evidence that Weiss knew about, much less possessed, the Truesdail Report at the time of Taylor's 1972 conviction.

26.   In answering Paragraph 26 of the Third Amended Complaint, Defendant admits only that Bruce Wallmark and Robert Jackson testified at trial. Defendant denies the remaining allegations and affirmatively alleges that the Arizona Supreme Court rejected Taylor's prior attempt to challenge their testimony. *See Taylor*, 112 Ariz. at 84.

27.   In answering Paragraph 27 of the Third Amended Complaint, Defendant admits only that Jackson testified at trial. Defendant denies the remaining allegations and affirmatively alleges that the Arizona Supreme Court rejected Taylor's prior attempt to challenge Jackson's testimony. *See Taylor*, 112 Ariz. at 84.

28.   In answering Paragraph 28 of the Third Amended Complaint, Defendant admits only that Jackson testified at trial. Defendant denies the remaining allegations and affirmatively alleges that the Arizona Supreme Court rejected Taylor's prior attempt to challenge Jackson's testimony, finding that Taylor "had his chance to hear the testimony of Jackson before he was well into his own case" when the State moved to reopen in order to present Jackson's testimony early in the presentation of Taylor's case, to which Taylor's counsel objected. *See Taylor*, 112 Ariz. at 82–83.

29.     In answering Paragraph 29 of the Third Amended Complaint, Defendant denies that it hired the expert in question and affirmatively alleges that Taylor stated that an Assistant Fire Chief hired the expert in his October 23, 2012 Rule 32.1 Petition. Defendant is without sufficient information to admit or deny the remaining allegations, and on that basis denies them.

30.     In answering Paragraph 30 of the Third Amended Complaint, Defendant denies the allegations.

31.     In answering Paragraph 31 of the Third Amended Complaint, Defendant denies the allegations.

32.     In answering Paragraph 32 of the Third Amended Complaint, Defendant denies the allegations.

33.     In answering Paragraph 33 of the Third Amended Complaint, Defendant denies the allegations.

34.     In answering Paragraph 34 of the Third Amended Complaint, Defendant denies the allegations.

35.     In answering Paragraph 35 of the Third Amended Complaint, Defendant admits the allegations.

36.     In answering Paragraph 36 of the Third Amended Complaint, Defendant admits only that Plaintiff's October 23, 2012 Rule 32.1 Petition included findings of the Arson Review Committee ("ARC") and that the ARC's report stated the ARC did not believe an arson had occurred. Defendant denies the remaining allegations.

37.     In answering Paragraph 37 of the Third Amended Complaint, Defendant admits only that on April 1, 2013, Deputy County Attorney Rick Unklesbay filed a Memorandum in Support of Stipulated Finding on Post-Conviction Relief and Plea Agreement on behalf of the State of Arizona that stated:

> The legal question presented to the court today is whether a review of the original evidence using new advances and techniques in fire investigation is legally "newly discovered evidence." Although this question hasn't been addressed in Arizona, and it appears no Arizona court has ruled on the legal

question of new arson techniques being "newly discovered evidence," at least one jurisdiction has determined that such advances in fire investigation techniques would constitute "newly discovered evidence." If that were the result in the instant case, the state of the evidence is such that the State would be unable to proceed with a retrial, and the convictions would not stand.

Defendant affirmatively alleges that four and a half pages of the Memorandum were devoted to outlining the evidence supporting Taylor's conviction, and that Mr. Unklesbay clarified at the April 2, 2013 Change of Plea Hearing that *if* the state court determined that the ARC report qualified as "newly discovered facts" under Rule 32.1(e), a retrial would be difficult, not for lack of proof, but due to logistical issues associated with the passage of time:

> [At a post-conviction hearing,] [t]he State would present evidence that we believe that, in spite of the arson review committee's report that the Court has seen reference to in the Defense petition, in addition to the Tucson Fire Department report that the Court has seen, I know, and their conclusions, that there is significant other evidence to show, in fact, that an arson did occur on December 20th of 1970. That's laid out in the State's memorandum. Nonetheless, if it went to a post-conviction hearing, and, in short, if the Court did, in fact, find that this was, in fact, legally, newly discovered evidence, the State would be unable to proceed to a new trial given the passage of time, the destruction of evidence, and the death of many of the witnesses who testified.

Defendant further affirmatively alleges that counsel for Taylor acknowledged at the April 2, 2013 hearing that the State would present such evidence:

> We don't contest that the prosecution would be able to offer into evidence information as Mr. Unklesbay has described it. We would of course, at a trial, contest that. But we don't contest the State's ability or its willingness to make that offer at a trial.

Defendant denies the remaining allegations in Paragraph 37.

38.     In answering Paragraph 38 of the Third Amended Complaint, Defendant admits only that the State, through the Pima County Attorney's Office, offered Taylor a plea agreement in which Taylor could plead "no contest" to the 28 counts of felony murder for which he was previously convicted in exchange for a sentence of time served. Defendant affirmatively alleges that the Pima County Attorney's Office maintained that Taylor was guilty beyond a reasonable doubt. Defendant denies the remaining allegations.

1        39.    In answering Paragraph 39 of the Third Amended Complaint, Defendant

2   admits only that on April 2, 2013, the Court accepted the plea agreement "in the interest of

3   justice," vacated the 1972 convictions for felony murder on the grounds of newly

4   discovered evidence, accepted Taylor's plea of no contest to the 28 counts of felony murder,

5   and sentenced Taylor to time served. Defendant affirmatively alleges that the Court

6   accepted the plea agreement only after it found that it was supported by a factual basis and

7   incorporated the Memorandum, and after Taylor stated on the record that he reviewed the

8   plea with his team of criminal defense attorneys, that he understood the agreement and its

9   consequences, and that no one threatened or forced him to agree to the plea. Defendant

10   further affirmatively alleges that the plea agreement itself, which Taylor and his criminal

11   defense team signed, acknowledged that Taylor was "satisfied that [his] defense attorney

12   ha[d] represented [him] in a competent manner," that the plea was "not the result of force,

13   threats, assurances or promises other than those contained in this agreement," that Taylor

14   voluntarily accepted the plea, and that Taylor's criminal defense team "advised [Taylor] in

15   all matters" and believed it was "in the best interests" of Taylor. Defendant denies the

16   remaining allegations.

17        40.    In answering Paragraph 40 of the Third Amended Complaint, Defendant

18   admits only that on April 2, 2013, the Court accepted the plea agreement "in the interest of

19   justice," vacated the 1972 convictions for felony murder on the grounds of newly

20   discovered evidence, accepted Taylor's plea of no contest to the 28 counts of felony murder,

21   and sentenced Taylor to time served. Defendant affirmatively alleges that the Court

22   accepted the plea agreement only after it found that it was supported by a factual basis and

23   incorporated the Memorandum, and after Taylor stated on the record that he reviewed the

24   plea with his team of criminal defense attorneys, that he understood the agreement and its

25   consequences, and that no one threatened or forced him to agree to the plea. Defendant

26   further affirmatively alleges that the plea agreement itself, which Taylor and his criminal

27   defense team signed, acknowledged that Taylor was "satisfied that [his] defense attorney

28   ha[d] represented [him] in a competent manner," that the plea was "not the result of force,

threats, assurances or promises other than those contained in this agreement," that Taylor voluntarily accepted the plea, and that Taylor's criminal defense team "advised [Taylor] in all matters" and believed it was "in the best interests" of Taylor. Defendant denies the remaining allegations.

41.     In answering Paragraph 41 of the Third Amended Complaint, Defendant admits only that Taylor was released from prison on April 2, 2013 as a result of the plea agreement. Defendant denies the remaining allegations.

42.     The allegations in Paragraph 42 of the Third Amended Complaint call for a legal conclusion, to which no response is required and none is provided. To the extent a response is required, Defendant denies the allegations; the cited statutes and cases speak for themselves.

43.     The allegations in Paragraph 42 of the Third Amended Complaint call for a legal conclusion, to which no response is required and none is provided. To the extent a response is required, Defendant denies the allegations.

## COUNT ONE

(42 U.S.C.A. § 1983 – Defendant City of Tucson; Custom of
Impermissible Racial Discrimination)

44.     In answering Paragraph 44 of the Third Amended Complaint, Defendant incorporates its responses to the paragraphs above.

45.     The allegations in Paragraph 45 of the Third Amended Complaint are not directed at this Defendant and call for a legal conclusion, such that no response is required and none is provided. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations, and on that basis denies them.

46.     The allegations in Paragraph 46 of the Third Amended Complaint are not directed at this Defendant and call for a legal conclusion, such that no response is required and none is provided. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations, and on that basis denies them.

47.     The allegations in Paragraph 45 of the Third Amended Complaint are not

1    directed at this Defendant, such that no response is required and none is provided. To the

2    extent a response is required, Defendant is without sufficient information to admit or deny

3    the allegations, and on that basis denies them.

4          48.    The allegations in Paragraph 48 of the Third Amended Complaint are not

5    directed at this Defendant, such that no response is required and none is provided. To the

6    extent a response is required, Defendant is without sufficient information to admit or deny

7    the allegations, and on that basis denies them.

8          49.    The allegations in Paragraph 49 of the Third Amended Complaint are not

9    directed at this Defendant, such that no response is required and none is provided. To the

10   extent a response is required, Defendant is without sufficient information to admit or deny

11   the allegations, and on that basis denies them.

12         50.    The allegations in Paragraph 50 of the Third Amended Complaint are not

13   directed at this Defendant, such that no response is required and none is provided. To the

14   extent a response is required, Defendant is without sufficient information to admit or deny

15   the allegations, and on that basis denies them.

16         51.    The allegations in Paragraph 51 of the Third Amended Complaint are not

17   directed at this Defendant, such that no response is required and none is provided. To the

18   extent a response is required, Defendant is without sufficient information to admit or deny

19   the allegations, and on that basis denies them.

20         52.    The allegations in Paragraph 52 of the Third Amended Complaint are not

21   directed at this Defendant, such that no response is required and none is provided. To the

22   extent a response is required, Defendant is without sufficient information to admit or deny

23   the allegations, and on that basis denies them.

24         53.    The allegations in Paragraph 53 of the Third Amended Complaint are not

25   directed at this Defendant, such that no response is required and none is provided. To the

26   extent a response is required, Defendant is without sufficient information to admit or deny

27   the allegations, and on that basis denies them.

28

54.     The allegations in Paragraph 54 of the Third Amended Complaint are not directed at this Defendant, such that no response is required and none is provided. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations, and on that basis denies them.

55.     The allegations in Paragraph 55 of the Third Amended Complaint are not directed at this Defendant, such that no response is required and none is provided. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations, and on that basis denies them.

56.     The allegations in Paragraph 56 of the Third Amended Complaint are not directed at this Defendant, such that no response is required and none is provided. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations, and on that basis denies them.

57.     The allegations in Paragraph 57 of the Third Amended Complaint are not directed at this Defendant, such that no response is required and none is provided. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations, and on that basis denies them.

58.     The allegations in Paragraph 58 of the Third Amended Complaint are not directed at this Defendant, such that no response is required and none is provided. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations, and on that basis denies them.

59.     The allegations in Paragraph 59 of the Third Amended Complaint are not directed at this Defendant, such that no response is required and none is provided. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations, and on that basis denies them.

60.     The allegations in Paragraph 60 of the Third Amended Complaint are not directed at this Defendant, such that no response is required and none is provided. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations, and on that basis denies them.

61.     The allegations in Paragraph 61 of the Third Amended Complaint are not directed at this Defendant, such that no response is required and none is provided. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations, and on that basis denies them.

### COUNT TWO

(42 U.S.C.A. § 1983 – Defendant Pima County: Custom of
Impermissible Racial Discrimination)

62.     In answering Paragraph 62 of the Third Amended Complaint, Defendant incorporates its responses to the paragraphs above.

63.     In answering Paragraph 63 of the Third Amended Complaint, Defendant denies the allegations.

64.     The allegations in Paragraph 64 of the Third Amended Complaint call for a legal conclusion, such that no response is required and none is provided. To the extent a response is required, the cases speak for themselves.

65.     In answering Paragraph 65 of the Third Amended Complaint, Defendant denies the allegations.

66.     In answering Paragraph 66 of the Third Amended Complaint, Defendant denies the allegations.

67.     In answering Paragraph 67 of the Third Amended Complaint, Defendant denies the allegations.

68.     In answering Paragraph 68 of the Third Amended Complaint, Defendant denies the allegations.

69.     In answering Paragraph 69 of the Third Amended Complaint, Defendant denies the allegations.

70.     In answering Paragraph 70 of the Third Amended Complaint, Defendant denies the allegations.

71.     In answering Paragraph 1 of the Third Amended Complaint, Defendant denies the allegations.

**COUNT THREE**

(42 U.S.C.A. § 1983 – Defendant Pima County: Failure to Train/Supervise)

72.     In answering Paragraph 72 of the Third Amended Complaint, Defendant incorporates its responses to the paragraphs above.

73.     In answering Paragraph 73 of the Third Amended Complaint, Defendant denies the allegations.

74.     In answering Paragraph 74 of the Third Amended Complaint, Defendant denies the allegations.

75.     In answering Paragraph 75 of the Third Amended Complaint, Defendant denies the allegations and affirmatively alleges that race and racism were not at issue in any of the cases cited by Plaintiff in Paragraphs 17–19, above, regarding alleged misconduct by Horton Weiss.

76.     In answering Paragraph 76 of the Third Amended Complaint, Defendant denies the allegations.

77.     In answering Paragraph 77 of the Third Amended Complaint, Defendant denies the allegations.

78.     In answering Paragraph 78 of the Third Amended Complaint, Defendant denies the allegations.

**COUNT FOUR**

(42 U.S.C.A. § 1983 – Defendant Pima County: Custom of
Deliberate Indifference to Prosecutorial Misconduct)

79.     In answering Paragraph 79 of the Third Amended Complaint, Defendant incorporates its responses to the paragraphs above.

80.     The allegations in Paragraph 80 of the Third Amended Complaint call for a legal conclusion, such that no response is required and none is provided. To the extent a response is required, the cases speak for themselves.

81.     In answering Paragraph 81 of the Third Amended Complaint, Defendant denies the allegations and affirmatively alleges that race and racism were not at issue in any

of the cases cited by Plaintiff in Paragraphs 17–19, above, regarding alleged misconduct by Horton Weiss.

82.     In answering Paragraph 82 of the Third Amended Complaint, Defendant denies the allegations and affirmatively alleges that race and racism were not at issue in any of the cases cited by Plaintiff in Paragraphs 17–19, above, regarding alleged misconduct by Horton Weiss.

83.     In answering Paragraph 83 of the Third Amended Complaint, Defendant denies the allegations.

84.     In answering Paragraph 84 of the Third Amended Complaint, Defendant denies the allegations.

85.     In answering Paragraph 85 of the Third Amended Complaint, Defendant denies the allegations and affirmatively alleges that race and racism were not at issue in the Rushdan case. *See Rushdan v. Schriro*, No. CV 05–114–TUC–FRZ (JM), 2010 WL 7508269, at *8–*13 (D. Ariz. July 30, 2010).

86.     In answering Paragraph 86 of the Third Amended Complaint, Defendant denies the allegations.

### COUNT FIVE

(Civil Conspiracy – 42 U.S.C.A. § 1983 – Defendants Pima County and City of Tucson)

87.     In answering Paragraph 87 of the Third Amended Complaint, Defendant incorporates its responses to the paragraphs above.

88.     The allegations in Paragraph 88 of the Third Amended Complaint call for a legal conclusion, such that no response is required and none is provided. To the extent a response is required, the cases speak for themselves.

89.     In answering Paragraph 89 of the Third Amended Complaint, Defendant denies the allegations.

90.     In answering Paragraph 90 of the Third Amended Complaint, Defendant denies the allegations.

91. In answering Paragraph 91 of the Third Amended Complaint, Defendant denies the allegations.

92. The allegations in Paragraph 92 of the Third Amended Complaint are not directed at this Defendant, such that no response is required and none is provided. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations, and on that basis denies them.

93. In answering Paragraph 93 of the Third Amended Complaint, Defendant denies the allegations.

94. In answering Paragraph 94 of the Third Amended Complaint, Defendant denies the allegations.

95. In answering Paragraph 95 of the Third Amended Complaint, Defendant denies the allegations and affirmatively alleges that race and racism were not at issue in any of the cases cited by Plaintiff in Paragraphs 17–19, above, regarding alleged misconduct by Horton Weiss.

96. In answering Paragraph 96 of the Third Amended Complaint, Defendant denies the allegations and affirmatively alleges that there is no evidence that Weiss knew about, much less possessed, the Truesdail Report at the time of Taylor's 1972 conviction.

97. In answering Paragraph 97 of the Third Amended Complaint, Defendant admits only that the Truesdail Report concluded that no accelerants had been used to start the fire. Defendant denies the remaining allegations.

98. In answering Paragraph 98 of the Third Amended Complaint, Defendant denies the allegations and affirmatively alleges that there is no evidence that Weiss knew about, much less possessed, the Truesdail Report at the time of Taylor's 1972 prosecution and conviction.

99. Paragraph 99 of the Third Amended Complaint calls for a legal conclusion, such that no response is required and none is provided. To the extent a response is required, Defendant denies the allegations and affirmatively alleges that the Truesdail Report was not

exculpatory or material evidence required to be disclosed under *Brady v. Maryland*, 373 U.S. 83 (1963).

100.   In answering Paragraph 100 of the Third Amended Complaint, Defendant denies the allegations.

101.   The allegations in Paragraph 101 of the Third Amended Complaint are not directed at this Defendant, such that no response is required and none is provided. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations, and on that basis denies them.

102.   In answering Paragraph 102 of the Third Amended Complaint, Defendant is without sufficient information to admit or deny the allegations, and on that basis denies them.

103.   In answering Paragraph 103 of the Third Amended Complaint, Defendant admits only that Bruce Wallmark and Robert Jackson testified at trial. Defendant denies the remaining allegations and affirmatively alleges that the Arizona Supreme Court rejected Taylor's prior attempt to challenge their testimony. *See Taylor*, 112 Ariz. at 84.

104.   In answering Paragraph 104 of the Third Amended Complaint, Defendant admits only that Jackson testified at trial. Defendant denies the remaining allegations and affirmatively alleges that the Arizona Supreme Court rejected Taylor's prior attempt to challenge Jackson's testimony. *See Taylor*, 112 Ariz. at 84.

105.   In answering Paragraph 105 of the Third Amended Complaint, Defendant admits only that the Truesdail Report concluded that no accelerants had been used to start the fire. Defendant denies the remaining allegations and affirmatively alleges that there is no evidence that Weiss knew about, much less possessed, the Truesdail Report at the time of Taylor's 1972 conviction.

106.   In answering Paragraph 106 of the Third Amended Complaint, Defendant denies the allegations.

107.   In answering Paragraph 107 of the Third Amended Complaint, Defendant denies the allegations.

108.   In answering Paragraph 1 of the Third Amended Complaint, Defendant denies the allegations.

109.   In answering Paragraph 1 of the Third Amended Complaint, Defendant denies the allegations.

## COUNT SIX

(Negligent and Grossly Negligent Investigation – Defendant City of Tucson)

110.   In answering Paragraph 110 of the Third Amended Complaint, Defendant incorporates its responses to the paragraphs above.

111.   The Court dismissed Count Six of the Third Amended Complaint, such that no response is required to Paragraph 111 and none is provided. (Doc. 227.) To the extent a response is required, Defendant denies the allegations.

112.   The Court dismissed Count Six of the Third Amended Complaint, such that no response is required to Paragraph 112 and none is provided. (Doc. 227.) To the extent a response is required, Defendant denies the allegations.

113.   The Court dismissed Count Six of the Third Amended Complaint, such that no response is required to Paragraph 113 and none is provided. (Doc. 227.) To the extent a response is required, Defendant denies the allegations.

## COUNT SEVEN

(Wrongful Arrest – Defendant City of Tucson)

114.   In answering Paragraph 114 of the Third Amended Complaint, Defendant incorporates its responses to the paragraphs above.

115.   The Court dismissed Count Seven of the Third Amended Complaint, such that no response is required to Paragraph 115 and none is provided. (Doc. 227.) To the extent a response is required, Defendant denies the allegations.

116.   The Court dismissed Count Seven of the Third Amended Complaint, such that no response is required to Paragraph 116 and none is provided. (Doc. 227.) To the extent a response is required, Defendant denies the allegations.

117.   The Court dismissed Count Seven of the Third Amended Complaint, such that no response is required to Paragraph 117 and none is provided. (Doc. 227.) To the extent a response is required, Defendant denies the allegations.

118.   The Court dismissed Count Seven of the Third Amended Complaint, such that no response is required to Paragraph 118 and none is provided. (Doc. 227.) To the extent a response is required, Defendant denies the allegations.

### PRAYER FOR RELIEF

In answering the Prayer for Relief in Plaintiff's Third Amended Complaint, Defendant denies all allegations of wrongdoing against it and denies that Plaintiff is entitled to any of the relief he seeks.

### AFFIRMATIVE DEFENSES

1.   As a separate and alternative affirmative defense, Defendant alleges that part or all of Plaintiff's Third Amended Complaint fails to state a claim upon which relief can be granted.

2.   As a separate and alternative affirmative defense, Defendant alleges that part or all of Plaintiff's Third Amended Complaint is barred by the applicable statute of limitations.

3.   As a separate and alternative affirmative defense, Defendant alleges that the claims set forth in the Third Amended Complaint arise out of Taylor's criminal prosecution, necessarily seek to imply the invalidity of his current sentence and convictions rendered in 1972 and 2013, and are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Moreover, this Court has already ruled that Taylor's 2013 plea and convictions (sentencing him to time served) barred him from recovering incarcerated-based damages for the 42 years he served in prison (Doc. 63), and the Ninth Circuit affirmed that ruling. *See Taylor v. Pima Cty.*, 913 F.3d 930, 935 (9th Cir. 2019), *cert. denied sub nom.*, 140 S. Ct. 2508 (2020). Other claims within the TAC may also be barred by *Heck* depending on the course of disclosure and discovery.

4.      As a separate and alternative affirmative defense, Defendant alleges that Taylor's request for declaratory relief "expunging Taylor's April 2013 'no contest' pleas and convictions as unconstitutional and thus, invalid" fails as a matter of law and is unavailable under § 1983. *See*, *e.g.*, *Sperl v. Deukmejian*, 642 F.2d 1154, 1154–55 (9th Cir. 1981) ("Declaratory relief is not available in federal court to attack a state criminal conviction."); *United States v. Crowell*, 374 F.3d 790, 792, 796 (9th Cir. 2004) ("A defendant who moves to expunge her conviction does not seek to vacate or set aside her conviction. 'Expunge' (to erase) and 'vacate' (to nullify or to cancel) denote very different actions by the court. … [A plaintiff] cannot use a motion for expungement to make an 'end-run' around recognized post-conviction remedies, such as habeas corpus, coram nobis, and audita querela, or others that Congress may create.'").

5.      As a separate and alternative affirmative defense, Defendant alleges that an order declaring Taylor's 2013 plea agreement invalid would effectively re-instate his 1972 conviction, which the Court has already held, and the Ninth Circuit has already affirmed, cannot provide the basis for an award of compensatory damages under *Heck*. (Doc. 63.) *See Taylor v. Pima Cty.*, 913 F.3d 930, 935 (9th Cir. 2019), *cert. denied sub nom.*, 140 S. Ct. 2508 (2020).

6.      As a separate and alternative affirmative defense, Defendant alleges that because the claims against it concern the conduct of a Deputy County Attorney handling a criminal prosecution on behalf of the State of Arizona—a fact admitted by Taylor in his 2012 Petition for Post-Conviction Relief—said claims are barred by various immunities, including absolute, qualified, sovereign, common law, and Eleventh Amendment immunity notwithstanding the fact that Taylor has named Pima County as a Defendant.

7.      As a separate and alternative affirmative defense, Defendant alleges that res judicata, collateral estoppel, and claim and/or issue preclusion apply as to any claims (or related claims) raised in Taylor's underlying criminal case, appeals, habeas actions, and post-conviction relief actions, including, but not limited to *State v. Taylor*, 537 P.2d 938, 949 (Ariz. 1975); *Taylor v. Arizona*, 424 U.S. 921 (1976); *Taylor v. Cardwell*, No. CIV 76-

734 PHX–CAM (D. Ariz. Feb. 18, 1977); *Taylor v. Cardwell*, 579 F.2d 1380 (9th Cir. 1978); *Taylor v. Cardwell*, CIV 78-277-TUC (D. Ariz. May 26, 1981); *Cardwell v. Taylor*, 461 U.S. 571 (1983); *Taylor v. Cardwell*, No. 81-5570 (9th Cir. Apr. 30, 1984); *State v. Taylor*, CR-69983 (Maricopa Cty. Super. Ct. May 1, 1985); and *State v. Taylor*, No. 2500-2-PC (Ariz. Sup. Ct. Oct. 4, 1985).

8.      As a separate and alternative affirmative defense, Defendant alleges that probable cause existed to believe Taylor started the fire at the Pioneer Hotel, and that "substantial evidence [existed] to uphold the verdict" against him. *See State v. Taylor*, 537 P.2d 938, 949 (Ariz. 1975).

9.      As a separate and alternative affirmative defense, Defendant alleges that proof beyond a reasonable doubt to convict Taylor still existed in 2013, despite any logistical challenges that may have also existed with respect to the evidence, including the passage of time, the destruction of evidence, and the death of many of the witnesses who testified. If Taylor had not accepted the offered plea agreement in 2013, Defendant could have, and would have, retried the case on behalf of the State of Arizona if necessary, and consistent with its ethical and prosecutorial obligations.

10.     As a separate and alternative affirmative defense, Defendant alleges that it did not coerce Taylor into accepting the 2013 plea agreement.

11.     As a separate and alternative affirmative defense, Defendant alleges that at all times set forth in the Third Amended Complaint, it was acting reasonably, in good faith, without malice, and based upon reasonable suspicion, probable cause and/or proof beyond a reasonable doubt.

12.     As a separate and alternative affirmative defense, Defendant alleges that at all times set forth in the Third Amended Complaint, its actions were objectively reasonable under the totality of the circumstances then existing.

13.     As a separate and alternative affirmative defense, Defendant alleges that, because it was acting on behalf of the State, it is not a "person" for purposes of 42 U.S.C. § 1983.

14.     As a separate and alternative affirmative defense, Defendant alleges that it is not subject to liability under 42 U.S.C. § 1983, as Plaintiff cannot prove any violations of a Pima County policy, practice, or custom pursuant to *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978).

15.     As a separate and alternative affirmative defense, Defendant alleges that it did not have a policy, practice, or custom of failing to train or supervise its deputy county attorneys or otherwise requiring its employees or other individuals assisting in a criminal prosecution, including police officers, to violate the constitutional or civil rights of persons arrested for and/or accused of a crime, nor did Defendant have a policy, practice, or custom of failing to discipline such violations.

16.     As a separate and alternative affirmative defense, Defendant alleges that it did not have a policy, practice, or custom of racial discrimination against African Americans or otherwise requiring its employees or other individuals assisting in a criminal prosecution, including police officers, to violate the constitutional or civil rights of persons based on their race, nor did Defendant have a policy, practice, or custom of failing to discipline such violations.

17.     As a separate and alternative affirmative defense, Defendant alleges that it did not have a policy, practice, or custom requiring its employees or other individuals assisting in a criminal prosecution, including police officers, to subvert their ethical obligations during criminal prosecutions.

18.     As a separate and alternative affirmative defense, Defendant alleges that it did not conspire with the City of Tucson or any other entity to violate Taylor's constitutional rights.

19.     As a separate and alternative affirmative defense, Defendant alleges that Taylor's constitutional rights were not violated and, as a result, he cannot recover under *Monell*.

20.     As a separate and alternative affirmative defense, Defendant alleges that any constitutional violation was not caused by any Pima County policy, practice, or custom and, as a result, he cannot recover under *Monell*.

21.     As a separate and alternative affirmative defense, Defendant alleges that Taylor's convictions are valid and constitutional and, as a result, he is not entitled to the declaratory relief he seeks.

22.     As a separate and alternative affirmative defense, Defendant alleges that Plaintiff may have failed to mitigate his damages, thus barring or reducing any recovery against Defendant.

23.     As a separate and alternative affirmative defense, Defendant alleges that Plaintiff cannot prove the existence of any non-incarceration-based damages.

24.     As a separate and alternative affirmative defense, Defendant alleges that Plaintiff cannot recover punitive damages against it. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

25.     As a separate and alternative affirmative defense, Defendant incorporates by reference the arguments set forth in its Motions to Dismiss and supporting Replies.

26.     Although Defendant Pima County does not have specific facts in support of its remaining defenses at this time, Defendant reserves the right to assert the following affirmative defenses pursuant to Fed. R. Civ. P. 8 and 12 should subsequent discovery disclose facts in support of the same, including, but not limited to: laches, release, fraud, res judicata, estoppel, and waiver.

WHEREFORE, having fully answered Plaintiff's Third Amended Complaint, Defendant Pima County requests that Plaintiff take nothing, and that Defendant Pima County be awarded its costs and attorneys' fees pursuant to 42 U.S.C. § 1988 and 42 U.S.C. § 1927.

1

## DEMAND FOR JURY TRIAL

2

  Defendant Pima County demands a trial by jury on all triable issues in this matter.

3

DATED this 21st day of June, 2021.

4

                          STRUCK LOVE BOJANOWSKI & ACEDO, PLC

5

6

                  By /s/Jacob B. Lee
                     Daniel P. Struck

7

                     Nicholas D. Acedo
                     Jacob B. Lee

8

                     3100 West Ray Road, Suite 300
                     Chandler, Arizona 85226

9

10

                     *Attorneys for Defendant Pima County*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that on June 21, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a

3

Notice of Electronic Filing to the following CM/ECF registrants:

4

| | |
|---|---|
| John P. Leader | john@leaderlawaz.com |
| Peter T. Limperis | plimperis@mpfmlaw.com |
| Stanley G. Feldman | sfeldman@mpfmlaw.com |
| Timothy P. Stackhouse | tstackhouse@hmpmlaw.com |
| Michelle R. Saavedra | michelle.saavedra@tucsonaz.gov |
| Dennis P. McLaughlin | Dennis.McLaughlin@tucsonaz.gov |

5

6

7

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF

8

System:

9

N/A

10

11

/s/Jacob B. Lee

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28