**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Louis Taylor,

         Plaintiff,

v.

County of Pima, et al.,

         Defendants.

No. CV-15-00152-TUC-RM

**ORDER**

      Pending before the Court are Motions to Quash filed by Plaintiff Louis Taylor (Doc. 247) and Pima County Attorney Laura Conover (Doc. 250), as well as Plaintiff's Motion to Strike (Doc. 266) Pima County's Reply (Doc. 265) in support of Laura Conover's Motion to Quash.  Also pending is Plaintiff's Motion to Set Trial Date (Doc. 260), Plaintiff's Motion to Set Rebuttal Expert Deadline (Doc. 295), Defendants' Joint Motion to Dismiss Plaintiff's Supplemented Third Amended Complaint (Doc. 272), and Defendant's Joint Motion to Modify Scheduling Order (Doc. 294).  In addition, the parties contacted chambers on October 1, 2021 regarding discovery disputes.  The pending motions and discovery disputes are addressed below.[1]

**I.**      **Joint Motion to Dismiss Supplemented Third Amended Complaint**

      **A.**      **Background**

      On February 5, 2021, Plaintiff filed a Settlement Status Memorandum that argued that Pima County had baselessly determined that Pima County Attorney Laura Conover

---

[1] The Court finds the motions suitable for decision without oral argument.  Accordingly, Plaintiff's request for oral argument (Doc. 292) is denied.

("Conover") has a conflict of interest in this matter, and that the "baseless 'conflict of interest' claim" was "hindering the possibility of settlement." (Doc. 163.)  Plaintiff asked the Court to set a hearing to address whether Conover has a conflict of interest and the "bases for such an assertion."  (*Id.* at 6.)[2]  The Court denied Plaintiff's request for a hearing, declining to "scrutinize the bases for the asserted conflict of interest" and finding that it was without authority to force Pima County to be represented by attorneys of Plaintiff's choosing.  (Doc. 172 at 2.)  The parties thereafter notified chambers of a discovery dispute regarding Plaintiff's attempts to conduct discovery concerning Pima County's determination that Conover has a conflict of interest in this case.  (Doc. 222.) The Court held that Plaintiff is "precluded from conducting discovery concerning the determination that Pima County Attorney Laura Conover has a conflict of interest in this matter," reiterating its prior holding "that it is without authority to scrutinize the bases for the Pima County Attorney's conflict of interest determination." (*Id.* at 2.)

Plaintiff thereafter filed a Motion for Leave to Supplement Third Amended Complaint (Doc. 246), seeking to file a Supplemented Third Amended Complaint ("Supplemented TAC") containing allegations concerning Pima County's conflict-of-interest determination (Doc. 246-1).  Defendants filed a Response stating that, in the interest of judicial economy, they did not oppose the filing of Plaintiff's proposed Supplemented TAC and instead planned to challenge the futility of the supplemental allegations in a motion to dismiss.  (Doc. 249 at 3.)  Defendants stated in their Response that they do not agree with any of the assertions in Plaintiff's Supplemented TAC, do not concede that the supplemental allegations satisfy Federal Rule of Civil Procedure 15, and do not waive any argument or defense to the allegations.  (*Id.*)  After Defendants filed their Response, Plaintiff filed his Supplemented TAC without awaiting leave of Court to do so.  (Doc. 251.)  The Court later granted Plaintiff's Motion for Leave to Supplement Third Amended Complaint *nunc pro tunc* and considered the Supplemented TAC properly filed.  (Doc. 258.)

---

[2] All record citations refer to the page numbers generated by the Court's electronic filing system.

Plaintiff's Supplemented TAC alleges that, after Conover was elected as Pima County Attorney, the outgoing administration determined that she had a conflict of interest related to Plaintiff, but the conflict-of-interest determination was a sham designed to cover up prior violations of Plaintiff's constitutional rights.  (Doc. 251 at 11-14.) Plaintiff includes allegations concerning the conflict-of-interest determination in Count Four, which alleges that Pima County failed to terminate the employment of Deputy Pima County Attorney Horton Weiss prior to Plaintiff's 1972 trial, and Count Five, which alleges a civil conspiracy between Pima County and the City of Tucson to violate Plaintiff's constitutional rights by improperly arresting and charging him, withholding exculpatory evidence prior to the 1972 trial, and suborning false testimony at that trial. (*Id.* at 23-29.)

### B.      Motion to Dismiss Supplemented TAC

On August 18, 2021, Defendants filed a Joint Motion to Dismiss Plaintiff's Supplemented TAC.   (Doc. 272.)   Defendants argue that Plaintiff's supplemental allegations do not satisfy Federal Rule of Civil Procedure 15(d) because they assert a distinct, new cause of action disconnected from the claims asserted in Counts Four and Five of the TAC.  (*Id.* at 6-7.)  Defendants also argue that granting Plaintiff leave to supplement his TAC at this late stage of the proceedings would prejudice Defendants. (*Id.* at 7.)  In addition, Defendants argue that the supplemental allegations fail to state a claim on which relief could be granted because (1) Pima County's conflict-of-interest determination is not subject to judicial review and Plaintiff has no standing to challenge it, (2) the supplemental allegations do not state a due process, prosecutorial misconduct, or conspiracy claim, and (3) the supplemental allegations do not allege a policy or practice for purposes of *Monell* liability.[3]  (*Id.* at 7-12.)  Finally, Defendants argue that the supplemental allegations should be stricken as "immaterial, impertinent, or scandalous" under Federal Rule of Civil Procedure 12(f).  (*Id.* at 12-13.)

Plaintiff filed a Response opposing Defendants' Joint Motion to Dismiss.  (Doc.

---

[3] *See Monell v. Dep't of Soc. Servs. of Cty. of N.Y.*, 436 U.S. 658 (1978).

280.)  Plaintiff argues, first, that Defendants waived any challenge to the Supplemented TAC under Federal Rule of Civil Procedure 15 by failing to object to Plaintiff's Motion to Supplement.  (*Id.* at 1-3.)  Second, Plaintiff argues that the Supplemented TAC does not add a new cause of action but merely adds new facts supporting the existing claims, including Plaintiff's claim for declaratory relief regarding his 2013 convictions, by showing an ongoing indifference to Plaintiff's constitutional rights.  (*Id.* at 1, 3-5.)  Third, Plaintiff argues that the Supplemented TAC states a claim for a violation of his due process rights and that he has standing to allege that a sham conflict-of-interest determination by the outgoing Pima County Attorney's administration violated his constitutional rights.  (*Id.* at 1, 6-10.)  Finally, Plaintiff argues that the supplemental allegations are not impertinent or scandalous under Rule 12(f).  (*Id.* at 10-11.)

Defendants filed a Reply, arguing that nothing in Plaintiff's Response shows that the Supplemented TAC is proper under Rule 15(d) or that the supplemental allegations state a plausible claim.  (Doc. 282.)  First, Defendants argue that they objected to supplementation under Rule 15(d) but proposed raising their objections in a motion to dismiss in order to streamline these proceedings, and that the Court allowed Defendants to proceed with that proposed course of action.  (*Id.* at 1.)  Defendants reiterate their arguments that Plaintiff's supplemental allegations are irrelevant to Claims Four and Five of the TAC, and they argue that the supplemental allegations are also irrelevant to Plaintiff's declaratory relief claim because they do not make it more or less probable that Plaintiff felt coerced into taking the 2013 plea agreement.  (*Id.* at 2-3.)  Defendants contend that, by arguing that the supplemental allegations state a due process claim, Plaintiff has conceded that the allegations raise a distinct and new cause of action.  (*Id.* at 3-4.)  Defendants further argue that Plaintiff fails to cite any authority supporting the proposition that he has standing to challenge Pima County's conflict-of-interest determination, nor any authority supporting his contention that the conflict-of-interest determination violated his due process rights.  (*Id.* at 4-6.)  Defendants note that Plaintiff's  Response  fails  to  address  Defendants'  arguments  that  allowing

1    supplementation at this stage in the litigation would significantly prejudice Defendants

2    and that the supplemental allegations fail to allege a policy or practice for purposes of

3    *Monell* liability.  (*Id.* at 4 n.5, 6.)  Finally, Defendants argue that the supplemental

4    allegations should be stricken because they are impertinent and scandalously accuse

5    defense counsel of being involved with or complicit in an alleged cover-up of prior

6    constitutional violations.  (*Id.* at 6-7.)

7    **C.    Applicable Law**

8    Pursuant to Federal Rule of Civil Procedure 15(d), a court may permit a party to

9    supplement a complaint to set out "any transaction, occurrence, or event that happened

10   after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d).  While granting

11   leave to file a supplemental complaint is favored, supplementation under Rule 15(d)

12   "cannot be used to introduce a separate, distinct[,] and new cause of action." *Planned*

13   *Parenthood of S. Ariz. v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) (per curiam) (internal

14   quotation marks omitted).

15   Rule 8 of the Federal Rules of Civil Procedure requires a pleading to contain "a

16   short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.

17   R. Civ. P. 8(a)(2).   While this pleading standard does not demand "detailed factual

18   allegations," it requires more than labels, conclusions, "and a formulaic recitation of the

19   elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see*

20   *also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of a cause of

21   action, supported by mere conclusory statements, do not suffice.").   A complaint must

22   tender more than "naked assertions devoid of further factual enhancement." *Iqbal*, 556

23   U.S. at 678 (internal quotation and alteration marks omitted).  Rule 8 "does not unlock

24   the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at

25   678-79.  "While legal conclusions can provide the framework of a complaint, they must

26   be supported by factual allegations." *Id.* at 679.

27   To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient

28   factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

1   *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the

2   plaintiff pleads factual content that allows the court to draw the reasonable inference that

3   the defendant is liable for the misconduct alleged."  *Id.*

4        A court evaluating a motion to dismiss must view the complaint "in the light most

5   favorable to the plaintiff."  *Abramson v. Brownstein*, 897 F.2d 389, 391 (9th Cir. 1990).

6   All well-pleaded factual allegations of the complaint must be accepted as true, but the

7   same does not apply to legal conclusions couched as factual allegations.  *Iqbal*, 556 U.S.

8   at 678-79.

9        **D.**    **Discussion**

10       As an initial matter, the Court finds that Defendants preserved their Federal Rule

11  of Civil Procedure 15(d) objections.  Defendants stated, in response to Plaintiff's Motion

12  to Supplement, that they challenge whether Plaintiff satisfies the requirements of Rule

13  15(d), but, in the interest of judicial efficiency, they proposed raising all their objections

14  in a Motion to Dismiss, instead of filing both an opposition to the Motion to Supplement

15  and a later Motion to Dismiss.  The Court accepted that proposal when it allowed the

16  filing of Plaintiff's Supplemented TAC.

17       The Court also agrees with Defendants that Plaintiff's Supplemented TAC

18  presents a distinct, new cause of action.  *See Planned Parenthood of S. Ariz.*, 130 F.3d at

19  402.  The supplemental allegations are unrelated to Count Four, Count Five, or the

20  declaratory relief claim in Plaintiff's TAC.  They do not make it more or less likely that

21  Pima County violated Plaintiff's constitutional rights by failing to terminate the

22  employment of Horton Weiss prior to Plaintiff's 1972 trial.  They do not make it more or

23  less likely that Pima County and the City of Tucson conspired to violate Plaintiff's

24  constitutional rights by withholding exculpatory evidence and suborning false testimony

25  during the 1972 trial.  They do not make it more or less likely that Pima County violated

26  Plaintiff's constitutional rights by coercing him into pleading no-contest to 28 counts of

27  murder in 2013 despite not having sufficient evidence to convict him at a re-trial.

28       Furthermore, even if supplementation were appropriate under Federal Rule of

Civil Procedure 15(d), Plaintiff's Supplemented TAC must be dismissed for failure to state a claim under Rule 12(b)(6).  Plaintiff has failed to cite any legal authority supporting a conclusion that his supplemented allegations concerning the conflict-of-interest determination state a due process, prosecutorial misconduct, or civil conspiracy claim, nor has Plaintiff shown any grounds for reconsideration of this Court's prior holding (*see* Docs. 172, 222) that the Court has no authority to scrutinize the bases for Pima County's conflict-of-interest determination or to force Pima County to be represented by attorneys of Plaintiff's choosing.[4]  The only case cited by Plaintiff that arguably supports his position—the unpublished Arizona Court of Appeals decision *Johnson v. Vederman*—is readily distinguishable, as it involved criminal proceedings and did not involve a conflict-of-interest determination.  *See generally* Nos. 1-CA-SA-17-0105, 1-CA-SA-17-0111, 1-CA-SA-17-0112, 2017 WL 2438059 (Ariz. Ct. App. June 6, 2017).  The Court will grant Defendants' Joint Motion to Dismiss and, because the Supplemented TAC could not be saved by any amendment, finds that dismissal without leave to amend is proper.  *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).[5]

## II.   Laura Conover's Motion to Quash and Plaintiff's Motion to Strike Pima County's Reply

Pima County Attorney Laura Conover moves to quash a subpoena issued for the taking of her deposition.  (Doc. 250.)  Conover argues that, if the subpoena purports to compel her to testify in her official capacity as a representative of Pima County, it fails to comply with Federal Rule of Civil Procedure 30(b)(6).  (*Id.* at 2-3.)  Conover further argues that she was not properly served with the subpoena.  (*Id.* at 3-4.)  Finally, Conover argues that Plaintiff cannot depose her concerning Pima County's conflict-of-interest determination based on the prior rulings of this Court and because information concerning that determination is confidential and privileged.  (Doc. 250 at 4-7.)

---

[4] Furthermore, Plaintiff fails to include any supplemental allegations supporting *Monell* liability.

[5] Because the Court finds dismissal of the Supplemented TAC appropriate under Rule 15(d) and 12(b)(6), it declines to address Defendants' Rule 12(f) arguments.

In response, Plaintiff continues to dispute whether Conover has a conflict of interest in this case and continues to assert that he should be allowed to conduct discovery on Pima County's conflict-of-interest determination.   (Doc. 257 at 1-5.) Plaintiff also notes that this Court previously ruled that Plaintiff may depose Conover. (*Id.* at 3-5.)   Finally, Plaintiff argues that the subpoena was properly served on outside counsel for Pima County because Conover is a Pima County employee.   (*Id.* at 5-7.)

In reply, Conover contends that Plaintiff does not, and cannot, argue that service on Conover in her individual capacity was proper.   (Doc. 259 at 4.)   She further argues that any deposition of her in her official capacity would have to be limited to the time period after she was sworn into office, that no representative of the Pima County Attorney's Office is competent to testify to statements she made prior to taking office, and that the subpoena fails to compel her to testify in her official capacity as a representative of Pima County because it does not comply with Rule 30(b)(6).   (*Id.* at 3-7.)

Two weeks after Plaintiff filed his Response, Pima County filed a Reply in support of Laura Conover's Motion to Quash.   (Doc. 265.)   Plaintiff moves to strike Pima County's Reply, arguing that under Local Rule of Civil Procedure 7.2(d), only the moving party may file a Reply and that, even if Pima County were authorized to file a Reply to Laura Conover's Motion, the Reply is untimely.   (Doc. 266; *see also* Doc. 281.) Pima County argues that it was entitled to rebut arguments made by Plaintiff in his Response, and that the response deadline set forth in Local Rule of Civil Procedure 7.2(c), rather than the reply deadline set forth in Rule 7.2(d), should apply because Pima County was responding to Plaintiff's arguments.   (Doc. 275.)

### A.    Motion to Strike

A party may move to strike any filing or submission on the ground that it is prohibited or unauthorized by a statute, rule, or court order.   LRCiv 7.2(m)(1).   Local Rule of Civil Procedure 7.2(c) allows a party opposing a motion to file a response, and Rule 7.2(d) allows "[t]he moving party" to file a reply.   Neither the Federal nor Local

Rules of Civil Procedure authorize a party to file a reply in support of a third party's motion.  The Court agrees with Plaintiff that Pima County's Reply should be stricken as unauthorized by any statute, rule, or court order.

**B.      Motion to Quash**

Federal Rule of Civil Procedure 45 authorizes the issuance of a subpoena commanding attendance at a deposition.  Fed. R. Civ. P. 45(a)(1).  Under Federal Rule of Civil Procedure 30(b)(6), a subpoena may name a governmental agency or other entity as the deponent and "must describe with reasonable particularity the matters for examination," allowing the named entity to "designate one or more officers, directors, [] managing agents," or "other persons who consent to testify on its behalf."

"Serving a subpoena requires delivering a copy to the named person."  Fed. R. Civ. P. 45(b)(1).  The Ninth Circuit has implied, in an unpublished memorandum disposition, that personal service is required under Rule 45(b)(1).  *See Chima v. U.S. Dep't of Defense*, 23 Fed. App'x 721, 724 (9th Cir. 2001).

The Court must, on timely motion, quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies" or that "subjects a person to undue burden."  Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv).  The Court must also limit the extent of discovery if proposed discovery is outside the scope permitted by Rule 26(b)(1).  Fed. R. Civ. P. 26(b)(2)(C).  Under Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

To the extent the subpoena at issue seeks to compel Laura Conover to testify as a representative of the Pima County Attorney, it fails to comply with Federal Rule of Civil Procedure 30(b)(6).  To the extent it seeks to compel Conover to testify in her individual

capacity, it was not properly served pursuant to Federal Rule of Civil Procedure 45(b)(1).[6]  Furthermore, it appears from the parties' briefs that Plaintiff seeks to depose Laura Conover regarding Pima County's conflict-of-interest determination.  Although the Court held at an April 29, 2021 hearing that Plaintiff could depose Laura Conover on other matters (Doc. 200), the Court has determined that Plaintiff is precluded from conducting discovery concerning that conflict-of-interest determination (Doc. 222).  As discussed above, the allegations of Plaintiff's Supplemented TAC concerning the conflict-of-interest determination are being dismissed, and the conflict-of-interest determination is irrelevant to the remaining allegations of the TAC.  Accordingly, the Court will grant Laura Conover's Motion to Quash.

**III.    Plaintiff's Motion to Quash**

In his Motion to Quash, Plaintiff argues that eleven non-party subpoenas sent by Defendant Pima County should be quashed because they were improperly served and seek production of privileged and confidential information.  (Doc. 247.)[7]  Specifically, Plaintiff challenges subpoenas sent to (1) attorney Andy Silverman, (2) the Arizona Justice Project, (3) fire expert David Eliassen, (4) fire expert Dennis W. Smith, (5) attorney Edward Novak, (6) fire expert Gregory Gorbett, (7) the Innocence Project, (8) fire experts John A. Kennedy & Associates, (9) fire expert John J. Lentini, (10) attorney Michael Picarreta, and (11) attorney Stanley Feldman.  (*Id.* at 1-2.)  Plaintiff argues that the six subpoenas sent to the attorneys seek documents protected by the work-product doctrine and attorney-client privilege, including communications with expert witnesses not discoverable under Rule 26(b).  (*Id.* at 2-4.)  Plaintiff further argues that the five

---

[6] There is no dispute that Plaintiff failed to deliver a copy of the subpoena to Laura Conover.  Plaintiff attached the subpoena to his Amended Notice of Taking Deposition of Laura Conover, Esq., filed on May 6, 2021.  (Doc. 206; *see also* Doc. 250-1.)  The electronic filing of that document resulted in a Notice of Electronic Filing being emailed to counsel representing Pima County in this action.  However, Plaintiff has failed to show that serving a subpoena via a notice of electronic filing is proper under Rule 45 and, in fact, argues in support of his own Motion to Quash that not even service by certified mail is sufficient under Rule 45.  (*See* Doc. 247 at 5.)  Furthermore, Plaintiff has not shown that Conover authorized outside counsel representing Pima County in this matter to accept service of the subpoena on her behalf.

[7] Plaintiff failed to submit copies of the disputed subpoenas for this Court's review, making it unnecessarily difficult for the Court to evaluate his Motion to Quash.

subpoenas sent to the fire experts from Plaintiff's state-court Rule 32 Petition should be modified because they seek materials beyond the scope of discovery allowed under Rule 26(b). (*Id.* at 4-5.) Finally, Plaintiff argues that the subpoenas—which were sent by certified mail—were not properly served under Federal Rule of Civil Procedure 45. (*Id.* at 5.)

In response, Pima County argues, first, that Plaintiff failed to comply with this Court's discovery dispute resolution procedures. (Doc. 253 at 2-3.) Pima County then argues that Plaintiff waived the attorney-client privilege and work-product doctrine as to correspondence among himself, his attorneys, and the Arson Review Committee members, because he has placed at issue his knowledge of the potential ramifications of his 2013 plea agreement, and such knowledge could only have come from his attorneys. (*Id.* at 3-5.) Pima County further argues that the work-product doctrine does not protect facts, and that Rule 26(b)(4)(C) requires production of communications between attorneys and experts pertaining to certain categories of information. (*Id.* at 5-6.) With respect to the subpoenas sent to the fire experts, Pima County avers that all but David Eliassen have already responded to their subpoenas, that Plaintiff challenges only 3 of the 17 distinct requests in the subpoena to Eliassen, and that the challenged requests seek relevant information that is not protected by Rule 26(b)(4)(B). (*Id.* at 6-8.) Finally, Pima County argues that service by certified mail is proper under Rule 45(b). (*Id.* at 8-9.)

In reply, Plaintiff argues that filing a motion to quash without first engaging in the Court's discovery-dispute procedures was appropriate and necessary. (Doc. 255 at 2.) Plaintiff contends that Pima County bears the burden of proving waiver of the attorney-client privilege and has failed to meet that burden. (*Id.* at 2-4.)[8] Plaintiff argues, for the first time, that the subpoenas are improper because they require the production of documents to which Pima County has equal access. (*Id.* at 4.) Plaintiff also argues that

---

[8] The cases cited by Plaintiff in support of his contention that Pima County bears the burden of proving waiver relate to waiver of a criminal defendant's fundamental trial rights (*see* Doc. 255 at 2) rather than waiver of the attorney-client privilege and work-product doctrine. As discussed below, Plaintiff bears the burden of proving non-waiver of evidentiary privileges such as the attorney-client privilege. *Weil v. Inv./Indicators, Research & Mgmt., Inc.*, 647 F.2d 18, 25 (9th Cir. 1981).

1  the subpoenas require the production of expert materials protected under Rule
2  26(b)(4)(D).  (*Id.* at 4-5.)  Finally, Plaintiff argues that Pima County has provided no
3  binding Ninth Circuit authority demonstrating that service of the subpoenas by certified
4  mail was proper under Rule 45(b).  (*Id.* at 5.)

5       Although it is undisputed that Plaintiff filed the pending Motion to Quash without
6  complying with the Court's discovery-dispute resolution procedures, the Court will
7  address the merits of the Motion to Quash, given reasonable ambiguity regarding whether
8  those discovery-dispute resolution procedures apply to motions to quash.  However, the
9  Court finds that Plaintiff has standing to raise only a portion of the arguments made in his
10 Motion to Quash.

11      "Ordinarily, only the party served with a subpoena has standing to move to quash
12 it."  *Oyenik v. Corizon Health Inc.*, No. CV-13-01597-PHX-SPL(BSB), 2014 WL
13 12787872, at *1 (D. Ariz. Nov. 20, 2014).  "A party has standing to challenge a subpoena
14 served on another entity only if the party can show it has a personal right or privilege
15 regarding the subject matter of the subpoena."  *Id.* (internal quotation and alteration
16 marks omitted); *see also Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 973-74
17 (C.D. Cal. 2010) (citing 9A Charles Wright & Arthur Miller, Fed. Prac. & Proc. § 2459
18 (3d ed. 2008)).  A party's objection that a third-party subpoena "seeks irrelevant
19 information or imposes an undue burden on the nonparty are not grounds on which a
20 party has standing to move to quash a subpoena issued to a non-party."  *G.K. Las Vegas
21 Ltd. P'ship v. Simon Prop. Grp., Inc.*, No. 2:04-cv-01199-DAE-GWF, 2007 WL 119148,
22 at *3 (D. Nev. Jan. 9. 2007).

23      Plaintiff has not shown that he has standing to argue that it would be unduly
24 burdensome for the third parties to respond to the subpoenas given Pima County's equal
25 access to subpoenaed documents.[9]  *See G.K. Las Vegas Ltd. P'ship*, 2007 WL 119148, at
26 *3; *cf. Mount Hope Church v. Bash Back!*, 705 F.3d 418, 428 (9th Cir. 2012) ("the
27 'undue burden' language is limited to harms inflicted by complying with the subpoena").

28 _____
[9] Furthermore, this argument was improperly raised for the first time in Plaintiff's Reply.

Plaintiff also lacks standing to challenge whether the third-party subpoenas were properly served under Rule 45. *See Hampton v. Steen*, No. 2:12-cv-00470-SU, 2014 WL 2949302, at *5 n.6 (D. Or. June 27, 2014) (finding party lacked standing to challenge sufficiency of service of non-party subpoenas). However, Plaintiff does have standing to assert that the subpoenas seek information protected by the attorney-client privilege and work-product doctrine. *See Crispin*, 717 F. Supp. 3d at 973.[10]

"The attorney-client privilege protects confidential communications between attorneys and clients, which are made for the purpose of giving legal advice." *United States v. Sanmina Corp.*, 968 F.3d 1107, 1116 (9th Cir. 2020). Whether the attorney-client privilege applies is determined by an eight-part test:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived.

*Id.* The work-product doctrine "protects from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation. *Id.* at 1119.

Both the attorney-client privilege and the privilege protected by the work-product doctrine may be waived. *Id.* at 1116-1117, 1119. Implicit waiver may occur "[w]here a party raises a claim which in fairness requires disclosure of" privileged communications, *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992), such as when the litigant puts "the lawyer's performance at issue during the course of litigation," *Sanmina Corp.*, 968 F.3d at 1117 (internal quotation marks omitted). "[T]he burden of proving that the attorney-client privilege applies rests not with the party contesting the privilege, but with the party asserting it." *Weil v. Inv./Indicators, Research & Mgmt., Inc.*, 647 F.2d 18, 25 (9th Cir. 1981). "One of the elements that the asserting party must prove is that it has not waived the privilege." *Id.*

In his TAC, Plaintiff challenges the constitutionality of his 2013 convictions on

---

[10] To the extent Plaintiff argues that the subpoenas seek expert witness materials beyond the scope of Rule 26(b), he has standing to assert that argument only to the extent the subpoenas seek materials protected by the attorney-client privilege and work-product doctrine.

1   the grounds that Pima County allegedly conditioned his release from prison on his
2   willingness to plead no-contest to 28 counts of murder, even though Pima County did not
3   have sufficient evidence to re-try Plaintiff.  (Doc. 169 at 9-10.)   Although the Court
4   previously questioned in dictum whether Plaintiff understood the true price he was
5   paying for his freedom when he accepted the plea agreement offered by Pima County
6   (Doc. 167 at 9), Plaintiff's knowledge or lack thereof does not have any tendency to
7   make a fact of consequence to his challenge to the 2013 convictions more or less likely.
8   *See* Fed. R. Evid. 401.  Plaintiff's knowledge would be relevant if he were claiming
9   ineffective assistance of counsel during his 2013 plea proceedings, but he is raising no
10  such claim.  Plaintiff's challenge to his 2013 convictions hinges not on his knowledge of
11  the effects of his plea but on the alleged unconstitutionality of the choice that Pima
12  County offered him.  Plaintiff's claim for declaratory relief does not put the privileged
13  communications and work product related to his 2013 plea proceedings at issue, and the
14  Court does not find an implicit waiver on those grounds.  *See Chevron Corp.*, 974 F.2d at
15  1162.

16       Plaintiff's Motion to Quash will be granted to the extent it seeks modification of
17  the subpoenas at issue to exclude information protected by the attorney-client privilege
18  and work-product doctrine, but the Motion will otherwise be denied.

19  **IV.    Pending Discovery Disputes**

20       On October 1, 2021—the day discovery in this case closed (*see* Doc. 248)—the
21  parties notified the Court of discovery disputes pursuant to the discovery-dispute
22  procedures set forth in the Court's Scheduling Order.   The parties raised issues
23  concerning (1) Plaintiff's purported failure to produce all documents in support of his
24  claims and his failure to produce a privilege log; (2) Defendants' purported failure to
25  produce insurance documents such as coverage denials, reservation of rights, and
26  communications regarding a potential claim related to this case; (3) Plaintiff's refusal to
27  sign releases for his medical and institutional records; and (4) Plaintiff's assertion of the
28  attorney-client privilege with respect to discussions concerning his 2013 plea agreement.

1   The Court's Scheduling Order states: "Delay in presenting discovery disputes for

2   resolution is not a basis for extending discovery deadlines." (Doc. 113 at 3.)  The parties

3   had over sixteen months to complete discovery in this case.  Despite that lengthy

4   discovery period and despite the specific warning in the Court's Scheduling Order, the

5   parties waited until the last day of discovery to present the above-described disputes.  By

6   presenting the disputes to the Court on the last day of discovery, the parties have not

7   allowed sufficient time for the disputes to be resolved without re-opening discovery.  Due

8   to the parties' failure to present these disputes for the Court's resolution in a timely

9   manner, the Court denies any relief on the issues raised in the parties' October 1, 2021

10   discovery dispute phone call.

11   **V.   Joint Motion to Modify Scheduling Order and Motion to Set Rebuttal Expert**

12   **Deadline**

13   In their Joint Motion to Modify Scheduling Order, Defendants ask the Court to

14   vacate the November 1, 2021 deadline for dispositive motions and reset it once the Court

15   has ruled on the parties' outstanding Motions and discovery disputes.   (Doc. 294.)

16   Plaintiff opposes Defendants' request to stay the dispositive motion deadline but does not

17   oppose a two-week extension of that deadline. (Doc. 296.)   In his Motion to Set Rebuttal

18   Expert Deadline, Plaintiff asks the Court to set a rebuttal expert disclosure deadline to

19   allow his expert to provide rebuttal expert opinions.  (Doc. 295.)   Defendants do not

20   oppose Plaintiff's request if the Court vacates the dispositive-motion deadline.  (Doc.

21   298.)

22   The Court finds good cause to grant Plaintiff's Motion to Set Rebuttal Expert

23   Deadline, given that the Court's August 17, 2021 Order erroneously failed to grant a

24   concomitant extension of the rebuttal expert disclosure deadline when it extended

25   Defendants' initial expert disclosure deadline.  (See Doc. 269.)   The Court notes that

26   Plaintiff waited over two months after issuance of that Order—and nearly a month after

27   the close of discovery—before bringing the issue to the Court's attention.  The Court

28   does not condone such delay.  However, in an effort to reach a just adjudication on the

1    merits, the Court will re-open discovery for the limited purpose of allowing the parties to

2    disclose rebuttal expert opinions and depose any rebuttal experts.

3         Given that all pending motions and discovery disputes are resolved in this Order,

4    the Court declines to stay the dispositive-motion deadline.  However, the Court finds

5    good cause to grant an extension of that deadline.

6    **VI.   Motion to Set Trial Date**

7         In his Motion to Set Trial Date, Plaintiff blames Defendants for litigation delays in

8    this case and asks the Court to set a firm trial date in early 2022, which Plaintiff argues is

9    both "feasible and just."  (Doc. 260.)   In response, Defendants dispute that they are

10   responsible for litigation delays, and they argue that an early 2022 trial date is

11   unworkable. (Doc. 270.)  In reply, Plaintiff accuses Defendants of engaging in a "tactical

12   assault to keep this case from going to trial."  (Doc. 274.)

13        The Court finds that an early 2022 trial date is unrealistic.  However, Plaintiff's

14   Motion will be granted to the extent it seeks a firm trial date.

15        **IT IS ORDERED** that Defendants' Joint Motion to Dismiss Supplemented Third

16   Amended Complaint (Doc. 272) is **granted**.  Plaintiff's Supplemented Third Amended

17   Complaint (Doc. 251) is **dismissed**.  The operative complaint in this action is Plaintiff's

18   Third Amended Complaint (Doc. 169), as modified by the Court's June 7, 2021 Order

19   dismissing Counts Six and Seven (Doc. 227).

20        **IT IS FURTHER ORDERED** that Laura Conover's Motion to Quash (Doc. 250)

21   is **granted**.   The subpoena issued for the taking of Laura Conover's deposition is

22   quashed.

23        **IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike (Doc. 266) is

24   **granted**.  The Clerk of Court is directed to **strike** Pima County's Reply in Support of

25   Laura Conover's Motion to Quash (Doc. 265).

26        **IT IS FURTHER ORDERED** that Plaintiff's Motion to Quash (Doc. 247) is

27   **partially granted** to the extent it seeks modification of the subpoenas at issue to exclude

28   information protected by the attorney-client privilege and work-product doctrine, but it is

**otherwise denied**.

**IT IS FURTHER ORDERED** that Defendant's Joint Motion to Modify Scheduling Order (Doc. 294) is **denied** to the extent it seeks vacatur of the dispositive-motion deadline.  However, the Court will grant an extension of the dispositive-motion deadline, as set forth below.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Set Rebuttal Expert Deadline (Doc. 295) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Set Trial Date (Doc. 260) is **partially granted** to the extent it requests a firm trial date and **partially denied** to the extent it requests a trial date in early 2022.

**IT IS FURTHER ORDERED** that the following revised schedule shall govern this action:

1. Discovery is re-opened solely for the limited purposes of (A) modification of the subpoenas as discussed in Section III; and (B) rebuttal expert disclosure.

2. Pima County shall serve modified subpoenas **within ten (10) days** of the date this Order is filed.

3. The parties may disclose rebuttal expert opinions on or before **November 22, 2021**.

4. Depositions of any rebuttal experts shall be completed no later than **December 20, 2021**.

5. Dispositive motions are due on or before **January 24, 2022**.  Absent leave of Court, each party shall file no more than one motion for summary judgment under Fed. R. Civ. P. 56.

6. The parties shall file a Joint Proposed Pretrial Order within **thirty (30) days** of the Court's resolution of dispositive motions or, if no such motions are filed, on or before **February 25, 2022**.

7. A firm trial date is set for **September 13, 2022 at 9:30 a.m**.  The Court will

not continue the trial date absent truly exceptional circumstances such as a medical emergency.

8. All other provisions of the Court's original Scheduling Order (Doc. 113) remain in full force and effect.

Dated this 28th day of October, 2021.

_____

Honorable Rosemary Márquez
United States District Judge