**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Louis Taylor,<br><br>       Plaintiff,<br><br>v.<br><br>County of Pima, et al.,<br><br>       Defendants. | No. CV-15-00152-TUC-RM<br><br>**ORDER** |

Discovery in this case closed on October 1, 2021. (Doc. 248 at 2.)[1] On October 29, 2021, the Court re-opened discovery for the limited purposes of rebuttal expert disclosure and modification of certain subpoenas. (Doc. 300 at 17.) Dispositive motions are due on or before January 24, 2022, and a firm trial date is set for September 13, 2022. (*Id.* at 17-18.)

Currently pending before the Court is Plaintiff Louis Taylor's Motion for Leave to Preserve Testimony of Former Tucson Police Officer Claus Bergman. (Doc. 303.) Plaintiff avers that Claus Bergman ("Bergman") is an important witness who interacted with Plaintiff at the scene of the Pioneer Hotel fire, testified during Plaintiff's 1972 trial, and made several statements to journalists regarding the fire and the prosecution of Plaintiff. (*Id.* at 2-4.) Plaintiff states that Bergman is 79 years old and appears to be in frail health. (*Id.* at 2.) Plaintiff seeks leave to depose Bergman in order to preserve his testimony in the event he becomes unable to testify at trial. (*Id.* at 1, 6-7.) Plaintiff

---

[1] All record citations herein refer to the page numbers generated by the Court's electronic filing system.

argues that he made diligent efforts to locate Bergman beginning in April 2021 but that, due to confusion regarding the spelling of Bergman's first name, Plaintiff's investigator mistakenly determined that Bergman was deceased. (*Id.* at 5.) At the end of October 2021, Plaintiff's counsel learned of the correct spelling of Bergman's first name through a chance conversation with another lawyer. (*Id.* at 5-6.) On November 5, 2021, Plaintiff's investigator discovered that Bergman is alive and living in Tucson, Arizona. (*Id.* at 2, 6.) Plaintiff argues that Defendants are responsible for the delay in locating Bergman, because Plaintiff listed Bergman as a topic in his Fed. R. Civ. P. 30(b)(6) notice of deposition of the City of Tucson, and in response the City merely stated that Bergman left City employment in 1973, without making any effort to locate or contact him. (*Id.* at 4-5.)

Defendants Pima County and the City of Tucson filed a Joint Opposition. (Doc. 306.) Defendants argue that Plaintiff cannot show that he diligently sought to locate and depose Bergman because (1) he did not begin looking for Bergman until April 2021, more than six years after he filed this lawsuit; (2) the transcript of Plaintiff's 1972 trial and a declaration provided by the City of Tucson in July 2020 provided the correct spelling of Bergman's first name; and (3) a simple Google search using the correct spelling of Bergman's name would have yielded Bergman's current contact information. (*Id.* at 1-2, 4-5.) Defendants further argue that the City did not have any duty to ascertain Bergman's current contact information on Plaintiff's behalf. (*Id.* at 4-5.) Defendants note that Plaintiff has provided no evidence of Bergman's medical condition, and they argue that the testimony that Plaintiff seeks to elicit from Bergman is inadmissible. (*Id.* at 5-7.) Defendants further argue that allowing Plaintiff to depose Bergman would prejudice Defendants and disrupt the remaining schedule in this case. (*Id.* at 5, 7.) Defendants complain that allowing Plaintiff to conduct additional discovery would be unfair because the Court denied Defendants' request to compel additional discovery on timeliness grounds. (*Id.* at 7-8.) Finally, Defendants accuse Plaintiff of "setting the stage for yet more untimely discovery disputes." (*Id.* at 8.)

In reply, Plaintiff argues that Defendants will not be prejudiced if Bergman's testimony is preserved before trial, but Plaintiff would be significantly prejudiced if the testimony is not preserved and Bergman becomes unable to testify at trial. (Doc. 312 at 1-2, 9.) Plaintiff states that he served his Fed. R. Civ. P. 30(b)(6) notice of deposition of the City of Tucson just nine days after discovery in this case began, and that he listed Bergman as a topic in the 30(b)(6) notice, but that the City of Tucson failed to prepare its Rule 30(b)(6) designee to testify regarding Bergman. (*Id.* at 3-8.) Plaintiff further argues that the City of Tucson violated its Fed. R. Civ. P. 26 disclosure obligations by failing to disclose the address of Bergman even though it listed Bergman in its initial disclosure statement and indicated it would attempt to locate and produce him if he was still alive. (*Id.* at 2-3.)

Pursuant to Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." To satisfy this "good cause" standard, a party must show that the pretrial schedule "'cannot reasonably be met despite'" his diligence. *Johnson v. Mammoth Recs., Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (quoting Fed. R. Civ. P. 16 advisory committee's notes to 1983 amendment). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification" and whether the moving party was diligent. *Id.*

The following factors should be considered in ruling on a motion to amend a Rule 16 scheduling order to re-open discovery:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017) (citation omitted).

Trial in the above-captioned matter is scheduled to begin in approximately nine months. Prior to trial, the parties must brief, and the Court must resolve, summary judgment motions and motions in limine. Any delays that disrupt the briefing and resolution of those motions could render the September 13, 2022 trial date unrealistic, and the Court has already stated that it will not continue the September 13, 2022 trial date absent "truly exceptional circumstances such as a medical emergency." (Doc. 300 at 17-18.) Accordingly, the Court cannot permit any further delays in this case. But the Court finds that allowing Plaintiff to depose Claus Bergman is unlikely to affect the remaining schedule, as the dispositive motion deadline is over one month away. The Court further finds that Defendants would not be prejudiced by an order allowing the deposition.

As Defendants note, Plaintiff waited until April 2021—approximately six years after filing this action—to attempt to locate Bergman. However, this case was delayed for years by motions to dismiss and an interlocutory appeal. The Court did not issue an initial scheduling order until May 19, 2020. (Doc. 113.) Plaintiff waited approximately one year after discovery opened to attempt to locate Bergman, but during that year he attempted to ascertain information regarding Bergman through a Rule 30(b)(6) deposition of the City of Tucson. Given the circumstances, the Court does not find that it was unreasonable for Plaintiff to begin attempting to locate Bergman in April 2021. The Court also finds that Plaintiff's confusion regarding the spelling of Bergman's first name was reasonable, and that Plaintiff filed the pending Motion promptly after locating Bergman.[2] Accordingly, the Court finds that Plaintiff was reasonably diligent in locating Bergman. The Court also finds that Bergman's deposition is likely to lead to relevant evidence, given Bergman's presence at the scene of the Pioneer Hotel fire and his interactions with Plaintiff.

. . . .

---

[2] As Defendants note, the Court previously denied any relief on issues raised in the parties' October 1, 2021 discovery dispute phone call because the parties did not present those disputes to the Court sufficiently in advance of the discovery deadline. (Doc. 300 at 15.) Here, however, Plaintiff avers that he did not learn of Claus Bergman's whereabouts until after the close of discovery, and thus he could not have filed the pending Motion in advance of the discovery deadline.

Accordingly, the Court finds good cause to re-open discovery for the limited purpose of allowing Plaintiff to depose Claus Bergman. The deposition must be completed on or before January 5, 2022.

**IT IS ORDERED** that Plaintiff's Motion for Leave to Preserve Testimony of Former Police Officer Claus Bergman (Doc. 303) is **granted**. Plaintiff may take the deposition of Claus Bergman on or before **January 5, 2022**.

Dated this 14th day of December, 2021.

_____
Honorable Rosemary Márquez
United States District Judge