**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Louis Taylor,<br><br>             Plaintiff,<br><br>v.<br><br>County of Pima, et al.,<br><br>             Defendants. | No. CV-15-00152-TUC-RM<br><br>**ORDER** |

Pending before the Court is Plaintiff Louis Taylor's Motion to Strike (Doc. 354) and Defendant City of Tucson's Motion to Exceed Page Limit (Doc. 358).[1]  For the following reasons, the Motion to Strike will be partially granted to the extent it requests an extension of the summary judgment response deadline, but otherwise denied.  The Motion to Exceed Page Limit will be granted.

**I.      Motion to Strike**

Plaintiff asks the Court to strike the Statement of Facts that Defendant Pima County filed in support of its Motion for Summary Judgment (Doc. 354), and he requests expedited consideration of the Motion to Strike (Doc. 355).  Plaintiff argues that the Court should strike Pima County's Statement of Facts pursuant to Rule 12 of the Federal Rules of Civil Procedure on the grounds that the Statement of Facts does not comply with Local Rule of Civil Procedure ("LRCiv") 56.1(a).  (Doc. 354.)  Alternatively, Plaintiff asks that the Court either order Pima County to file a compliant Statement of Facts or

---

[1] All other pending motions will be resolved separately.

grant Plaintiff a two-week extension of his deadline for responding to Pima County's Motion for Summary Judgment. (*Id.*)

Plaintiff argues that Pima County's 88-page Statement of Facts fails to comply with LRCiv 56.1(a) because most of the facts listed therein "are not needed to decide the County's summary judgment motion." (Doc. 354 at 2.)[2] As specific examples, Plaintiff contends that facts 3-371 of Pima County's Statement of Facts are unnecessary. (*Id.* at 3; *see also* Doc. 361 at 4.) However, in his Reply, Plaintiff concedes that facts 12, 21, and 284 are "proper" and should "be included." (Doc. 361 at 3-4.) Plaintiff does not specifically address the remainder of the facts contained in Pima County's Statement of Facts, arguing instead that "[s]ome of the County's facts are proper, but many aren't," and "[i]t shouldn't be the Court's job or Taylor's job to sift through" the facts to "ferret out what is necessary and what isn't." (*Id.* at 6.)

Pima County filed a Response, arguing that Plaintiff's Motion to Strike is improper under Federal Rule of Civil Procedure 12(f) and LRCiv 7.2(m)(2). (Doc. 360 at 1-2.) Pima County further argues that the Motion to Strike is meritless because the facts asserted in Pima County's Statement of Facts are relevant to Plaintiff's claims, particularly his allegations that he was wrongly charged and convicted. (*Id.* at 2-6.) Pima County asks the Court to deny Plaintiff's Motion and award Pima County the attorneys' fees it incurred in responding to the Motion. (*Id.* at 2, 6.)

In his Reply, Plaintiff argues that his Motion to Strike is permitted under LRCiv 7.2(m). (Doc. 361 at 2.) Plaintiff also reiterates his argument that many of the facts in Pima County's Statement of Facts are unnecessary. (*Id.* at 2-6.)

. . . .

---

[2] In his Motion to Strike, Plaintiff states that he "has abandoned Count Two against the County, his *Monell* claim that the County had improper policies of racial discrimination." (Doc. 354 at 2.) Pima County avers in its Response that "[a]t no point prior to filing his Motion did Taylor inform Pima County that he was going to dismiss this claim." (Doc. 360 at 4 n.2.) Pima County asks the Court to "immediately dismiss Count Two and award Pima County its attorneys' fees in having to address that claim in its summary judgment motion." (*Id.*) The Court will address the dismissal of Count Two when it resolves the parties' Motions for Summary Judgment. Pima County may, if appropriate, file a motion seeking reimbursement of attorneys' fees at that point in time.

### A. Applicable Law

Federal Rule of Civil Procedure 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A "pleading" consists of a complaint, answer, and "if the court orders one, a reply to an answer." Fed. R. Civ. P. 7(a).

LRCiv 7.2(m) allows a party to file a motion to strike that "seeks to strike any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order." LRCiv 7.2(m)(1). However, that rule also specifies:

> An objection to (and any argument regarding) the admissibility of evidence offered in support of or opposition to a motion must be presented in the objecting party's responsive or reply memorandum and not in a separate motion to strike or other separate filing. If the underlying motion is a motion for summary judgment, an objection may be included in a party's response to another party's separate statement of material facts in lieu of (or in addition to) including it in the party's responsive memorandum, but any objection in the party's response to the separate statement of material facts must be stated summarily without argument.

LRCiv 7.2(m)(2).

Local Rule of Civil Procedure 56.1(a) states:

> Any party filing a motion for summary judgment must file a statement, separate from the motion and memorandum of law, setting forth each material fact on which the party relies in support of the motion. The separate statement should include only those facts that the Court needs to decide the motion. Other undisputed facts (such as those providing background about the action or the parties) may be included in the memorandum of law, but should not be included in the separate statement of facts.

LRCiv 56.1(a).

### B. Discussion

Because a Statement of Facts in support of a Motion for Summary Judgment is not a "pleading," Federal Rule of Civil Procedure 12(f) does not provide a basis for Plaintiff's Motion to Strike. *See* Fed. R. Civ. P 7(a); Fed. R. Civ. P. 12(f). Furthermore, LRCiv 7.2(m)(2) specifies that an objection to the admissibility of evidence offered in support of a motion for summary judgment must be presented in the objecting party's responsive memorandum or the objecting party's response to the other party's separate statement of material facts. To the extent Plaintiff is arguing that some of the facts in

Pima County's Statement of Facts are irrelevant, such relevancy objections should be raised according to the procedures set forth in LRCiv 7.2(m)(2).

Even assuming that Plaintiff's Motion to Strike is proper under LRCiv 7.2(m)(1), the Court finds no basis to strike Pima County's Statement of Facts or to require Pima County to winnow down the facts alleged therein. Pima County explains in its Response why facts 3-371—the only facts that Plaintiff specifically addresses in his Motion and Reply—are necessary to the Court's resolution of its Motion for Summary Judgment. LRCiv 56.1(a) states that undisputed facts (such as background facts) that are unnecessary to resolving the motion should not be included in a party's separate statement of facts. But Plaintiff states that he "disagrees with many of the County's improperly included facts" (Doc. 354 at 3), and therefore those facts are not undisputed background facts as contemplated by LRCiv 56.1(a). Plaintiff's Motion to Strike will be denied to the extent it asks the Court to strike any portion of Pima County's Statement of Facts. However, the Court declines to award Pima County attorneys' fees incurred in responding to the Motion.

Plaintiff asks the Court, in the alternative, to grant him a two-week extension of his deadline for responding to Pima County's Motion for Summary Judgment and separate Statement of Facts. (*See* Doc. 354 at 4.) Pima County does not specifically object to this request but asks that the Court equally extend the response deadline for all parties if it is inclined to extend Plaintiff's response deadline. (Doc. 360 at 6.)

A Scheduling Order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). To satisfy this "good cause" standard, a party must show that the pretrial schedule "'cannot reasonably be met despite'" her diligence. *Johnson v. Mammoth Recs., Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (quoting Fed. R. Civ. P. 16 advisory committee's notes to 1983 amendment).

The Court has set a firm trial date in this matter, at Plaintiff's request. (Doc. 300.) As the Court has previously noted, any delays that disrupt the briefing and resolution of the parties' Motions for Summary Judgment and anticipated motions in limine could

render the trial date unrealistic. (Doc. 313 at 4.) The Court accordingly must prevent further delays from affecting the remaining schedule in this case.

Given the length and complexity of the parties' Motions for Summary Judgment, and the voluminous evidence relied upon in those Motions, the Court finds good cause to extend the summary judgment response deadline for all parties by one week. However, the Court does not find good cause to grant Plaintiff the two-week extension that he requests. The Court notes that Plaintiff waited 18 days after the filing of Pima County's Motion for Summary Judgment and separate Statement of Facts before he filed his Motion to Strike. That lengthy delay indicates that Plaintiff did not act with diligence by promptly reviewing Pima County's Motion and separate Statement of Facts, and it undermines Plaintiff's request for a two-week extension of his response deadline.

## II.     Motion to Exceed Page Limit

The City of Tucson requests leave to file a 25-page Response to Plaintiff's Motion for Summary Judgment. (Doc. 358.) Plaintiff does not oppose the request so long as all parties are granted the same page limit for their summary judgment responses. (Doc. 359.) The City of Tucson has no objection to all parties being granted a 25-page limit for their responses. (Doc. 358 at 2.) The Court will grant the City of Tucson's Motion and allow all parties to file summary judgment responses that do not exceed 25 pages.

**IT IS ORDERED** that the Motion to Strike (Doc. 354) is **denied** to the extent it asks the Court to strike any portion of Pima County's Statement of Facts; however, the Motion is **partially granted** to the extent it requests an extension of the summary judgment response deadline. The deadline for all parties to file responses to the pending Motions for Summary Judgment is extended to **March 21, 2022**.

. . . .

. . . .

. . . .

. . . .

. . . .

**IT IS FURTHER ORDERED** that the City of Tucson's Motion to Exceed Page Limit (Doc. 358) is **granted**. All parties may file summary judgment responses not to exceed 25 pages in length.

Dated this 9th day of March, 2022.

*/s/ Rosemary Márquez*
Honorable Rosemary Márquez
United States District Judge