**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Louis Taylor,

Plaintiff,

v.

County of Pima, et al.,

Defendants.

No. CV-15-00152-TUC-RM

**ORDER**

Pending before the Court is Plaintiff Louis Taylor's Motion for Clarification (Doc. 418) and Defendants' Joint Motion to Extend Time to Respond to Plaintiff's Supplemental Brief (Doc. 427).[1]

**I. Background**

On May 19, 2022, Plaintiff filed a Motion to File Document Under Seal. (Doc. 406.) In the Motion, Plaintiff requested leave to file a witness declaration under seal and argued that publicly revealing the identity of the declarant would subject the declarant to serious harm or death. (*Id.*) Plaintiff also asked the Court to "prohibit the parties and their lawyers from disseminating the document or information contained in it to anyone without further Court Order." (*Id.* at 2.) Plaintiff lodged the proposed document on June 6, 2022. (Doc. 413.)

The Court held a hearing on June 8, 2022. (Doc. 415.) At the hearing, defense counsel averred that Plaintiff had not served Defendants with a copy of the lodged

[1] Other pending motions will be resolved separately.

proposed witness declaration and refused to do so. (Doc. 420-1 at 7-8.) The Court granted Plaintiff's Motion to Seal and ordered Plaintiff to disclose the document to "the parties, the county and the city attorneys." (*Id.* at 9-10.) The Court instructed defense counsel not to copy or disseminate the document. (*Id.* at 10.) The Court also indicated it would issue a written order containing a schedule for briefing regarding Defendants' objections to the Court's consideration of the witness declaration. (*Id.*)

On June 13, 2022, the Court issued a written Order granting Plaintiff's Motion to Seal, directing the Clerk of Court to file the lodged witness declaration under seal, and requiring the parties to file supplemental briefs regarding the admissibility of the witness declaration. (Doc. 416.) The Court ordered Plaintiff to file his supplemental brief within fourteen days and Defendants to file responses within ten days of service of Plaintiff's supplemental brief. (*Id.*)

Plaintiff thereafter filed a Motion for Clarification, asking the Court to modify its June 13, 2022 Order to state that "the parties and their lawyers are prohibited from disseminating or reproducing the sealed document" or identifying the declarant in any publicly available pleading. (Doc. 418.) Defendants filed a Joint Response, arguing that Plaintiff has failed to justify permanently keeping the witness declaration from the public or permanently restricting Defendants' dissemination of information contained in the declaration. (Doc. 420 at 2.) Defense counsel aver in the Joint Response that they will not disseminate the witness declaration or discuss its contents with anyone other than their clients until this Court rules on whether it will consider the declaration. (*Id.* at 3.) Defendants also aver that they have no objection to temporarily sealing the parties' supplemental briefing regarding the propriety of the Court's consideration of the witness declaration, but that they reserve the right to move to unseal the witness declaration and supplemental briefing once the Court rules on whether it will consider the witness declaration. (*Id.*)

On June 23, 2022, Plaintiff moved to file his Supplemental Brief under seal. (Doc. 421.) On June 24, 2022, the Court granted the request, ordering that Plaintiff's

Supplemental Brief be filed under seal and that it remain sealed pending further Order of the Court. (Doc. 425.)

On July 1, 2022, Defendants filed a Joint Motion to Extend Time to Respond to Plaintiff's Supplemental Brief. (Doc. 427.) In the Joint Motion, Defendants aver that Plaintiff has refused to serve his sealed Supplemental Brief on Defendants and, therefore, that Defendants have been unable to draft and file a response. (*Id.*) Defendants ask the Court to grant them an extension of time to respond to the Supplemental Brief, with the deadline running from the time Plaintiff serves the brief on Defendants. (*Id.* at 5.) Defendants also ask the Court to order Plaintiff to serve Defendants with copies of the Supplemental Brief. (*Id.*; *see also* Doc. 430 at 1-2.)

In response, Plaintiff indicates he will not serve a copy of his Supplemental Brief on Defendants unless this Court first rules in his favor on his Motion for Clarification. (Doc. 429.) Plaintiff argues that he needs assurance that the Supplemental Brief will be permanently protected from dissemination by Defendants before he is willing to serve it. (*Id.*)

In reply, Defendants argue that Plaintiff has no basis for refusing to serve his Supplemental Brief and that his refusal to do so contravenes the service requirements of the applicable rules and thwarts the briefing schedule set by this Court. (Doc. 430 at 2-3.) Defendants also note that Plaintiff's Motion for Clarification addresses only dissemination of the underlying witness declaration and that Plaintiff has never specifically or formally asked that the Supplemental Brief be likewise protected from dissemination. (*Id.* at 3-4.) Defendants further argue that Plaintiff's attempt to prevent defense counsel from asking their clients or others for assistance in responding to the Supplemental Brief violates due process. (*Id.* at 4-5.)

**II. Discussion**

Section II(J)(1) of the District of Arizona Electronic Case Filing Administrative Policies and Procedures Manual ("ECF Manual") contains detailed requirements for e-filing documents under seal in non-sealed civil cases. The Manual specifies that counsel

must serve by mail on opposing counsel a copy of any sealed document electronically filed in a civil case. *Id.* Federal Rule of Civil Procedure 5 also requires service of court filings. The Court's Order requiring supplemental briefing contemplated that Plaintiff would promptly serve a copy of his Supplemental Brief on Defendants. Instead, Plaintiff has unilaterally refused, without Court approval, to comply with the applicable service rules.

Furthermore, though Plaintiff avers that dissemination of the identity of the author of the witness declaration at issue would subject the declarant to serious harm or death (Doc. 406), nothing in the witness declaration itself, the affidavit of investigator Randy Downer, or any other paper filed by Plaintiff provides any explanation or evidentiary support for that averment. On the current record, Plaintiff has failed to justify his demand that the witness declaration and Supplemental Brief be permanently sealed and that Defendants be permanently barred from disseminating information contained in those documents.

If Defendants file a motion to unseal in the future, the Court will provide Plaintiff and the declarant an opportunity to submit any pertinent information substantiating the declarant's fears of harm before the Court determines whether the witness declaration and supplemental briefing should be unsealed. The Court will ensure that the documents remain under seal if there is a substantial probability that their publication would endanger the declarant. *See In re Copley Press, Inc.*, 518 F.3d 1022, 1029 (9th Cir. 2008).

To resolve the parties' impasse, the Court will order defense counsel not to disseminate the witness declaration, Plaintiff's Supplemental Brief, or information that could identify the declarant with anyone other than their clients in this case, pending further Order of the Court. Defendants may move to lift that restriction after the Court resolves the issue of the propriety of considering the witness declaration for purposes of summary judgment or at trial. The Court will order Plaintiff to immediately serve a copy of his Supplemental Brief on Defendants. If Plaintiff fails to serve a copy of the

Supplemental Brief within two days of the date this Order issues, the Court may impose monetary sanctions on Plaintiff's counsel.

**IT IS ORDERED** that Plaintiff's Motion for Clarification (Doc. 418) is **partially granted and partially denied**, as follows:

1. Pending further Order of the Court, defense counsel shall not disseminate the witness declaration (Doc. 417), Plaintiff's Supplemental Brief (Doc. 426), or information that could identify the declarant with anyone other than their clients in the above-captioned case.
2. Defendants may move to lift the above restriction and to unseal the witness declaration and supplemental briefing after the Court rules on the propriety of considering the witness declaration.

**IT IS FURTHER ORDERED** that Plaintiff shall immediately serve a copy of his Supplemental Brief (Doc. 426) on Defendants.

**IT IS FURTHER ORDERED** that Defendants' Joint Motion to Extend Time to Respond to Plaintiff's Supplemental Brief (Doc. 427) is **granted**. Defendants' response to Plaintiff's Supplemental Brief is due within **ten (10) days** of service of the Supplemental Brief.

Dated this 29th day of July, 2022.

Honorable Rosemary Márquez
United States District Judge