**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Louis Taylor, | No. CV-15-00152-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| County of Pima, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Louis Taylor's ("Taylor") Motion in Limine Regarding Prior Testimony of Robert Jackson. (Doc. 377.)[1] Defendants Pima County and the City of Tucson filed Responses (Docs. 399, 400), and Taylor filed a Reply (Doc. 404).

**I.  Background**

In 1972, Taylor was convicted of 28 counts of murder in connection with a deadly fire at the Pioneer Hotel in Tucson, Arizona. (Doc. 340-9 at 12.)[2] During Taylor's trial, Robert Jackson ("Jackson") testified that Taylor admitted to him that he had started the fire using lighter fluid. (Doc. 340-3 at 228-230.)

In 2012, Taylor filed a Petition for Post-Conviction Relief arguing, in relevant part, that Jackson testified falsely and that the prosecution committed misconduct by withholding a report from Truesdail Laboratories (the "Truesdail Report") that found no

---

[1] Other pending motions will be resolved separately.
[2] All record citations refer to the docket and page numbers generated by the Court's electronic filing system.

evidence of accelerants in debris samples from the Pioneer Hotel. (Doc. 6-1 at 2-63.) In 2013, Taylor entered into a plea agreement in which he pled no-contest to the original 28 counts of murder in exchange for a sentence of time-served. (*Id.* at 73-74; Doc. 335 at 70-71 ¶¶ 697, 705-707; Doc. 367 at 71-72 ¶ 697, 705-707.)

After his release from prison, Taylor filed the above-captioned lawsuit. (Doc. 1.) Taylor sues Defendants Pima County and the City of Tucson under 42 U.S.C. § 1983, seeking monetary damages for alleged constitutional violations arising from his 1972 convictions and a declaratory judgment expunging his 2013 convictions as unconstitutional. (Doc. 169.) The parties' summary judgment motions are pending. (Docs. 332, 349, 351, 371.)

## II.  Motion in Limine Regarding Prior Testimony of Jackson

Taylor argues that the Court should preclude Jackson's prior testimony because it is unreliable and because the prosecution's failure to disclose the Truesdail Report denied Taylor a full opportunity to cross-examine Jackson at trial, in violation of the Sixth Amendment to the United States Constitution. (Doc. 377.) In arguing that the testimony is unreliable, Taylor notes that "jailhouse snitch" testimony is inherently suspect, and that Jackson's brother offered an affidavit stating that Jackson's testimony was coerced and untruthful. (*Id.* at 4-5.) Taylor also argues that the prosecution's failure to disclose the Truesdail Report violated *Brady v. Maryland*, 373 U.S. 83 (1963), and severely prejudiced his defense. (*Id.* at 1-5.)

In response, Defendants argue that the admissibility of Jackson's prior testimony is governed by Federal Rule of Evidence 804(b)(1) rather than the Sixth Amendment, and that the testimony is admissible under Rule 804(b)(1). (Doc. 399 at 7, 11; *see also* Doc. 400 at 2-3.)[3] Defendants also note that Jackson's prior testimony is directly at issue in the conspiracy claim that Taylor alleges in this lawsuit. (Doc. 399 at 10-11.) Defendants argue that Taylor's Motion in Limine improperly seeks dispositive rulings on substantive claims, including a newly asserted, time-barred, and meritless Sixth Amendment claim.

---

[3] Defendants join in one another's Responses. (*See* Doc. 399 at 1; Doc. 400 at 1.)

(Doc. 399 at 4-11; Doc. 400 at 2-9.) Defendants further argue that "jailhouse snitch" testimony is not inherently inadmissible. (Doc. 400 at 5.) They contest the admissibility of the affidavit by Jackson's brother and argue that, even if admissible, the affidavit goes to the weight rather than the admissibility of Jackson's testimony. (*Id.*) Finally, Defendants argue that Taylor failed to confer with Defendants prior to filing his Motion, in violation of LRCiv 7.2(l), and that he failed to preserve his objections to Jackson's testimony in his Controverting Statement of Facts. (*Id.* at 1-2.)

In reply, Taylor argues that Jackson's prior testimony is inadmissible under Federal Rule of Evidence 804(b)(1) because the non-disclosure of the Truesdail Report denied Taylor a similar motive and opportunity to cross-examine Jackson at trial. (Doc. 404 at 2-3, 8.) Taylor also argues that constitutional violations can render civil evidence inadmissible. (*Id.* at 5-8.) Taylor concedes that Jackson's prior testimony is at issue in the conspiracy claim he asserts in this lawsuit, but he contends that the jury can resolve the claim without hearing Jackson's actual testimony. (*Id.* at 9-10.) Taylor also contends that his Motion in Limine properly seeks a ruling on the admissibility of evidence rather than a dispositive ruling. (*Id.* at 4-5.) Taylor's Reply does not address Pima County's arguments concerning Taylor's alleged failure to comply with LRCiv 7.2(l) and his alleged failure to preserve objections. (*See id.*)[4]

### III. Legal Standard

An out-of-court statement is hearsay if "a party offers [it] in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801. Hearsay is generally inadmissible. Fed. R. Evid. 802. However, a witness's former testimony, given at a trial, hearing, or lawful deposition in the current proceeding or a different one, is not excluded by the rule against hearsay "if the declarant is unavailable as a witness" and the former testimony is offered "against a party who had . . . an opportunity and similar motive to develop it by direct, cross-, or redirect examination." Fed. R. Evid. 804(b)(1). A "similar motive" for purposes of Rule 804(b)(1) does not mean an "identical motive." *United States v.*

---
[4] Taylor avers in his Motion that his counsel conferred by email with counsel for Pima County. (Doc. 377 at 2.) Pima County contests that averment. (Doc. 400 at 1-2.)

*Duenas*, 691 F.3d 1070, 1087 (9th Cir. 2012) (internal quotation marks omitted). A party's motive for cross-examination is "similar" if the party had the same "fundamental objective" in questioning the witness. *United States v. McFall*, 558 F.3d 951, 963 (9th Cir. 2009).

## IV.  Discussion

"A motion in limine is not the proper vehicle for seeking a dispositive ruling on a claim, particularly after the deadline for filing" dispositive motions has passed. *Hana Fin., Inc. v. Hana Bank*, 735 F.3d 1158, 1162 n.4 (9th Cir. 2013). The parties dispute on summary judgment whether the prosecution violated Taylor's due process rights by procuring Jackson's testimony and withholding the Truesdail Report, and whether Taylor's claims are barred by issue preclusion and *Heck v. Humphrey*, 512 U.S. 477 (1994). To the extent the parties' briefs on Taylor's Motion in Limine argue those issues, the Court declines to consider the arguments at this time.

Jackson's prior testimony is hearsay only if offered to prove the truth of the matter asserted in that testimony. *See* Fed. R. Evid. 801. The rule against hearsay does not preclude the admission of the testimony if offered for a purpose other than proving the truth of the matter asserted.

If the Court determines on summary judgment that Taylor may properly litigate the issue of his innocence, and Defendants seek to introduce Jackson's prior testimony as evidence that Taylor started the Pioneer Hotel fire, the testimony will be admissible for that purpose only if it satisfies the requirements of Federal Rule of Evidence 804(b)(1). It is undisputed that Jackson, who is now deceased, is unavailable as a witness. *See Duenas*, 691 F.3d at 1086 (deceased witness is unavailable for purposes of Rule 804(b)(1)). It is also undisputed that Jackson previously testified as a witness at Taylor's criminal trial. Taylor had the opportunity to, and did, cross-examine Jackson during trial, and he had the same fundamental objective for doing so—then, as now, Taylor was attempting to prove his innocence. Jackson's inability to cross-examine Jackson at trial using the Truesdail Report does not render Taylor's motive for developing Jackson's

testimony dissimilar for purposes of Rule 804(b)(1).[5] Furthermore, although "jailhouse snitch" testimony may be "notoriously unreliable," *Runningeagle v. Ryan*, 686 F.3d 758, 770 (9th Cir. 2012), it is not inherently inadmissible, and the Court agrees with Defendants that the affidavit of Jackson's brother—assuming its admissibility—goes to the weight of Jackson's prior testimony rather than its admissibility.[6]

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion in Limine Regarding Prior Testimony of Robert Jackson (Doc. 377) is **denied**.

Dated this 24th day of March, 2023.

_____
Honorable Rosemary Márquez
United States District Judge

---

[5] In this civil case, the admissibility of Jackson's testimony is governed by Federal Rule of Evidence 804(b)(1) rather than the Sixth Amendment. But even if the Court were to consider Taylor's Sixth Amendment arguments, they are unavailing. The United States Supreme Court has held that the prosecution's failure to disclose evidence potentially useful to a defendant's cross examination of a witness does not violate the Sixth Amendment's Confrontation Clause. *Pennsylvania v. Ritchie*, 480 U.S. 39, 52-54 (1987); *see also Coleman v. Calderon*, 150 F.3d 1105, 1112 (9th Cir. 1998), *rev'd on other grounds*, 525 U.S. 141 (1998) ("The Confrontation Clause does not require that the prosecution disclose evidence that would help the defense effectively cross-examine a prosecution witness.").

[6] Because the Court finds Jackson's prior testimony admissible under Rule 804(b)(1) and denies Taylor's Motion in Limine on that basis, the Court does not address Defendants' arguments that Taylor failed to comply with LRCiv 7.2(l) and failed to preserve his objections to Jackson's testimony. (*See* Doc. 400 at 1-2.)