**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Louis Taylor,<br><br>       Plaintiff,<br><br>v.<br><br>County of Pima, et al.,<br><br>       Defendants. | No. CV-15-00152-TUC-RM<br><br>**ORDER** |

Pending before the Court is Plaintiff Louis Taylor's ("Taylor") Motions in Limine re: Unklesbay and Acosta. (Docs. 395, 396.)[1] Defendants Pima County and the City of Tucson filed a Joint Response (Doc. 401), and Taylor filed a Reply (Doc. 403).

**I.   Background**

In 1972, Taylor was convicted of 28 counts of murder in connection with a deadly fire at the Pioneer Hotel in Tucson, Arizona. (Doc. 340-9 at 12.)[2] During Taylor's trial, Cyrillis Holmes ("Holmes") testified as an expert witness for the prosecution and opined that the Pioneer Hotel fire was man-made, with multiple areas of origin ignited within minutes of one another. (Doc. 338-5 at 45-48.)

In 2012, Taylor filed a Petition for Post-Conviction Relief alleging that new developments in fire science undermined the evidence of arson introduced during his trial. (Doc. 6-1 at 2-63.) The Petition relied on a report by the Innocence Project's Arson

---

[1] Other pending motions will be resolved separately.
[2] All record citations refer to the docket and page numbers generated by the Court's electronic filing system.

Review Committee (the "ARC report") that criticized Holmes's trial testimony and concluded the Pioneer Hotel fire could not be classified as arson. (Doc. 348-2.) Taylor further alleged in the Petition for Post-Conviction Relief that trial witness Robert Jackson ("Jackson") testified falsely and that the prosecution committed misconduct, in part by withholding a report from Truesdail Laboratories (the "Truesdail report") that found no evidence of accelerants in debris samples from the Pioneer Hotel. (Doc. 6-1 at 2-63.)

Deputy Pima County Attorney Rick Unklesbay ("Unklesbay") and arson prosecutor Malena Acosta ("Acosta") reviewed Taylor's Petition for Post-Conviction Relief. (Doc. 335 at 62 ¶¶ 624, 631; Doc. 367 at 61 ¶¶ 624, 631.) The Pima County Attorney's Office thereafter offered Taylor a plea agreement in which Taylor pled no-contest to the original 28 counts of murder in exchange for a time-served sentence. (Doc. 6-1 at 73-74.) In connection with the plea, Unklesbay filed a memorandum averring that, if a review of the original evidence in Taylor's case using new advances and techniques in fire investigation were to be considered "newly discovered evidence" for purposes of post-conviction relief, "the state of the evidence [was] such that the State would be unable to proceed with a retrial, and [Taylor's] convictions would not stand." (*Id.* at 73.) The memorandum also discussed evidence from Taylor's trial "to support a judicial finding that sufficient evidence exist[ed] to accept [Taylor's] plea." (*Id.* at 67-73.) The memorandum asked the post-conviction court to accept the plea based on the evidence discussed therein and "[i]n order to maintain the integrity of [Taylor's] conviction." (*Id.* at 74.) A change-of-plea hearing was held on April 2, 2013, and Taylor was released from prison that day. (Doc. 335 at 70-71 ¶¶ 697, 705-707; Doc. 367 at 71-72 ¶ 697, 705-707.)

Taylor then filed the above-captioned lawsuit. (Doc. 1.) Taylor sues Defendants Pima County and the City of Tucson under 42 U.S.C. § 1983, seeking monetary damages for alleged constitutional violations arising from his 1972 convictions and a declaratory judgment expunging his 2013 convictions. (Doc. 169.) Taylor argues that his 2013 convictions are unconstitutional because the Pima County Attorney's Office—to insulate

itself from civil liability—required him to plead no contest to 28 counts of murder, even though probable cause did not exist to convict him of those counts at a re-trial. (Doc. 349 at 20-25.)

## II. Unklesbay and Acosta Affidavits

The parties' summary judgment motions are currently pending. (Docs. 332, 349, 351, 371.) In support of its Motion for Summary Judgment, Pima County relies upon affidavits by Unklesbay and Acosta. (Doc. 341-4 at 2-9 ("Unklesbay Affidavit"); *id.* at 11-15 ("Acosta Affidaivt").) In the affidavits, Unklesbay and Acosta describe their review of Taylor's case and the circumstances surrounding Taylor's 2013 no-contest plea, as follows:

When Unklesbay was asked to review Taylor's Petition for Post-Conviction Relief, he and then-County Attorney Barbara LaWall ("LaWall") were prepared to pursue Taylor's exoneration if the review showed Taylor was wrongfully convicted. (Unklesbay Affidavit at 3-4 ¶¶ 10, 11.) Because the case involved arson, Unklesbay brought in Acosta, an experienced arson prosecutor, to assist with the review. (*Id.* at 4 ¶ 12.) Unklesbay and Acosta also asked the Tucson Fire Department ("TFD") to conduct another investigation of the Pioneer Hotel fire. (*Id.* at 4 ¶ 15; Acosta Affidavit at 12 ¶ 10.) The TFD concluded that a cause-of-fire determination was not possible. (Unklesbay Affidavit at 4 ¶ 15; Acosta Affidavit at 12 ¶ 10.) Acosta met with and deposed Holmes, who convincingly maintained that the Pioneer Hotel fire was arson and who, unlike the ARC, inspected the hotel immediately after the fire. (Acosta Affidavit at 12 ¶ 9.) Unklesbay and Acosta did not find the ARC's conclusions credible, nor did they believe the conclusions constituted newly discovered evidence that would justify post-conviction relief. (Unklesbay Affidavit at 5-6 ¶ 20-21; Acosta affidavit at 12-13 ¶¶ 11-12.) After completing their review—which included reading thousands of pages of juvenile, pretrial, trial, and post-trial transcripts—Unklesbay and Acosta were firmly convinced that Taylor was guilty of the crimes he was convicted of. (Unklesbay Affidavit at 4-5 ¶¶ 13, 17, 19; Acosta Affidavit at 13 ¶ 13, 15.) Acosta also believed, based on her training and

experience, that Taylor fit the profile of an arsonist. (Acosta Affidavit at 13 ¶ 14.)

Unklesbay and Acosta believed there was admissible proof beyond a reasonable doubt that Taylor had started the Pioneer Hotel fire, even without Jackson's testimony and even if Taylor introduced the Truesdail report, the ARC report, and/or the TFD report. (Unklesbay Affidavit at 8 ¶¶ 35-37; Acosta Affidavit at 14-15 ¶¶ 24-26.) Notwithstanding the inartful wording of the memorandum submitted during Taylor's post-conviction proceedings, Unklesbay and Acosta were prepared to re-try Taylor if necessary. (Unklesbay Affidavit at 6, 8 ¶¶ 23-24, 39; Acosta Affidavit at 13-14 ¶¶ 17-18.) However, to avoid a re-trial and maintain the integrity of Taylor's convictions, Unklesbay offered Taylor a no-contest plea, with Acosta's agreement and LaWall's approval. (Unklesbay Affidavit at 6-7 ¶¶ 25, 33; Acosta Affidavit at 14 ¶ 19.) Unklesbay and Acosta did not decide to offer the plea in order to avoid a civil damages judgment. (Unklesbay Affidavit at 6 ¶ 26; Acosta Affidavit at 14 ¶ 20.) Unklesbay and Acosta believe the no-contest plea was not coerced and that they complied with all ethical and constitutional standards in offering it. (Unklesbay Affidavit at 7-8 ¶ 34, 38; Acosta Affidavit at 14 ¶¶ 22-23.)

### III. Taylor's Motions in Limine

Taylor argues that the testimony of Unklesbay and Acosta—or, at least, specified portions of the affidavits of Unklesbay and Acosta—should be precluded because Unklesbay and Acosta offer expert opinions developed for purposes of this litigation and neither witness submitted an expert report pursuant to Federal Rule of Civil Procedure 26(a)(2)(B). (Docs. 395, 396.) Taylor also argues (1) that Unklesbay's affidavit is a sham to the extent it conflicts with the memorandum submitted during Taylor's post-conviction proceedings; (2) that neither Unklesbay nor Acosta is qualified to opine on whether the Pioneer Hotel fire was caused by arson; (3) that Unklesbay and Acosta impermissibly opine on witness credibility in their assessment of the ARC report and Weiss's testimony; (4) that Acosta offers inadmissible profiling opinions; (5) that it is irrelevant whether Unklesbay and Acosta considered Pima County's civil liability

exposure in offering Taylor the no-contest plea, as it was LaWall's job to make that determination; and (6) that Acosta's reference to LaWall approving the plea agreement is irrelevant hearsay. (Doc. 395 at 4-8; Doc. 396 at 6-9.)

Defendants aver that Unklesbay and Acosta are material fact witnesses who will testify regarding the circumstances of their review of Taylor's Petition for Post-Conviction Relief and their offer of a no-contest plea. (Doc. 401 at 1, 5-6.) Defendants further aver that Rule 26(a)(2)(B) is inapplicable and that Rule 26(a)(2)(C) allows Unklesbay and Acosta to offer testimony requiring prosecutorial expertise without providing written reports. (*Id.* at 1-4.) Defendants contend that Unklesbay and Acosta reached their opinions during the course of their review of Taylor's Petition for Post-Conviction Relief, rather than for purposes of this litigation. (*Id.* at 5-8.) Defendants dispute that Unklesbay and Acosta's affidavits contain statements that cannot be squared with statements in the memorandum filed in the post-conviction court but argue that, even if there is a conflict, it is an issue for cross-examination. (*Id.* at 8-9.) Defendants contend that Unklesbay and Acosta's personal assessment of the ARC report is material to Taylor's request for expungement of his 2013 convictions and that neither witness will opine "from a science arson expert perspective" that the Pioneer Hotel fire "was arson or that the ARC report was junk science." (*Id.* at 9-10.) Defendants further contend that Acosta's opinion that Taylor fit the profile of an arsonist is relevant to her thought process and decision-making in reviewing Taylor's Petition for Post-Conviction Relief and in offering the no-contest plea. (*Id.* at 11.) Defendants argue that whether Unklesbay and Acosta considered Pima County's civil liability is not only relevant but crucial to resolution of Taylor's expungement claim. (*Id.* at 11-12.) In addition, Defendants argue that Acosta's avowal that LaWall approved the plea agreement is not inadmissible on hearsay grounds for purposes of summary judgment, and that Taylor's relevance objection to that avowal conflicts with his argument concerning the relevance of evidence of the motivations of Unklesbay and Acosta in offering Taylor the no-contest plea. (*Id.* at 12.) Finally, Defendants argue that Plaintiff failed to confer with them prior to filing his

- 5 -

Motions in Limine, in violation of LRCiv 7.2(l), and that Plaintiff failed to preserve his objections to the testimony of Unklesbay and Acosta in his Controverting Statement of Facts. (*Id.* at 1-2.)

In reply, Taylor argues that expert opinions developed for purposes of litigation require an expert report, and both Unklesbay and Acosta provide opinions in their affidavits that go beyond those they formed during Taylor's post-conviction proceedings. (Doc. 403 at 1-3.) In support of this argument, Taylor avers that certain statements in the affidavits of Unklesbay and Acosta conflict with statements made by Unklesbay during Taylor's post-conviction proceedings, and if Unklesbay's "changed opinion is due to new information, it is an expert opinion for which a Rule 26(a)(2)(B) report was required." (*Id.* at 3.) Taylor further argues that Unklesbay and Acosta should be precluded from offering their subjective opinions regarding the credibility of arson experts, their arson opinions, their profiling opinions, and their civil liability opinions. (*Id.* at 3-5.)

### IV. Legal Standard

"[A] party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702." Fed. R. Civ. P. 26(a)(2)(A). "[I]f the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony," then the disclosure must be accompanied by a written report prepared and signed by the witness. Fed. R. Civ. P. 26(a)(2)(B). Otherwise, the disclosure need only state the subject matter on which the witness is expected to present evidence under Rule 702 and a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C).

The Ninth Circuit has held that a treating physician is considered a percipient witness who is exempt from Rule 26(a)(2)(B)'s written report requirement "to the extent that his opinions were formed during the course of treatment," but that Rule 26(a)(2)(B) requires a written report if the treating physician was retained to review new information and offer opinions developed for purposes of the litigation. *Goodman v. Staples The*

*Office Superstore, LLC*, 644 F.3d 817, 824, 826 (9th Cir. 2011).  Although the *Goodman* opinion was issued before the addition of Rule 26(a)(2)(C) to the Federal Rules of Civil Procedure, courts have found that the opinion offers helpful guidance in distinguishing between retained experts subject to the written report requirement of Rule 26(a)(2)(B) and non-retained experts to whom Rule 26(a)(2)(C) applies.  *See, e.g.*, *Alsadi v. Intel Corp.*, CV-16-03738-PHX-DGC, 2020 WL 4035169, at *14 (D. Ariz. July 17, 2020).

## V.     Discussion

Unklesbay and Acosta are material fact witnesses to the extent they will testify to the actions they took in reviewing Taylor's Petition for Post-Conviction Relief and in offering him a no-contest plea.  To the extent Unklesbay and Acosta will offer expert opinions, the Court is unconvinced that the written report requirement of Rule 26(a)(2)(B) applies.  Taylor argues that Rule 26(a)(2)(B) is applicable because several of the opinions set forth in the affidavits of Unklesbay and Acosta cannot be reconciled with statements that Unklesbay made during Taylor's post-conviction proceedings.  The Court will address on summary judgment any purported conflicts between the affidavits of Unklesbay and Acosta and the statements made during Taylor's post-conviction proceedings, including Taylor's sham affidavit arguments.  For purposes of Rule 26(a)(2), the Court notes that there is no evidence Unklesbay and Acosta were retained or specially employed by Pima County to provide expert testimony in this case.  *See* Fed. R. Civ. P. 26(a)(2)(B).  Nor is there any evidence that Unklesbay and Acosta reviewed new information provided by defense counsel for purposes of developing opinions beyond those formed during their review of Taylor's Petition for Post-Conviction Relief.  *See Goodman*, 644 F.3d at 826.  To the contrary, their affidavits discuss the review they conducted in 2012-2013 and set forth opinions that they developed during the course of that review.[3]  Accordingly, to the extent Unklesbay and Acosta will testify to expert

---

[3] It is not entirely clear whether Unklesbay and Acosta developed their opinions regarding the constitutionality of Taylor's 2013 plea during the course of the post-conviction proceedings or for purposes of this litigation. Regardless, the Court finds that Unklesbay and Acosta may not testify that Taylor's 2013 plea was uncoerced or that it complied with all ethical and constitutional standards, as those opinions constitute impermissible legal conclusions. *See United States v. Diaz*, 876 F.3d 1194, 1199 (9th

opinions, those opinions are subject to the disclosure requirements of Rule 26(a)(2)(C) rather than Rule 26(a)(2)(B).[4] Taylor does not argue in his Motion that Pima County failed to comply with Rule 26(a)(2)(C)'s disclosure requirements.

Defendants have not established that Unklesbay and Acosta are qualified to opine that the Pioneer Hotel fire was arson. Furthermore, Unklesbay and Acosta cannot opine that Weiss is credible or that the authors of the ARC report are not credible. *See Engesser v. Dooley*, 457 F.3d 731, 736 (8th Cir. 2006) (expert witnesses cannot opine on other witnesses' credibility). However, Unklesbay and Acosta may permissibly testify to their personal assessment of Taylor's Petition for Post-Conviction Relief and how that assessment informed their decision to offer Taylor a no-contest plea, even though their personal assessment involved evaluating the ARC report, Weiss's testimony, and other evidence to determine whether they believed Taylor was wrongfully convicted. Similarly, Acosta cannot offer an expert opinion that Taylor fits the profile of an arsonist, but she may testify as to how her personal belief that he fit such a profile informed her decision to offer the no-contest plea.

Taylor argues that it is irrelevant whether Unklesbay and Acosta considered Pima County's civil litigation exposure in deciding to offer the no-contest plea. (Doc. 395 at 7-8; Doc. 396 at 8; Doc. 403 at 5.) Evidence is relevant if it has any tendency to make more or less probable a fact that is of consequence in determining the action. Fed. R. Evid. 401. Taylor's request for a declaratory judgment expunging his 2013 convictions rests in part upon his assertion that the Pima County Attorney's Office offered him a no-contest plea agreement in order to insulate Pima County from a civil damages judgment. The considerations of the prosecutors who decided to offer the plea—including whether they considered Pima County's financial interests—is relevant to Plaintiff's declaratory judgment claim.

---

Cir. 2017); *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004).
[4] To the extent Taylor argues that Rule 26(a)(2)(C) does not apply because neither Unklesbay nor Acosta is a current Pima County employee (Doc. 395 at 3-4; Doc. 396 at 3-4), the Court notes that Rule 26(a)(2)(C) contains no employee requirement.

- 8 -

Finally, Taylor argues that the statement in Acosta's affidavit concerning LaWall approving the no-contest plea agreement is irrelevant hearsay. (Doc. 396 at 7.) The hearsay argument fails for purposes of summary judgment because it appears that Pima County could present the evidence in admissible form at trial. *See JL Beverage Co. v. Jim Beam Brands Co.*, 828 F.3d 1098, 1110 (9th Cir. 2016) (court may consider hearsay evidence submitted in inadmissible form at summary judgment, "so long as the underlying evidence could be provided in an admissible form at trial"). The relevance argument conflicts with Taylor's averments elsewhere that offering the plea agreement was LaWall's decision. (*See* Doc. 367 at 70 ¶ 689.)[5]

**IT IS ORDERED** that Taylor's Motions in Limine re: Unklesbay and Acosta (Docs. 395, 396) are **denied**, except as set forth above.

Dated this 27th day of March, 2023.

_____
Honorable Rosemary Márquez
United States District Judge

---

[5] The Court notes that Plaintiff failed to respond to Pima County's argument regarding compliance with LRCiv 7.2(l). That uncontested argument provides an additional, independent reason to deny Plaintiff's Motions in Limine. *See* LRCiv 7.2(l) ("No opposed motion in limine will be considered or decided unless moving counsel certifies therein that the movant has in good faith conferred or attempted to confer with the opposing party or counsel in an effort to resolve disputed evidentiary issues that are the subject of the motion.").