**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Louis Taylor, | No. CV-15-00152-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| County of Pima, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Louis Taylor's ("Taylor") Motion in Limine re: Cyrillis Holmes.  (Doc. 397.)[1]  Defendants filed Responses (Docs. 399, 402), and Taylor filed a Reply (Doc. 405).

## I.    Background

In 1972, Taylor was convicted of 28 counts of murder in connection with a deadly fire at the Pioneer Hotel in Tucson, Arizona.  (Doc. 340-9 at 12.)[2]  During Taylor's trial, Cyrillis Holmes ("Holmes") testified as an expert witness for the prosecution and opined that the Pioneer Hotel fire was man-made, with multiple areas of origin ignited within minutes of one another.  (Doc. 338-5 at 45-48.)

In 2012, Taylor filed a Petition for Post-Conviction Relief alleging that new developments in fire science undermined the evidence of arson introduced during his trial.  (Doc. 6-1 at 2-63.)  The Petition relied on a report by the Innocence Project's Arson

---

[1] Other pending motions will be resolved separately.
[2] All record citations refer to the docket and page numbers generated by the Court's electronic filing system.

1    Review Committee that criticized Holmes's trial testimony and concluded the Pioneer
2    Hotel fire could not be classified as arson.  (Doc. 348-2.)  As part of a review of the
3    Petition, the Pima County Attorney's Office deposed Holmes on November 1, 2012.
4    (Doc. 340-10.)  After the conclusion of its review, the Pima County Attorney's Office
5    offered Taylor a plea agreement in which Taylor pled no-contest to the original 28 counts
6    of murder in exchange for a time-served sentence.  (Doc. 6-1 at 73-74.)  A change-of-plea
7    hearing was held on April 2, 2013, and Taylor was released from prison that day.  (Doc.
8    335 at 70-71 ¶¶ 697, 705-707; Doc. 367 at 71-72 ¶ 697, 705-707.)

9        Taylor then filed the above-captioned lawsuit.  (Doc. 1.)  Taylor sues Defendants
10   Pima County and the City of Tucson under 42 U.S.C. § 1983, seeking monetary damages
11   for alleged constitutional violations arising from his 1972 convictions and a declaratory
12   judgment expunging his 2013 convictions.  (Doc. 169.)

13   **II.    Taylor's Motion in Limine re: Cyrillis Holmes**

14       Taylor argues that Holmes's original report and his pretrial and trial testimony
15   from Taylor's criminal proceedings should be excluded because the prosecution's failure
16   to disclose exculpatory evidence denied Taylor a full opportunity to cross-examine
17   Holmes, in violation of Taylor's Sixth Amendment rights.  (Doc. 397 at 1-4.)  Taylor
18   points to Holmes's 2012 deposition testimony, in which Holmes stated that by December
19   30, 1970—before he had concluded his investigation—he had reached a preliminary
20   determination that the Pioneer Hotel fire had been started by an 18-year-old African
21   American male because "blacks at that point, their background was the use of fire for
22   beneficial purposes."  (*Id.* at 2-3; *see also* Doc. 340-10 at 84-86.)  Taylor argues that the
23   2012 statement "would have been critically important to cross examining Holmes" and
24   therefore any use of Holmes's opinions pre-dating the 2012 testimony "would violate the
25   Sixth Amendment."  (Doc. 397 at 3.)  Taylor further argues that Holmes's testimony
26   must be precluded because Pima County did not disclose a written expert report pursuant
27   to Federal Rule of Civil Procedure 26(a)(2)(B).  (*Id.* at 4-5.)  Finally, Taylor argues that
28   Holmes's 1970-71 analysis of the Pioneer Hotel fire is inadmissible under Federal Rule

of Evidence 702 and *Daubert v. Merrell Dow Pharms, Inc.*, 509 U.S. 579 (1993), and that his 2012 analysis was perfunctory and designed only to affirm his original conclusions. (*Id.* at 5-8.)

Defendants argue that Holmes is a percipient witness to Taylor's core allegations in this case and that his 1970s opinions and the bases for those opinions are directly at issue. (Doc. 399 at 12-14; Doc. 402 at 3-4.)[3] Because Holmes is a percipient witness, Defendants contend he was not required to submit a written report pursuant to Federal Rule of Civil Procedure 26(a)(2)(B). (Doc. 402 at 3-4.) Defendants also contend that Taylor's arguments concerning the cause of the Pioneer Hotel fire are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). (Doc. 399 at 3-4; Doc. 402 at 4.) Defendants argue that the Sixth Amendment does not bar Holmes's testimony and that Taylor's Motion improperly seeks dispositive rulings on substantive claims. (Doc. 399 at 4-7; Doc. 402 at 2-3.) Defendants further argue that Taylor's *Daubert* arguments go to the weight of Holmes's opinions rather than their admissibility. (Doc. 402 at 4-5.) Finally, Defendants argue that Plaintiff failed to confer with Defendants prior to filing his Motion, in violation of LRCiv 7.2(l), and failed to preserve his Sixth Amendment and Rule 26(a)(2) objections to Holmes's testimony in his Controverting Statement of Facts. (*Id.* at 2.)

In his Reply, Taylor disputes that *Heck* bars him from litigating whether the Pioneer Hotel fire was arson. (Doc. 405 at 2-3.) He further disputes that his Motion in Limine seeks dispositive rulings on substantive claims. (*Id.* at 6-7.) He argues that Holmes has always been a retained expert for whom Rule 26(a)(2)(B) requires a written report. (*Id.* at 3-5.) He also argues that constitutional violations can render evidence inadmissible in civil proceedings. (*Id.* at 7-9.) Finally, he argues that Holmes's analysis is useless and fails *Daubert*, and that the jury can resolve Taylor's claims without hearing the testimony. (*Id.* at 2, 5-6, 10.) Taylor does not respond to Defendants' arguments concerning LRCiv 7.2(l) and the preservation of objections.

. . . .

---

[3] Defendants join in one another's Responses. (*See* Doc. 399 at 1; Doc. 402 at 1.)

### III.    Discussion

Even assuming that the prosecution in Taylor's criminal trial should have disclosed that Holmes had concluded, prior to finishing his investigation, that an African American had started the Pioneer Hotel fire, the failure to disclose that evidence did not violate the Sixth Amendment's Confrontation Clause.  "The Confrontation Clause does not require that the prosecution disclose evidence that would help the defense effectively cross-examine a prosecution witness." *Coleman v. Calderon*, 150 F.3d 1105, 1112 (9th Cir. 1998), *rev'd on other grounds*, 525 U.S. 141 (1998); *see also Pennsylvania v. Ritchie*, 480 U.S. 39, 52-54 (1987) (the prosecution's failure to disclose evidence potentially useful to a defendant's cross examination of a witness does not violate the Confrontation Clause).   Accordingly, Taylor has failed to show that the Sixth Amendment requires the exclusion of Holmes's original report and prior pretrial and trial testimony.

Taylor has also failed to show that Federal Rule of Civil Procedure 26(a)(2)(B)'s written report requirement is applicable.   A party's expert disclosure must be accompanied by a written report prepared and signed by the witness "if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B).  Holmes was retained as an expert witness in Taylor's criminal trial, but Taylor has presented no evidence that Pima County or the City of Tucson retained or specially employed Holmes to provide expert testimony in this civil action.  Furthermore, Taylor has presented no evidence that Holmes reviewed any new information provided by defense counsel for purposes of developing opinions beyond those formed during his original 1970s analysis or 2012 review.  *See Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 824, 826 (9th Cir. 2011) (holding that a treating physician is considered a percipient witness who is exempt from Rule 26(a)(2)(B)'s written report requirement "to the extent that his opinions were formed during the course of treatment," but that Rule 26(a)(2)(B) requires a written report if the treating physician was retained to

review new information and offer opinions developed for purposes of the litigation).

The Court will resolve on summary judgment the issue of whether *Heck* bars Taylor from litigating his innocence and the cause of the Pioneer Hotel fire. If the Court finds there is no *Heck* bar, the Court will then resolve whether Holmes's testimony can support a finding that the Pioneer Hotel fire was caused by arson. Accordingly, the Court will take Taylor's Motion in Limine under advisement to the extent it seeks rulings on those issues.[4]

**IT IS ORDERED** that Plaintiff's Motion in Limine re: Cyrillis Holmes (Doc. 397) is **denied** to the extent it argues that Holmes's testimony must be excluded due to a violation of the Sixth Amendment or for failure to comply with the written report requirement of Federal Rule of Civil Procedure 26(a)(2)(B). The Motion is otherwise taken under advisement.

Dated this 27th day of March, 2023.

_____
Honorable Rosemary Márquez
United States District Judge

---

[4] Because Taylor's counsel did not certify that Taylor conferred in good faith prior to filing his Motion in Limine, LRCiv 7.2(l) provides an additional, independent basis for denying the Motion to the extent it raises non-*Daubert* arguments. *See* LRCiv 7.2(l) ("No opposed motion in limine will be considered or decided unless moving counsel certifies therein that the movant has in good faith conferred or attempted to confer with the opposing party or counsel in an effort to resolve disputed evidentiary issues that are the subject of the motion.") However, LRCiv 7.2(l) does not necessarily preclude consideration of Taylor's *Daubert* arguments. *See Alsadi v. Intel Corp.*, No. CV- 16-03738-PHX-DGC, 2019 WL 4849482, at *1 n.1 (D. Ariz. Sept. 30, 2019) (finding LRCiv 7.2(l) inapplicable to *Daubert* motions). Furthermore, although Taylor does not contest Defendants' argument that he failed to preserve his Sixth Amendment and Rule 26(a)(2) objections, Defendants do not argue that Taylor failed to preserve his *Daubert* arguments. (*See* Doc. 402 at 2.)