1  MILLER, PITT, FELDMAN & McANALLY, P.C.
   Stanley G. Feldman, SBN 000838
2  Peter Timoleon Limperis, SBN 019175
   Timothy P. Stackhouse, SBN 30609
3  One S. Church Ave., Ste. 1000
   Tucson, AZ 85701-1620
4  (520) 792-3836
5  sfeldman@mpfmlaw.com
   plimperis@mpfmlaw.com
6  tstackhouse@mpfmlaw.com
   me@mpfmlaw.com
7
8  THE LEADER LAW FIRM, P.C.
   John P. Leader, SBN 012511
9  405 W. Cool Dr. Ste. 107
   Tucson, AZ  85705
10 Phone (520) 575-9040
   Fax (520) 575-9340
11 john@leaderlawaz.com
12 Attorneys for Plaintiff

13        **IN THE UNITED STATES DISTRICT COURT**
              **FOR THE DISTRICT OF ARIZONA**
14

15 Louis Taylor, a single man,                    **No.  CV-15-00152-TUC-RM**

16              Plaintiff,
                                                  **REPLY IN SUPPORT OF RULE 25(B)**
17 vs.                                            **MOTION TO SUBSTITUTE PARTY**

18 Pima County, a body politic; The City
   of Tucson, a body politic,                     **JUDGE MARQUEZ**
19

20              Defendants.

21
        Taylor files this Reply on a motion that should not, in good faith, be opposed.
22
        Louis Taylor recently had a legal Guardian and Conservator appointed under
23
24 Arizona law.  When a litigant has a Guardian, the Guardian brings the action on the
25

protected person's behalf.  This is basic law, yet, as with just about everything else in this litigation, defense counsel finds a way to argue about it.

The purported reason for the objection is a semantic dance ("incompetent" vs. "incapacitated") around the point: FRCP 25(b) is the basis for substitution under the circumstances presented here and there is no meaningful difference between "incompetent" and "incapacitated" ("in the context of someone seeking to pursue litigation in federal court on his own behalf, we interpret the term 'incompetent person' in Rule 17(c) to refer to a person without the capacity to litigate under the law of his state of domicile and, hence, under Rule 17(b).") *Thomas v. Humfield*, 916 F.2d 1032, 1035 (5th Cir. 1990).  That is exactly the situation here – because Taylor has a legally appointed Guardian and Conservator, he lacks the legal capacity to litigate.

Defendants do not object to substitution, but suggest it should be under Rule 25(c), rather than 25(b).  The Court should reject this argument and grant the motion under Rule 25(b).

Moreover, Arizona law does not use "incompetent," as Defendant suggests.  It uses the word "incapacitated." *ARPP 2*. "Incapacitated" is also the word used in ARCP 25(b). In fact, Rule 25 was amended in 2023 to, in part, change the operative term from "incompetent" to "incapacitated" because "incompetent" is not the statutory standard for appointing a guardian and the term is otherwise confusing. Ex. 1, *Petition to Amend Rule 17 at p. 4 (Rule 25 amended to be consistent)*. Under Ariz. law, which applies here, Taylor is "incompetent", and the guardian should be

substituted here. *Thomas*, at 1035 ("[T]he law of an individual's domicile determines the individual's competence to sue on his own behalf for the purposes of Rule 17(c).").

It appears that the real reason for the opposition is that the County doesn't want the jury knowing of Taylor's incapacities.  That will be an issue for limine motions.  Taylor timely disclosed the psycho/medical evaluations done as part of the state court protection proceedings and many of those findings are directly relevant in this case.

The Defendants also wrongly assert as supposed support for its argument, that Louis Taylor's voting rights were not revoked. The argument fails and is otherwise irrelevant to the motion. Under A.R.S. § 14-5304.02, only a ward under a *limited* guardianship can retain the right to vote and must petition the court to do so. This was not a limited guardianship and there was no petition to retain voting rights. Taylor did not retain the right to vote.

The motion should be granted under Rule 25(b), and the caption should be changed to reflect Nina Alley as the Plaintiff in her capacity as Conservator and Guardian of Louis Taylor.

DATED April 24, 2023.

MILLER, PITT, FELDMAN & MCANALLY, P.C.

By: */s/ Peter Timoleon Limperis*
       Stanley G. Feldman
       Peter Timoleon Limperis
       Timothy P. Stackhouse
       *Attorneys for Plaintiff*

THE LEADER LAW FIRM, P.C.

By: */s/John P. Leader*
John P. Leader
*Attorneys for Plaintiff*

I hereby certify that on April 24, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECR System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECR registrants:

Daniel P. Struck
Nicholas D. Acedo
Jacob B. Lee
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
dstruck@strucklove.com
nacedo@strucklove.com
jlee@strucklove.com
*Attorneys for Defendant Pima County*

Michelle Saavedra
Dennis McLaughlin
Principal Assistant City Attorneys for
Michael G. Rankin
CITY OF TUCSON
PO Box 27210
Tucson, AZ 85726-7210
*Attorneys for Defendant City of Tucson*

# EXHIBIT 1

1   Lisa M. Panahi, Bar No. 023421
2   General Counsel
    State Bar of Arizona
3   4201 N. 24th Street, Suite 100
    Phoenix, AZ  85016-6288
4   (602) 340-7236

5

6
                    **IN THE SUPREME COURT**
7                     **STATE OF ARIZONA**

8
    In the Matter of:                    Supreme Court No. R-22-
9
    **PETITION TO AMEND RULE 17**             **PETITION**
10  **OF THE ARIZONA RULES OF**
    **CIVIL PROCEDURE AND ADD**
11  **NEW RULE 17.1**

12

13       Pursuant to Rule 28 of the Arizona Rules of the Supreme Court, the State Bar

14  of Arizona ("the State Bar") petitions this Court to amend Rule 17 of the Arizona

15
    Rules of Civil Procedure and add Rule 17.1.  The State Bar believes the proposed
16
17  changes would conform the language of Rule 17 to that of current statutes and rules,

18  more precisely defining the appropriate parties to an action, as well as clarifying who

19  may bring an action on behalf of or defend an action against a minor, adult in need
20
21  of protection or incapacitated person. The State Bar believes the proposed

22  amendments will help judges and practitioners, both of whom participated in

23  drafting the proposed changes, better assess and identify the proper parties to an
24

25

                                            1

action.  In doing so, the proposed changes will better protect the rights of parties who otherwise might not have the ability to do so on their own.

Appendix A is a blackline showing the proposed amendments to Rule 17.  A clean version of the proposed amendments to Rule 17 is attached as Appendix B. Appendix C is a blackline of proposed new Rule 17.1.  A clean version of proposed new Rule 17.1 is attached as Appendix D.  Finally, Appendix E is a blackline of Rule 37.1 Arizona Rules of Family Law Procedure, which was recently adopted by the Supreme Court on an emergency basis, and upon which proposed new Rule 17.1 is modeled.

## I.   PROPOSED RULE 17(a) DEFINITIONS

Rules 17(a) and 17(f) identify individuals who may bring or defend against an action on behalf of another individual such as a "conservator" or "guardian."  The State Bar proposes amending Rule 17(a) to define these important terms, and others used throughout Rule 17, with reference to the statutes defining them.

## II.   RENUMBERING OF REMAINING SUBSECTIONS OF RULE 17

The remaining subsections of proposed Rule 17 would be renumbered in their current order with Rule 17(a) becoming proposed Rule 17(b) and so forth.

## III.   PROPOSED RULES 17(b) AND 17(c) REPRESENTATIVES ENTITLED TO BRING AN ACTION

Current Rule 17(a) lists those individuals and entities who may bring an action

2

in a representative capacity without joining the person or entity for whose benefit the action is brought.  Proposed Rule 17(b) would remain essentially the same as current Rule 17(a), except the term "executor," used in current Rule 17(a)(1)(A), would be eliminated in proposed Rule 17(b)(1)(A) and the term "administrator," used in current Rule 17(a)(1)(B), would be replaced with the term "conservator" in proposed Rule 17(b)(1)(B).  "Executors" and "administrators" are not currently defined in Arizona statutes; therefore, they do not technically describe legal representatives and are confusing as used in the current Rule.

Similarly, the terms "executor" and "administrator" used in current Rule 17(b) would be eliminated and replaced with the more accurate and precise term "personal representative."  Proposed Rule 17(c) also would replace the term "testator or intestate" with the term "decedent" and would eliminate references to "guardian" and "conservator" because, statutorily, the powers of those two fiduciaries terminate upon the death of the ward or protected person.

The State Bar believes these proposed amendments would bring the language of Rule 17 into line with current law and terminology, clarifying the appropriate representative to bring an action.

## IV.    PROPOSED RULE 17(g) MINORS, INCAPACITATED PERSONS AND ADULTS IN NEED OF PROTECTION

The renumbering resulting from the proposed edits to Rule 17 would move

the substance in current subsection (f) to subsection 17(g). The proposed Rule 17(g) is a substantially revised iteration of what currently exists under Rule 17(f).

**A.    Substitution of "Incapacitated Person or Adult in Need of Protection" for "Incompetent Person"**

The undefined and confusing term "incompetent person" used in current Rule 17(f) would be replaced with the term "incapacitated person or adult in need of protection" in proposed Rule 17(g).   "Incompetence" is not the statutory standard for the appointment of a guardian or conservator for an adult.   Under Arizona Revised Statutes, Title 14, a conservator typically is the court-appointed fiduciary who has legal authority to manage the estate of an adult who is incapable of managing that person's own property and financial affairs.  *See* A.R.S. § 14-1201(10) (defining "conservator").  The person for whom a conservator has been appointed is called a "protected person." *See* A.R.S. § 14-5101(10).  The legal bases for which a court may appoint a conservator, or make another protective order, for an adult are described in A.R.S. § 14-5401(A)(2).  Thus, a person for whom the court may appoint a conservator should be referred to as "an incapacitated person or an adult in need of protection."

**B.    Order in which Representatives Have the Right to Control an Action Involving a Minor, and Incapacitated Person or an Adult in Need of Protection**

Proposed Rules 17(g)(1)(A) and (B) state whom may bring or defend against

4

an action on behalf of a minor, and in what order. The order set forth in Rule 17(g) is as follows: a conservator under proposed Rule 17(g)(1)(A)(i);a guardian under proposed Rule 17(g)(1)(A)(ii); then a guardian *ad litem* appointed in a dependency proceeding under proposed Rule 17(g)(1)(B).

Similarly, proposed Rule 17(g)(2) sets forth the order in which court-appointed representatives have the right to bring or defend against an action on behalf of an incapacitated person or an adult in need of protection. The proposed order is conservator, and then a guardian.

## C.   Right of a Minor's Parents to Serve in Representative Capacity

Proposed Rules 17(g)(1)(C)-(G) state the previously unrecognized right of a minor's parents, as the minor's natural guardians, to bring or defend against an action on behalf of the minor. Proposed Rules 17(g)(1)(C)-(G) explain when a parent may bring or defend against an action on behalf of a minor child based on the relationship of the parents to each other and to the minor including the parents' marital status, legal decision-making authority, and parental rights.

## D.   Judgments in Favor of Minors

Proposed Rule 17(g)(1)(H) reminds practitioners that when a parent brings an action on behalf of a minor child, and a judgment is entered on behalf of the minor child in an amount greater than $10,000.00, the parent may not receive more than

$10,000.00 of the judgment on behalf of the minor child in any single year unless either the parent has been appointed the minor's conservator or another protective order has been entered pursuant to A.R.S. §§ 14-5408 or 14-5409. *See* A.R.S. § 14-5103.

## V. RULE 17.1 DETERMINING WHEN AN ADULT MIGHT BE INCAPACITATED OR IN NEED OF PROTECTION

Finally, proposed Rule 17(g)(3) refers judges and practitioners to the mechanisms provided by proposed Rule 17.1 for the appointment of a guardian *ad litem* when a party or court has reasonable grounds to believe an adult party might be an incapacitated person or an adult in need of protection and in need of a guardian or conservator. In turn, Proposed Rule 17.1 authorizes the appointment of a guardian *ad litem* for the limited purpose of investigating whether the adult party thought to be incapacitated or in need of protection is in fact incapacitated or in need of protection and, if so, initiating and prosecuting appropriate proceedings under Arizona Revised Statutes, Title 14, Chapter 5.

Proposed Rule 17.1 modernizes and clarifies the appropriate procedure for appointing a guardian *ad litem* in part by recognizing that a "next friend," as that term is currently used in Rule 17(f)(2)(A), is not a proper representative party to an action. More importantly, unlike Rule 17, proposed Rule 17.1 describes the guardian *ad litem's* qualifications, role, and authority in determining whether a party is

6

incapacitated or in need of protection.  This procedural clarity will promote uniformity in the appointment of guardians *ad litem* and in the execution of a guardian *ad litem's* duties in determining who the proper party to a lawsuit might be. More importantly, the mechanisms created by proposed Rule 17.1 better protect the interests of parties who are incapacitated or in need of protection and prevent another person from claiming the right to bring or defend against an action in a representative capacity on behalf of an adult who is not in need of protection.

Proposed Rule 17.1 is modeled after Arizona Rule of Family Law Procedure 37.1, which this Court recently adopted on an emergency basis for essentially the same purpose. The State Bar believes Rule 37.1 is a good rule.  Here, Rule 37.1 was modified as necessary to incorporate it into the Arizona Rules of Civil Procedure as Rule 17.1.  As set forth in the blackline of Rule 37.1 attached as Appendix D, only one significant change was made.  That change addresses the guardian *ad litem's* compensation. A.R.S. § 25-1501(C) allows the court in a family law proceeding to order a guardian *ad litem*'s compensation to be paid from the incapacitated person's property, the marital community, or the county.  No statute governs a guardian *ad litem's* compensation civil actions.  Consequently, proposed Rule 17.1, like existing Rule 17(f)(2)(E), requires the guardian *ad litem*'s compensation to be taxed as part of the action's costs.

1

**CONCLUSION**

2

3      The State Bar of Arizona believes the proposed amendments to Rule 17 and

4 proposed new Rule 17.1 will substantially improve the guidance currently provided

5 by Rule 17 and more accurately capture the current state of the law.  The State Bar

6 respectfully requests Rule 17 be amended, and Rule 17.1 be adopted, as set forth

7 above.

8

9      RESPECTFULLY SUBMITTED this 10th day of January, 2022.

10

11                                    _____

12                                    Lisa M. Panahi
                                       General Counsel
13

14

15 Electronic copy filed with the
16 Clerk of the Supreme Court of Arizona
   this 10th day of January, 2022.
17

18 by: _____
19

20

21

22

23

24

25

8

# Appendix A

**Rule 17.  Plaintiff and Defendant~~; Capacity; Public Officers~~**

**(a)  _Definitions._**

_(1)  "Adult in need of protection" means a person 18 years of age or older for whom the court could appoint, or has appointed, a conservator or entered another protective order under A.R.S. § 14-5401(A)(2)._

_(2)  "Conservator" is defined in A.R.S. § 14-1201._

_(3)  "Guardian" is defined in A.R.S. § 14-1201 and includes a guardian appointed pursuant to A.R.S. title 8, chapter 4, article 12._

_(4)  "Joint legal decision-making" is defined in A.R.S. § 25-401._

_(5)  "Legal decision-making" is defined in A.R.S. § 25-401.  A parent has legal decision-making, whether joint or sole, for that parent's minor child only if a court of competent jurisdiction has awarded that parent legal decision-making._

_(6)  "Legal parent" is defined in A.R.S. § 25-401._

_(7)  "Personal representative" is defined in A.R.S. § 14-1201._

_(8)  "Sole legal decision-making" is defined in A.R.S. § 25-401._

**(b)  Real Party in Interest.**

(1)  _Designation Generally._  An action must be prosecuted in the name of the real party in interest.  The following may sue in their own names without joining the person _or entity_ for whose benefit the action is brought:

(A)  a personal representative ~~or executor~~;

(B)  ~~an administrator~~ a conservator;

(C)  a guardian;

(D)  a bailee;

(E)  a trustee of an express trust;

(F)  a party with whom or in whose name a contract has been made for another's benefit; and

(G)  a party authorized by statute.

(2) *Action in the Name of the State for Another's Use or Benefit.*  When a state statute so provides, an action for another's use or benefit must be brought in the name of the State of Arizona.

(3) *Joinder of the Real Party in Interest.*  The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action.  After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

(b~~c~~) **Actions by** ~~Personal Representatives~~**or Against a Decedent**; Setting Aside Judgment. ~~An executor, administrator, or guardian~~ A personal representative may commence or maintain any action that ~~the testator or intestate~~a decedent could have commenced or maintained, and an action may be brought against ~~an executor, administrator, or guardian~~a personal representative if it could have been brought against ~~the testator or intestate.~~a decedent.  The judgment in such an action is as conclusive as if it was rendered in favor of or against the ~~testator or intestate.~~decedent.  An interested person may apply to set aside the judgment on the ground that it resulted from fraud or collusion by the ~~executor, administrator, or guardian~~personal representative.

(~~c~~d) **Actions by or Against a County, City, or Town.**  An action brought by or against a county or an incorporated city or town must use its corporate name when identifying it as a party.

(~~d~~e) **Public Officer's Title and Name.**  A public officer who sues or is sued in an official capacity may be identified as a party by the officer's official title, rather than by name, if it is sufficient to identify the particular public officer being sued, but the court may require the officer's name to be used or added to identify the officer as the party.

(~~e~~f) **Actions Against a Surety, Assignor, or Endorser.**  A plaintiff may sue a contractual assignor, endorser, guarantor, surety, or the drawer of a bill that has been accepted, without joining the maker, acceptor, or other principal obligor if:

(1)  the latter resides outside Arizona, or in a part of Arizona where it cannot be served under Rule 4, 4.1, or 4.2;

(2)  the latter's residence is unknown and cannot be ascertained through reasonable diligence;

(3) the latter is dead; or

(4) the latter is insolvent.

~~(f) Minor or Incompetent Person.~~

**(g)  Actions by or Against a Minor, an Incapacitated Person or an Adult in Need of Protection.**

(1) ~~*With a Representative.* The following representatives~~ *By or Against a Minor.*  An action may ~~sue~~be brought by, or defended against, a minor as follows.

    (A)  Conservator or Guardian.  Notwithstanding any provision of this rule to the contrary:

        (i)  if the minor has a conservator, only the conservator may bring, or defend ~~on behalf of a minor or an incompetent person:~~against, the action unless the court that appointed the conservator orders otherwise; and

    ~~(A) a general guardian;~~
    ~~(B) a conservator; or~~
    ~~(C) a similar fiduciary.~~
~~(2) *Without a Representative*.~~
    ~~(A) Generally. A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem or issue another appropriate order to protect a minor or incompetent person who is unrepresented in an action.~~
        ~~(B) Consent.~~(ii)  if the minor has a guardian, but not a conservator, only the guardian may bring, or defend against, the action, unless the court that appointed the guardian orders otherwise.

    (B)  Guardian *ad Litem* Appointed in Dependency Proceeding.  Notwithstanding any provision of this rule to the contrary, if a court of competent jurisdiction has adjudicated the minor to be dependent as to both of the minor's legal parents, and if the minor does not have either a conservator or a guardian, but that same court has appointed a guardian *ad litem* and granted the guardian *ad litem* the authority to do so, the guardian *ad litem* must bring, or defend against, the action.

    (C)  Parents Married to Each Other and Not Legally Separated.  If the minor's legal parents are married to each other and not legally separated, both legal parents must bring, or defend against, the action unless the parents agree otherwise in a writing signed by both and filed with the court or the court in which the action is pending orders otherwise.

    (D)  Parents Married to Each Other but Legally Separated.

        (i)  Joint Legal Decision-Making Authority.  If a minor's legal parents are married to each other, but are legally separated and have joint legal decision-making authority for the minor, both legal parents must bring, or defend against, the action, unless the legal parents agree otherwise in a writing signed by both and filed with the court or the court in which the action is pending orders otherwise.

        (ii)  Sole Legal Decision-Making Authority.  If the minor's legal parents are married to each other, but are legally separated, and one legal parent has sole legal decision-making authority for the minor, the legal parent with sole legal decision making authority for the minor must bring, or defend against, the action.

(E)  Parents Not Married to Each Other.

(i)  Joint Legal Decision-Making Authority.  If the minor's legal parents are not married to each other and have joint legal decision-making authority for the minor, both legal parents must bring, or defend against, the action, unless the legal parents agree otherwise in a writing signed by both and filed with the court or the court in which the action is pending orders otherwise.

(ii)  Sole Legal Decision-Making Authority.  If the minor's legal parents are not married to each other and one legal parent has sole legal decision-making authority for the minor, only the legal parent with sole legal decision making authority for the minor may bring, or defend against, the action.

(iii)  Without Court Order for Legal Decision-Making Authority.  If the minor's legal parents are not married to each other, and a court of competent jurisdiction has not entered a legal decision-making order for the minor, both legal parents must bring, or defend against, the action, unless the legal parents agree otherwise in a writing signed by both and filed with the court or the court in which the action is pending orders otherwise.

(F)  One Living Parent. If the minor has only one living legal parent, that legal parent may bring, or defend against, the action.

(G)  Termination or Suspension of Parental Rights.  Notwithstanding any provision of this rule to the contrary, a parent whose parental rights have been terminated by court order, or suspended by the appointment of a guardian for the parent's minor child, may not bring, or defend against, the action.

(H) Judgment in Minor's Favor.  If an action results in a judgment in favor of a minor in an amount greater than $10,000.00, the minor's parent or guardian may not receive any part of the judgment in an amount greater than $10,000.00 per annum unless a court of competent jurisdiction has either appointed the parent or guardian as the minor's conservator or entered another protective order under A.R.S. §§ 14-5408 or 14-5409.

(2)  *By or Against an Incapacitated Person or an Adult in Need of Protection.*  An action involving a party who is an incapacitated person or an adult in need of protection may be brought, or defended against, by the party's conservator, or, if no conservator has been appointed, by the party's guardian.

(3)  *Determining When a Person May Be an Incapacitated Person or an Adult in Need of Protection*.  If the court has reasonable grounds to believe that a party is an incapacitated person or an adult in need of protection, and that party does not have a guardian or conservator, the court may appoint a guardian *ad litem* as prescribed in Rule 17.1.

(4)  *No* ~~person may be appointed guardian ad litem unless that person files a written consent to the appointment.~~

~~(C) Bond. If a next friend or guardian ad litem brings an action on behalf of a minor, that person may not receive any of the minor's money or property without filing a bond as security in an amount and under such terms as the court approves.~~

~~(D)~~ *Liability for Costs.*  Unless the court orders otherwise, ~~a next friend or guardian ad litem may not be held~~ neither a minor's parent, a conservator or guardian of a minor, an incapacitated person or adult in need of protection, a guardian *ad litem* appointed in a dependency proceeding, nor a guardian *ad litem* appointed under Rule 17.1 is personally liable for the taxable costs incurred by any party in an action by or against the minor or adult in need of protection.

~~(E) Compensation. The court may award reasonable compensation to a next friend or a guardian ad litem for their services, which must be taxed as part of the action's costs.~~

~~(g)~~ **(h)  Partnerships.**  A partnership may sue and be sued in the name that it has adopted or by which it is known.

### ~~STATE BAR COMMITTEE NOTE~~

~~**1966**~~

### **Comment to 2023** Amendment ~~to Rule 17(a)(3)~~

~~The provision that no action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed, after the objection has been raised, for ratification, substitution, etc., is added simply in the interests of justice. In its origin the rule concerning the real party in interest was permissive in purpose: it was designed to allow an assignee to sue in his own name. That having been accomplished, the modern function of the rule in its negative aspect is simply to protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata.~~

~~The provision is intended to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made. It does not mean, for example, that, following an airplane crash in which all aboard were killed, an action may be filed in the name of John Doe (a fictitious person), as personal representative of Richard Roe (another fictitious person), in the hope that at a later time the attorney filing the action may substitute the real name of the real personal representative of a real victim, and have the benefit of suspension of the limitation period. It does not even mean, when an action is filed by the personal representative of John Smith, of Buffalo, in the good faith belief that he was aboard the flight, that upon discovery that Smith is alive and well, having missed the fatal flight, the representative of James Brown, of San Francisco, an actual victim, can be substituted to take advantage of the suspension of the limitation period. It is, in cases of this sort, intended to insure against forfeiture and injustice—in short, to codify in broad terms the salutary principle of *Levinson v. Deupree*, 73 S. Ct. 914, 345 U.S. 648, 97 L. Ed. 1319 (1953), and *Link Aviation, Inc. v. Downs*, 325 F.2d 613 (D.C. Cir. 1963). The amendment does not alter the results of existing Arizona decisions.~~

The 2023 amendments are not intended to disturb "the usual rule—that parents who are not attorneys may not bring a pro se action on their child's behalf . . . ."  *See Byers-Watts v. Parker*, 199 Ariz. 466, 471 (App. 2001), as amended (Mar. 29, 2001).

# Appendix B

## Rule 17.  Plaintiff and Defendant

**(a)  Definitions.**

(1)  "Adult in need of protection" means a person 18 years of age or older for whom the court could appoint, or has appointed, a conservator or entered another protective order under A.R.S. § 14-5401(A)(2).

(2)  "Conservator" is defined in A.R.S. § 14-1201.

(3)  "Guardian" is defined in A.R.S. § 14-1201 and includes a guardian appointed pursuant to A.R.S. title 8, chapter 4, article 12.

(4)  "Joint legal decision-making" is defined in A.R.S. § 25-401.

(5)  "Legal decision-making" is defined in A.R.S. § 25-401.  A parent has legal decision-making, whether joint or sole, for that parent's minor child only if a court of competent jurisdiction has awarded that parent legal decision-making.

(6)  "Legal parent" is defined in A.R.S. § 25-401.

(7)  "Personal representative" is defined in A.R.S. § 14-1201.

(8)  "Sole legal decision-making" is defined in A.R.S. § 25-401.

**(b)  Real Party in Interest.**

(1)  *Designation Generally.*  An action must be prosecuted in the name of the real party in interest.  The following may sue in their own names without joining the person or entity for whose benefit the action is brought:

      (A)  a personal representative;

      (B)  a conservator;

      (C)  a guardian;

      (D)  a bailee;

      (E)  a trustee of an express trust;

      (F)  a party with whom or in whose name a contract has been made for another's benefit; and

      (G)  a party authorized by statute.

(2) *Action in the Name of the State for Another's Use or Benefit*.  When a state statute so provides, an action for another's use or benefit must be brought in the name of the State of Arizona.

(3) *Joinder of the Real Party in Interest*.  The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action.  After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

**(c)   Actions by or Against a Decedent; Setting Aside Judgment.**   A personal representative may commence or maintain any action that a decedent could have commenced or maintained, and an action may be brought against a personal representative if it could have been brought against a decedent.  The judgment in such an action is as conclusive as if it was rendered in favor of or against the decedent.  An interested person may apply to set aside the judgment on the ground that it resulted from fraud or collusion by the personal representative.

**(d)  Actions by or Against a County, City, or Town.**  An action brought by or against a county or an incorporated city or town must use its corporate name when identifying it as a party.

**(e)  Public Officer's Title and Name.**  A public officer who sues or is sued in an official capacity may be identified as a party by the officer's official title, rather than by name, if it is sufficient to identify the particular public officer being sued, but the court may require the officer's name to be used or added to identify the officer as the party.

**(f)  Actions Against a Surety, Assignor, or Endorser.**  A plaintiff may sue a contractual assignor, endorser, guarantor, surety, or the drawer of a bill that has been accepted, without joining the maker, acceptor, or other principal obligor if:

(1)  the latter resides outside Arizona, or in a part of Arizona where it cannot be served under Rule 4, 4.1, or 4.2;

(2)  the latter's residence is unknown and cannot be ascertained through reasonable diligence;

(3)  the latter is dead; or

(4)  the latter is insolvent.

**(g)  Actions by or Against a Minor, an Incapacitated Person or an Adult in Need of Protection.**

(1) *By or Against a Minor*.  An action may be brought by, or defended against, a minor as follows.

(A)  Conservator or Guardian.  Notwithstanding any provision of this rule to the contrary:

(i)  if the minor has a conservator, only the conservator may bring, or defend against, the action unless the court that appointed the conservator orders otherwise; and

(ii)  if the minor has a guardian, but not a conservator, only the guardian may bring, or defend against, the action, unless the court that appointed the guardian orders otherwise.

(B)  Guardian *ad Litem* Appointed in Dependency Proceeding.  Notwithstanding any provision of this rule to the contrary, if a court of competent jurisdiction has adjudicated the minor to be dependent as to both of the minor's legal parents, and if the minor does not have either a conservator or a guardian, but that same court has appointed a guardian *ad litem* and granted the guardian *ad litem* the authority to do so, the guardian *ad litem* must bring, or defend against, the action.

(C)  Parents Married to Each Other and Not Legally Separated.  If the minor's legal parents are married to each other and not legally separated, both legal parents must bring, or defend against, the action unless the parents agree otherwise in a writing signed by both and filed with the court or the court in which the action is pending orders otherwise.

(D)  Parents Married to Each Other but Legally Separated.

(i)  Joint Legal Decision-Making Authority.  If a minor's legal parents are married to each other, but are legally separated and have joint legal decision-making authority for the minor, both legal parents must bring, or defend against, the action, unless the legal parents agree otherwise in a writing signed by both and filed with the court or the court in which the action is pending orders otherwise.

(ii)  Sole Legal Decision-Making Authority.  If the minor's legal parents are married to each other, but are legally separated, and one legal parent has sole legal decision-making authority for the minor, the legal parent with sole legal decision making authority for the minor must bring, or defend against, the action.

(E)  Parents Not Married to Each Other.

(i)  Joint Legal Decision-Making Authority.  If the minor's legal parents are not married to each other and have joint legal decision-making authority for the minor, both legal parents must bring, or defend against, the action, unless the legal parents agree otherwise in a writing signed by both and filed with the court or the court in which the action is pending orders otherwise.

(ii)  Sole Legal Decision-Making Authority.  If the minor's legal parents are not married to each other and one legal parent has sole legal decision-making authority for the minor, only the legal parent with sole legal decision making authority for the minor may bring, or defend against, the action.

(iii)  Without Court Order for Legal Decision-Making Authority.  If the minor's legal parents are not married to each other, and a court of competent

jurisdiction has not entered a legal decision-making order for the minor, both legal parents must bring, or defend against, the action, unless the legal parents agree otherwise in a writing signed by both and filed with the court or the court in which the action is pending orders otherwise.

(F)  One Living Parent. If the minor has only one living legal parent, that legal parent may bring, or defend against, the action.

(G)  Termination or Suspension of Parental Rights.  Notwithstanding any provision of this rule to the contrary, a parent whose parental rights have been terminated by court order, or suspended by the appointment of a guardian for the parent's minor child, may not bring, or defend against, the action.

(H)  Judgment in Minor's Favor.  If an action results in a judgment in favor of a minor in an amount greater than $10,000.00, the minor's parent or guardian may not receive any part of the judgment in an amount greater than $10,000.00 per annum unless a court of competent jurisdiction has either appointed the parent or guardian as the minor's conservator or entered another protective order under A.R.S. §§ 14-5408 or 14-5409.

(2)  *By or Against an Incapacitated Person or an Adult in Need of Protection.*  An action involving a party who is an incapacitated person or an adult in need of protection may be brought, or defended against, by the party's conservator, or, if no conservator has been appointed, by the party's guardian.

(3)  *Determining When a Person May Be an Incapacitated Person or an Adult in Need of Protection.*  If the court has reasonable grounds to believe that a party is an incapacitated person or an adult in need of protection, and that party does not have a guardian or conservator, the court may appoint a guardian *ad litem* as prescribed in Rule 17.1.

(4)  *No Liability for Costs.*  Unless the court orders otherwise, neither a minor's parent, a conservator or guardian of a minor, an incapacitated person or adult in need of protection, a guardian *ad litem* appointed in a dependency proceeding, nor a guardian *ad litem* appointed under Rule 17.1 is personally liable for the taxable costs incurred by any party in an action by or against the minor or adult in need of protection.

 **(h)  Partnerships.**  A partnership may sue and be sued in the name that it has adopted or by which it is known.


**Comment to 2023 Amendment**

The 2023 amendments are not intended to disturb "the usual rule-that parents who are not attorneys may not bring a pro se action on their child's behalf . . . ."  *See Byers-Watts v. Parker*, 199 Ariz. 466, 471 (App. 2001), as amended (Mar. 29, 2001).

# Appendix C

## Rule 17.1 Appointment of a Guardian ad Litem for an Alleged Incapacitated Person or an Adult in Need of Protection

**(a) Appointment.** Any party in a civil proceeding governed by the Arizona Rules of Civil Procedure may move for the appointment of a guardian ad litem (hereinafter referred to as a "GAL") for a party who might be incapacitated or in need of protection (hereinafter referred to as the "subject person"), including the attorney for the subject person. On such motion, or on its own initiative, the court may appoint a GAL for a party if the court finds reasonable cause to believe that the party is, or may be, an incapacitated person or an adult in need of protection and the party is or may be in need of a guardian or conservator, or both, or other protective order under Chapter 5 of Title 14 of the Arizona Revised Statutes. The court must notify the parties and the GAL of the appointment within 3 days.

**(b) GAL's Qualifications.** A GAL appointed under this rule must be an attorney licensed to practice in Arizona. A GAL must not ever have represented any of the parties; must not be related to any party or to a party's attorney; and must have no personal interest in the civil proceeding.

**(c) Stay of Proceedings Upon Appointment.** Unless the court orders otherwise, the court's appointment of a GAL under this rule automatically stays the civil proceeding, except that all previously issued orders remain in effect. This stay remains in effect until the court enters an order lifting the stay.

**(d) Role.** The role of a GAL appointed under this rule is limited to investigating whether the subject person may be in need of a guardian, conservator, or other protective order under Title 14 of the Arizona Revised Statutes, and, if so, to initiate and prosecute proceedings under Chapter 5 of Title 14 of the Arizona Revised Statutes. The GAL does not represent the subject person in the civil proceeding and may not be called to testify in that proceeding or be asked to advise the subject person or the court on any pending issue in the civil proceeding except on whether the subject person may be in need of a guardian, conservator, or other protective order under Title 14 of the Arizona Revised Statutes.

**(e) Authority.** The GAL may:

(1) communicate with, and obtain and review records from, any person or entity who has knowledge or information relevant to whether the subject person is in need of a guardian, a conservator, or other protective order under Title 14 of the Arizona Revised Statutes. This power to obtain records includes access to all medical, substance abuse, psychiatric, psychological, and counseling records of the subject person, including records that are otherwise privileged or confidential;

(2) meet with the subject person at any location where that person may be located and meet and interview other individuals living in the same household as the subject person or, if the subject person is at a care facility, treatment agency, or hospital, the persons in charge of providing treatment to, or care for, the subject person;

(3) obtain and review court records in any case, including a court-ordered mental health care and treatment case, filed in any court, concerning the subject person;

(4) obtain and review financial records, including records of the subject person that are otherwise privileged or confidential;

(5) consult with any person who may be entitled to initiate, or has initiated, guardianship, conservatorship, or other protective proceedings under Chapter 5 of Title 14 of the Arizona Revised Statutes, and investigate and review the background of any person who is interested in becoming the guardian or conservator, including but not limited to the person's criminal arrests and convictions and credit history;

(6) initiate and prosecute proceedings under Chapter 5 of Title 14 of the Arizona Revised Statutes; and

(7) perform any other act specifically authorized by the court.

**(f) Order of Appointment.** The order appointing the GAL must set forth the basis for the GAL's appointment, the scope and duration of the GAL's appointment, and the GAL's powers, including those described in Rule 17.1(e).

**(g) Privileges and Confidentiality.**

(1) *No Privilege Between the GAL and the Subject Person.* The subject person has no privilege concerning the person's communication with the GAL. When the GAL first communicates with the subject person, the GAL must inform the subject person that their communications are not privileged.

(2) *Confidentiality.* Notwithstanding Rule 17(g)(1), the GAL may not disclose any communication with the subject person except as is necessary to investigate and advise whether the subject person may be in need of a guardian, conservator, or other protective order under Title 14 of the Arizona Revised Statutes, or to initiate and prosecute proceedings under Chapter 5 of Title 14 of the Arizona Revised Statutes.

(3) *Subject Person's Privileges and Confidentiality.* The appointment of a GAL for a subject person and the receipt of otherwise privileged or confidential documents or information by the GAL does not waive any of the subject person's privileges or rights of confidentiality. As a result, the GAL may not be compelled by any party to the civil proceeding to produce any privileged documents the GAL obtains.

**(h) Independent Evaluation.** On the GAL's motion, or on its own initiative, the court may order an evaluation of the subject person by a physician, psychologist or registered nurse to assist the GAL in determining whether the subject person is an incapacitated person or an adult in need of protection. The physician, psychologist or registered nurse must provide the results of that evaluation only to the guardian ad litem, and the evaluation is not subject to discovery in the civil proceeding.

**(i) Report**. Within the time set by the court, the GAL must file a report in the civil proceeding regarding the status and results of the GAL's investigation, including whether the GAL, or anyone else, intends to or has initiated guardianship proceedings, conservatorship proceedings, or both. If the report contains privileged or confidential information, the GAL must

request to file the report under seal. The GAL must provide the parties to the civil proceeding with a copy of the report, but not any privileged or confidential information.

**(j) Fees and Costs of GAL and Physician, Psychologist or Registered Nurse.** A GAL and any physician, psychologist or registered nurse appointed under this rule are entitled to receive reasonable compensation for the work they performed and costs they incurred. Such compensation must be taxed as part of the action's costs.

# Appendix D

**Rule 17.1 Appointment of a Guardian ad Litem for an Alleged Incapacitated Person or an Adult in Need of Protection**

 **(a) Appointment.** Any party in a civil proceeding governed by the Arizona Rules of Civil Procedure may move for the appointment of a guardian ad litem (hereinafter referred to as a "GAL") for a party who might be incapacitated or in need of protection (hereinafter referred to as the "subject person"), including the attorney for the subject person. On such motion, or on its own initiative, the court may appoint a GAL for a party if the court finds reasonable cause to believe that the party is, or may be, an incapacitated person or an adult in need of protection and the party is or may be in need of a guardian or conservator, or both, or other protective order under Chapter 5 of Title 14 of the Arizona Revised Statutes. The court must notify the parties and the GAL of the appointment within 3 days.

 **(b) GAL's Qualifications.** A GAL appointed under this rule must be an attorney licensed to practice in Arizona. A GAL must not ever have represented any of the parties; must not be related to any party or to a party's attorney; and must have no personal interest in the civil proceeding.

 **(c) Stay of Proceedings Upon Appointment.** Unless the court orders otherwise, the court's appointment of a GAL under this rule automatically stays the civil proceeding, except that all previously issued orders remain in effect. This stay remains in effect until the court enters an order lifting the stay.

 **(d) Role.** The role of a GAL appointed under this rule is limited to investigating whether the subject person may be in need of a guardian, conservator, or other protective order under Title 14 of the Arizona Revised Statutes, and, if so, to initiate and prosecute proceedings under Chapter 5 of Title 14 of the Arizona Revised Statutes. The GAL does not represent the subject person in the civil proceeding and may not be called to testify in that proceeding or be asked to advise the subject person or the court on any pending issue in the civil proceeding except on whether the subject person may be in need of a guardian, conservator, or other protective order under Title 14 of the Arizona Revised Statutes.

 **(e) Authority.** The GAL may:

 (1) communicate with, and obtain and review records from, any person or entity who has knowledge or information relevant to whether the subject person is in need of a guardian, a conservator, or other protective order under Title 14 of the Arizona Revised Statutes. This power to obtain records includes access to all medical, substance abuse, psychiatric, psychological, and counseling records of the subject person, including records that are otherwise privileged or confidential;

 (2) meet with the subject person at any location where that person may be located and meet and interview other individuals living in the same household as the subject person or, if the subject person is at a care facility, treatment agency, or hospital, the persons in charge of providing treatment to, or care for, the subject person;

 (3) obtain and review court records in any case, including a court-ordered mental health care and treatment case, filed in any court, concerning the subject person;

(4) obtain and review financial records, including records of the subject person that are otherwise privileged or confidential;

(5) consult with any person who may be entitled to initiate, or has initiated, guardianship, conservatorship, or other protective proceedings under Chapter 5 of Title 14 of the Arizona Revised Statutes, and investigate and review the background of any person who is interested in becoming the guardian or conservator, including but not limited to the person's criminal arrests and convictions and credit history;

(6) initiate and prosecute proceedings under Chapter 5 of Title 14 of the Arizona Revised Statutes; and

(7) perform any other act specifically authorized by the court.

**(f) Order of Appointment.** The order appointing the GAL must set forth the basis for the GAL's appointment, the scope and duration of the GAL's appointment, and the GAL's powers, including those described in Rule 17.1(e).

**(g) Privileges and Confidentiality.**

(1) *No Privilege Between the GAL and the Subject Person.* The subject person has no privilege concerning the person's communication with the GAL. When the GAL first communicates with the subject person, the GAL must inform the subject person that their communications are not privileged.

(2) *Confidentiality.* Notwithstanding Rule 17(g)(1), the GAL may not disclose any communication with the subject person except as is necessary to investigate and advise whether the subject person may be in need of a guardian, conservator, or other protective order under Title 14 of the Arizona Revised Statutes, or to initiate and prosecute proceedings under Chapter 5 of Title 14 of the Arizona Revised Statutes.

(3) *Subject Person's Privileges and Confidentiality.* The appointment of a GAL for a subject person and the receipt of otherwise privileged or confidential documents or information by the GAL does not waive any of the subject person's privileges or rights of confidentiality. As a result, the GAL may not be compelled by any party to the civil proceeding to produce any privileged documents the GAL obtains.

**(h) Independent Evaluation.** On the GAL's motion, or on its own initiative, the court may order an evaluation of the subject person by a physician, psychologist or registered nurse to assist the GAL in determining whether the subject person is an incapacitated person or an adult in need of protection. The physician, psychologist or registered nurse must provide the results of that evaluation only to the guardian ad litem, and the evaluation is not subject to discovery in the civil proceeding.

**(i) Report.** Within the time set by the court, the GAL must file a report in the civil proceeding regarding the status and results of the GAL's investigation, including whether the GAL, or anyone else, intends to or has initiated guardianship proceedings, conservatorship proceedings, or both. If the report contains privileged or confidential information, the GAL must

request to file the report under seal. The GAL must provide the parties to the civil proceeding with a copy of the report, but not any privileged or confidential information.

**(j) Fees and Costs of GAL and Physician, Psychologist or Registered Nurse.** A GAL and any physician, psychologist or registered nurse appointed under this rule are entitled to receive reasonable compensation for the work they performed and costs they incurred. Such compensation must be taxed as part of the action's costs.

# Appendix E

## Rule ~~37~~17.1 Appointment of a Guardian ad Litem for an Alleged Incapacitated Person or an Adult in Need of Protection

(a) **Appointment.** Any party~~, including the attorney for a party who might be incapacitated or in need of protection,~~ in a civil proceeding governed by the Arizona Rules of Civil Procedure may move for the appointment of a guardian ad litem (hereinafter referred to as a "GAL"~~).~~") for a party who might be incapacitated or in need of protection (hereinafter referred to as the 'subject person'), including the attorney for the subject person. On such motion, or on its own initiative, the court may appoint a GAL for a party if the court finds reasonable cause to believe that the party is, or may be, an incapacitated person or an adult in need of protection and the party is or may be in need of a guardian or conservator, or both, or other protective order under Chapter 5 of Title 14 of the Arizona Revised Statutes. The court must notify the parties and the GAL of the appointment within 3 days.

(b) **GAL's Qualifications.** A GAL appointed under this rule must be an attorney licensed to practice in Arizona. A GAL must not ever have ~~ever~~ represented any of the parties; must not be related to any party or to a party's attorney; and must have no personal interest in the ~~family law case~~civil proceeding.

(c) **Stay of Proceedings Upon Appointment.** Unless the court orders otherwise, the court's appointment of a GAL under this rule automatically stays the ~~family law~~civil proceeding, except that all previously issued orders~~, including a preliminary injunction,~~ remain in effect. This stay remains in effect until the court enters an order lifting the stay.

(d) **Role.** The role of a GAL appointed under this rule is limited to investigating whether the ~~adult party for whom the GAL was appointed (hereinafter referred to as the "~~subject person~~")~~ may be in need of a guardian, conservator, or other protective order under Title 14 of the Arizona Revised Statutes, and, if so, to initiate and prosecute proceedings under Chapter 5 of Title 14 of the Arizona Revised Statutes. The GAL does not represent the subject person in the ~~family law~~civil proceeding and may not be called to testify in that proceeding or be asked to advise the subject person or the court on any pending issue in the ~~family law case~~civil proceeding except on whether the subject person may be in need of a guardian, conservator, or other protective order under Title 14 of the Arizona Revised Statutes.

(e) **Authority.** The GAL may ~~perform the following acts~~:

(1) communicate with, and obtain and review records from, any person or entity who has knowledge or information relevant to whether the subject person is in need of a guardian, a conservator, or other protective order under Title 14 of the Arizona Revised Statutes. This power to obtain records includes access to all medical, substance abuse, psychiatric, psychological, and counseling records of the subject person, including records that are otherwise privileged or confidential~~.~~:

(2) meet with the subject person at any location where that person may be located and meet and interview other individuals living in the same household as the subject person or, if the subject person is at a care facility, treatment agency, or hospital, the persons in charge of providing treatment to, or care ~~of~~for, the subject person~~.~~:

(3) obtain and review court records in any case, including a court-ordered mental health care and treatment case, filed in any court, concerning the subject person~~.~~;

(4) obtain and review financial records, including records of the subject person that are otherwise privileged or confidential~~.~~;

(5) consult with any person who may be entitled to initiate, or has initiated, guardianship, conservatorship, or other protective proceedings under Chapter 5 of Title 14 of the Arizona Revised Statutes, and investigate and review the background of any person who is interested in becoming the guardian or conservator, including but not limited to the person's criminal arrests and convictions and credit history~~.~~;

(6) initiate and prosecute proceedings under Chapter 5 of Title 14 of the Arizona Revised Statutes~~.~~;

(7) perform any other act~~s~~ specifically authorized by the court.

**(f) Order of Appointment.** The order appointing the GAL must set forth the basis for the GAL's appointment, the scope and duration of the GAL's appointment, and the GAL's powers, including those described in Rule ~~37~~17.1(e).

**(g) Privileges and Confidentiality.**

(1) *No Privilege Between the GAL and the Subject Person.* The subject person has no privilege concerning the person's communication with the GAL. When the GAL first communicates with the subject person, the GAL must inform the subject person that their communications are not privileged.

(2) *Confidentialit*y. Notwithstanding Rule 17(g)(1), the GAL may not disclose any communication with the subject person except as is necessary to investigate and advise whether the subject person may be in need of a guardian, conservator, or other protective order under Title 14 of the Arizona Revised Statutes, or to initiate and prosecute proceedings under Chapter 5 of Title 14 of the Arizona Revised Statutes.

(3) *Subject Person's Privileges and Confidentiality.* The appointment of a GAL for a subject person and the receipt of otherwise privileged or confidential documents or information by the GAL does not waive any of ~~that~~the subject person's privileges or rights of confidentiality. As a result, the GAL may not be compelled by any party to the ~~family law case~~civil proceeding to produce any privileged documents the GAL obtains.

**(h) Independent Evaluation.** On the GAL's motion, or on its own initiative, the court may order an evaluation of the subject person by a ~~licensed~~ physician, psychologist or registered nurse to assist the GAL in determining whether the ~~adult party~~ subject person is an incapacitated person or an adult in need of protection. The physician, psychologist or registered nurse must provide the results of that evaluation only to the guardian ad litem, and the evaluation is not subject to discovery in the ~~family law case~~civil proceeding.

**(i) Report**. Within the time set by the court, the GAL must file ~~in the family law case~~ a report in the civil proceeding regarding the status and results of the GAL's investigation, including whether the GAL, or anyone else, intends to or has initiated guardianship proceedings, conservatorship proceedings, or both. If the report contains privileged or confidential information, the GAL must request to file the report under seal. The GAL must provide the parties to the ~~family law case~~civil proceeding with a copy of the report, but not any privileged or confidential information.

**(j) Fees and Costs of GAL and Physician.**~~.~~ **, Psychologist or Registered Nurse.** A GAL and any physician, psychologist or registered nurse appointed under this rule are entitled to receive reasonable compensation for the work they performed and costs they incurred. ~~The court must determine what, if any, portion of their reasonable fees and costs should be paid by the subject person and what, if any, portion should be paid from community property. If the court determines that the subject person and the marital community have insufficient funds to pay fees and costs, the court may order all or any part of the reasonable fees and costs to be paid as a county expense.~~Such compensation must be taxed as part of the action's costs.