**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Louis Taylor, | No. CV-15-00152-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| County of Pima, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Louis Taylor's Motion to Substitute Party. (Doc. 572.) Plaintiff asks that his lawfully appointed Guardian and Conservator, Nina Alley, be substituted as the plaintiff in this matter pursuant to Rule 25(b) of the Federal Rules of Civil Procedure. (*Id.* at 1-2.) Plaintiff attaches to his Motion a Pima County Superior Court order appointing Nina Alley as Louis Taylor's conservator and guardian on the grounds that Taylor is "an incapacitated person." (*Id.* at 5-10.)

In response, Defendants do not challenge substitution under Rule 25(c) but argue that the Court should not grant substitution under Rule 25(b) and "inadvertently declare Plaintiff 'incompetent.'" (Docs. 580, 581.) In reply, Plaintiff argues that he lacks the legal capacity to litigate because he has a legally appointed Guardian and Conservator. (Doc. 582.) Plaintiff further argues that there is no meaningful difference between the term "incompetent" as used in the Federal Rules of Civil Procedure and "incapacitated" as used in the Arizona Rules of Civil Procedure. (*Id.*)

"If a party becomes incompetent, the court may, on motion, permit the action to be

continued by . . . the party's representative." Fed. R. Civ. P. 25(b).  A guardian or conservator "may sue . . . on behalf of . . . an incompetent person." Fed. R. Civ. P. 17(c)(1)(A), (C).

An individual's capacity to sue is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(b)(1).  Under Arizona law, the term "'incapacitated person' means any person who is impaired by reason of mental illness, mental deficiency, mental disorder, physical illness or disability, chronic use of drugs, chronic intoxication or other cause, except minority, to the extent that he lacks sufficient understanding or capacity to make or communicate responsible decisions concerning his person." A.R.S. § 14-5101(3).  Arizona Rule of Civil Procedure 25(b) specifies that, if "a court of competent jurisdiction has appointed a conservator or guardian for a party, the action may be continued by . . . the conservator or guardian on behalf of the incapacitated person or adult in need of protection."

It appears that the term "incapacitated" under Arizona law is substantively equivalent to the term "incompetent" under Federal Rules of Civil Procedure 17 and 25. Accordingly, without reaching the merits of any evidentiary issues, the Court finds that substitution is proper under Federal Rule of Civil Procedure 25(b).[1]

Accordingly,

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

---

[1] Defendants argue that substitution should be ordered under Rule 25(c) rather than Rule 25(b).  Under Rule 25(c), if an interest is transferred, a court may order the transferee to be substituted in the action.  It appears that Rule 25(b) is more applicable than Rule 25(c) under the circumstances presented here.

**IT IS ORDERED** that Plaintiff's Motion to Substitute Party (Doc. 572) is **granted**. Guardian and Conservator Nina Alley is hereby substituted in place of Louis Taylor as the plaintiff in this action. The Clerk of Court is directed to update the docket accordingly.

Dated this 17th day of May, 2023.

_____
Honorable Rosemary Márquez
United States District Judge