| | |
|---|---|
| 1 | STRUCK LOVE BOJANOWSKI & ACEDO, PLC |
| 2 | Daniel P. Struck, Bar #012377<br>Nicholas D. Acedo, Bar #021644 |
| 3 | Jacob B. Lee, Bar #030371<br>3100 West Ray Road, Suite 300 |
| 4 | Chandler, Arizona  85226<br>Telephone:  (480) 420-1600 |
| 5 | dstruck@strucklove.com<br>nacedo@strucklove.com |
| 6 | jlee@strucklove.com |
| 7 | *Attorneys for Defendant Pima County* |

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Nina Alley, | No. CV-15-00152-TUC-RM |
| Plaintiff, | **DEFENDANTS' JOINT REPLY RE:** |
| v. | **JOINT NOTICE OF CLAW BACK ORDER** |
| County of Pima, et al., | **AND** |
| Defendants. | **MOTION TO STRIKE RE: "DRAFT OP ED"** |

The purpose of Defendants' Joint Notice (Dkt. 679) was to alert this Court that Arizona Superior Court has determined that the "draft op ed" was privileged and inadvertently disclosed.  And, in light of that court's claw-back order, Defendants requested this Court to strike the "draft op ed" from its docket to preserve the privileges attached and out of respect for that judicial order.  Plaintiff responds by urging the Court to ignore the state court's claw-back order and do nothing because the "draft op ed" has already been publicly disseminated.  That is an astounding position to take.  Plaintiff is essentially asking this Court to endorse his deliberate injection of a privileged document into the public sphere—knowing it is subject to a privilege claim—so that he can circumvent the state court's claw-back order.  And to make his point clear, he has *again* filed the clawed-back document on the Court's docket (Dkt. 685 at 25), flouting the state court's order requiring

leave to do so. Such manipulation is antithetical to the interests of justice and judicial comity and should not be countenanced. The Court should strike the "draft op ed" from its docket. Plaintiff's specific contentions are addressed below.

1.  Plaintiff's Response continues to drift farther and farther away from the claims in the operative Third Amended Complaint ("TAC"). He claims that the "draft op ed" is relevant to his allegation that Pima County "has engaged in a cover-up to conceal [its alleged past constitutional violations] to save the County from civil liability for damages." (Dkt. 685 at 2:5-9; *see also id.* at 3:2-3 [accusing the County of engaging in "an alleged conspiracy to commit fraud to save the County from potential civil liability and damages"].) As the Court has already found, Plaintiff's claims do not include an alleged cover-up conspiracy, and his conspiracy allegations are not relevant to any of his claims. (Dkt. 300 at 6.) Plaintiff's continued and increasing diversion of the case from the claims that are actually in the TAC reflect the lack of evidence supporting them.[1]

2.  Plaintiff contends that the Motion to Strike is moot because other documents in the record establish that "PCAO reviewed Plaintiff's conviction and determined it should be vacated" and the Court has already ruled that CSIU's 2022 review file may be relevant to his expungement claim.[2] (Dkt. 685 at 3–4.) That contention misses the point. The "draft op ed" should be stricken because of the state court's claw-back order, which is still valid. CSIU's file will reveal whether it has any relevance to Plaintiff's claim.

3.  Plaintiff contends that the Court should disregard the state court's claw-back order because it is not yet final or binding on this Court. (Dkt. 685 at 4–5.) But it is "well established that district courts have inherent power to control their docket," including the power to strike items from its docket. *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (cleaned up); *accord Lopes v. Deleon*, No. 21-16476, 2023 WL

---

[1] Defendants will not re-hash the absurdity of Plaintiff's conspiracy theory (*see* Dkt. 609 at 22–24), but note here that many of the assertions in his Response to do not even include supporting record citations. (*See, e.g.*, Dkt. 685 at 2:10-3:3, 3:15-20, 6:3-5, 6:15-8:3.)

[2] Pima County has filed a Motion for Reconsideration of this Order. (Dkt. 689.)

2

2160317, at *1 (9th Cir. Feb. 22, 2023). The Court should exercise that discretion here and now to prevent further prejudice and respect judicial comity.

4. Plaintiff last argues that the "draft op ed" is not privileged. But Defendants have not moved the Court to make its own privilege ruling or issue its own claw-back order. Rather, they have asked the Court to strike the "draft op ed" based on the state court's claw-back order. The state court has already resolved the privilege issue and the parties—Plaintiff and Laura Conover—are continuing to litigate that privilege in the state court special action. If the Court deems it necessary to independently resolve for itself whether the "draft op ed" is privileged before ruling on Defendants' Motion to Strike, Defendants request an opportunity for PCAO to intervene and brief that issue on its behalf.[3]

For these additional reasons, the Court should strike Dkt. 575-4 and Dkt. 685 at 25 from the docket and not consider any of the arguments made at Dkt. 575 at 4:16-5:16, 12:1, 15:20-21; Dkt. 637 at 5:19-23, 7:1-5, 8:6-9; and Dkt. 676 at 3:6-9, 8:2-3.

DATED this 7th day of July, 2023.

STRUCK LOVE BOJANOWSKI & ACEDO, PLC

By   /s/Nicholas D. Acedo
      Daniel P. Struck
      Nicholas D. Acedo
      Jacob B. Lee
      3100 West Ray Road, Suite 300
      Chandler, Arizona 85226

*Attorneys for Defendant Pima County*

---

[3] Plaintiff contends that "the County has suddenly taken the position that the information and documents are privileged, even though their existence has been known and concealed for some time." (Dkt. 685 at 2:24-3:1) But just because the Court recently ruled on June 21, 2023, that Pima County has "control" over CSIU's 2022 review file (Dkt. 680) does not mean that Pima County had actual knowledge of everything in CSIU's, PCAO's, or Conover's possession in real-time. Moreover, the privilege was invoked by PCAO, not Pima County, and was invoked the moment PCAO learned that Plaintiff's counsel obtained a copy of the "draft op ed." (*See* Dkt. 649 at 2.)

| | |
|---|---|
| 1 | MICHAEL G. RANKIN, |
| 2 | City Attorney |
| 3 | |
| 4 | By   /s/Dennis P. McLaughlin(w/permission) |
|   | Michelle R. Saavedra |
| 5 | Dennis P. McLaughlin |
|   | Principal Assistant City Attorney |
| 6 | PO Box 27210 |
|   | Tucson, Arizona 85726-7210 |
| 7 | *Attorneys for Defendant City of Tucson* |

4

# CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| John P. Leader | john@leaderlawaz.com |
| Peter T. Limperis | plimperis@mpfmlaw.com |
| Stanley G. Feldman | sfeldman@mpfmlaw.com |
| Timothy P. Stackhouse | tstackhouse@hmpmlaw.com |
| Michelle R. Saavedra | michelle.saavedra@tucsonaz.gov |
| Dennis P. McLaughlin | Dennis.McLaughlin@tucsonaz.gov |

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

/s/Nicholas D. Acedo