**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nina Alley, | No. CV-15-00152-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| County of Pima, et al., | |
| Defendants. | |

Pending before the Court is Defendants' Joint Notice of Claw Back Order and Motion to Strike. (Doc. 679.) Defendants provide notice that a "draft op ed" prepared by Pima County Attorney Laura Conover, which Plaintiff attached as an exhibit to a motion in the above-captioned case, is subject to a claw-back order entered by a Pima County Superior Court judge in Plaintiff's special action challenging the Pima County Attorney's response to public records requests. (*Id.* at 1-3.) Pursuant to the claw back order, Defendants move to strike the draft op ed from the docket in this case. (*Id.* at 1, 3-4.)

Plaintiff filed a Response, arguing, first, that Defendants' Motion to Strike is moot because Plaintiff filed the draft op ed as an exhibit to his Motion to Reopen Discovery, the Court granted the Motion to Reopen Discovery, and there is substantial support for the Court's ruling even if the draft op ed were not a part of the record. (Doc. 685 at 3-4.) Plaintiff also argues that the Pima County Superior Court's claw-back order is non-final and non-binding on this Court. (*Id.* at 4.) Plaintiff notes that the claw-back order did not strike the draft op ed from the Pima County Superior Court record. (*Id.* at 5.) Finally,

1  Plaintiff argues that, to the extent Defendants are asking this Court to find the draft op ed
2  privileged or confidential, independent of the state court's claw-back order, the request
3  should be denied. (*Id.* at 5-7.)

4  Defendants filed a Reply, urging the Court to strike the draft op ed from the docket
5  in this case to prevent further prejudice and to respect judicial comity. (Doc. 699 at 2-3.)
6  Defendants note that they have not asked this Court to make its own privilege ruling or to
7  issue its own claw-back order but, rather, have asked the Court to strike the draft op ed
8  based on the Pima County Superior Court's claw-back order. (*Id.* at 3.)

9  As the Pima County Superior Court noted at a hearing on the claw-back motion,
10 the existence of the draft op ed is already widely known. (Doc. 679-1 at 9.) The Pima
11 County Superior Court's claw-back order did not strike the draft op ed from the record in
12 the state court special action. (*See id.* at 5-9; Doc. 679-2 at 2-3.) Instead, Pima County
13 Superior Court Judge Cynthia T. Kuhn instructed Plaintiff to seek leave of Court before
14 using the document in the future. (Doc. 679-1 at 8-9; Doc. 679-2 at 3.)

15 To respect judicial comity, this Court will similarly rule that Plaintiff must seek
16 leave of Court before using the draft op ed in this action in the future. However, the
17 Court declines at this time to strike the document from the docket in this case, as the
18 document has already been publicly disseminated and striking it is not necessary for
19 purposes of judicial comity.[1]

20 . . . .
21 . . . .
22 . . . .
23 . . . .
24 . . . .
25 . . . .
26 . . . .
27

---

28 [1] This Court notes that it did not rely on the draft op ed in its June 21, 2023 Order partially granting Plaintiff's Motion to Reopen Discovery (Doc. 680), nor has it relied on the document in any other Orders.

1    **IT IS ORDERED** that Defendants' Motion to Strike (Doc. 679) is **denied
2    without prejudice**.  However, Plaintiff must seek leave of Court before using the draft
3    op ed in this action in the future.
4    Dated this 11th day of October, 2023.

*[Signature]*
Honorable Rosemary Márquez
United States District Judge