Michelle R. Saavedra
Dennis P. McLaughlin
Principal Assistant City Attorneys for
Michael G. Rankin
CITY ATTORNEY
P.O. Box 27210
Tucson, AZ 85726-7210
Telephone: (520) 791-4221
Fax: (520) 791-4188
Michelle.Saavedra@tucsonaz.gov
State Bar No. 25728
Dennis.McLaughlin@tucsonaz.gov
State Bar No. 09197
Attorneys for Defendant City of Tucson

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nina Alley, as Guardian and Conservator for and on behalf of Louis Taylor, a single man,<br><br>Plaintiff,<br><br>vs.<br><br>Pima County, a body politic; The City of Tucson, a body politic,<br><br>Defendants. | 4:15-CV-00152<br><br>**DEFENDANT CITY OF TUCSON'S MOTION *IN LIMINE* NO. 5 RE: DR. THOMAS TUNSON**<br><br>(Honorable Rosemary Marquez) |

Defendant City of Tucson ("the City"), by and through undersigned counsel, pursuant to the LRCiv 7.2(l) and the Court's January 19, 2024 Order, and Federal Rules of Evidence 104, 401, 403, 702, and 703, respectfully asks the Court to rule *in limine* to preclude Plaintiff from calling Dr. Thomas Tunson ("Tunson") as a witness to testify at the upcoming trial, or from using either of his written reports dated July 26, 2021 and November 22, 2021 (attached as Exhibits 1 and 2 to this Motion *in limine*, respectively) for any purpose, or arguing based on them.

Plaintiff has listed Tunson as follows in the Joint Proposed Final Pretrial Order:

Dr. Tunson will testify as an expert witness. Mr. Tunson is Plaintiff's law enforcement expert who will address the conduct of the Tucson Police Department and the Tucson Fire Department; he will testify in accordance with his report (informally provided on July 26, 2021, and formally

1

disclosed thereafter) and any supplements thereto. Mr. Tunson will also testify regarding his November 22, 2021, Rebuttal Expert Report.

(Dkt. 932 at 289:18-23).

Plaintiff has also listed Tunson's reports as potential exhibits, and the City has noted its objections to them. (Dkt. 932 at 588:13-23 and 591:14-592:9).

For all the reasons set forth below, Tunson should be wholly precluded from testifying as a witness against the City, nor should Plaintiff be permitted to offer Tunson's reports in evidence against the City, or argue based on them.[1]

## LRCiv 7.2(l) Certification of Counsel

After personal consultation, and sincere efforts to do so, counsel could not satisfactorily resolve the matters addressed herein.

**I.    Legal Standard For Exclusion Based On *Daubert* And Its Progeny**

In its Order dated March 27, 2023 (Dkt. 567), ruling on Pima County's Motion to Exclude Testimony of Plaintiff's Expert Andrew Pacheco (Dkt. 350), this Court set out the appropriate legal standard to be applied to the City's Motion regarding Tunson. (*Id.* at 5:8-6:21). Defendant City of Tucson reproduces the Court's language in full in the remainder of this section.

Admissibility of expert testimony is governed by Rule 702 of the Federal Rules of Evidence, which provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

---

[1] This motion is intended to supplement and complement, and is made without prejudice to, any other motions *in limine* filed in this case by the City or Pima County.

This rule imposes a special gatekeeping obligation on the trial court to ensure that "the reasoning or methodology" underlying an expert's testimony is valid and can properly "be applied to the facts in issue." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592–93 (1993). The gatekeeping function articulated in *Daubert* applies to "all expert testimony," including testimony based on "technical" and "other specialized knowledge in addition to testimony based on "scientific" knowledge. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141, 147 (1999). For purposes of Rule 702, the term "'knowledge' connotes more than subjective belief or unsupported speculation." *Daubert*, 509 U.S. at 590.

"Expert testimony should be excluded if it concerns a subject improper for expert testimony" such as "one that invades the province of the jury." *United States v. Lukashov*, 694 F.3d 1107, 1116 (9th Cir. 2012) (internal quotation marks omitted). Determining the credibility of witnesses, resolving evidentiary conflicts, and drawing reasonable inferences from proven facts are functions within the exclusive province of the jury. *Bruce v. Terhune*, 376 F.3d 950, 957 (9th Cir. 2004) (per curiam) (internal quotation marks omitted). "Resolving doubtful questions of law" and instructing the jury on the law are functions within the "exclusive province of the trial judge." *United States v. Weitzenhoff*, 35 F.3d 1275, 1287 (9th Cir. 1993) (internal quotation marks omitted). Accordingly, expert witnesses cannot opine on other witnesses' credibility, *Engesser v. Dooley*, 457 F.3d 731, 736 (8th Cir. 2006), nor can they tell the jury what result to reach, *United States v. Duncan*, 42 F.3d 97, 101 (2d Cir. 1994). Furthermore, although an expert's "opinion is not objectionable just because it embraces an ultimate issue," Fed. R. Evid. 704(a), "an expert witness cannot give an opinion as to her *legal conclusion*, i.e., an opinion on an ultimate issue of law*," Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) (internal quotation omitted, emphasis in original). Expert testimony may constitute an impermissible legal conclusion if the terms used by the expert witness "have a specialized meaning in law" or "represent an attempt to instruct the jury on the law, or how to apply the law to the facts of the case." *United States v. Diaz*, 876 F.3d 1194, 1199 (9th Cir. 2017).

3

Expert testimony is also inadmissible if it simply "presents a narrative of the case which a lay juror is equally capable of constructing." *Taylor v. Evans*, No. 94 CIV. 8425 (CSH), 1997 WL 154010, at *2 (S.D.N.Y. Apr. 1, 1997); *see also Aya Healthcare Servs., Inc. v. AMN Healthcare, Inc.*, No. 17-cv-205-MMA(MDD), 2020 WL 2553181, at *6 (S.D. Cal. May 20, 2020) ("expert testimony cannot be presented to the jury solely for the purpose of constructing a factual narrative based upon record evidence").[2]

## II. The Court Should Exclude Tunson's Testimony And Reports On *Daubert* Grounds

Applying the standards set forth above, there is no need for elaborate argument here. In ruling on the parties' summary judgment motions, this Court already "note[d] that Tunson's expert report consists of little more than summaries of evidence in this case accompanied by legal conclusions. (*See* Doc. 343-14.)." (Dkt. 869 at 52:4-6). Tunson's reports, and his testimony, should be excluded completely, for all the same reasons this Court already explained in excluding 'the vast majority" of Andrew Pacheco's opinions:

> The Court agrees with Pima County that the vast majority of Pacheco's opinions are inadmissible. In large part, Pacheco's expert reports simply construct factual narratives based on the documentary evidence that Pacheco reviewed; such expert testimony is inadmissible because a jury is equally capable of constructing factual narratives based on the documentary evidence and witness testimony presented at trial. Pacheco's factual narratives also impermissibly rely upon implicit credibility determinations and Pacheco's resolution of evidentiary conflicts. In addition, Pacheco offers opinions that impermissibly invade the province of the Court to instruct the jury on the applicable law and the province of the jury to apply that law to the facts and determine what result to reach. *See Diaz*, 876 F.3d at 1199.

(Dkt. 567 at 7:18-8:6).

Everything that Pima County successfully argued was true of Pacheco's excluded opinions is also true of all of Tunson's opinions. They are unreliable because: (1) they are

---

[2] Defendant City adds only that *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 141 (1997) also held that a district court judge may exclude expert testimony when there are gaps between the evidence relied on by an expert and his conclusion.

based on speculation and subjective beliefs rather than any identifiable methodology; (2) Tunson reviewed only documents and witness testimony, or statements cherry-picked by Plaintiff's counsel and failed to consider contradictory evidence; and (3) Tunson's opinions do little more than summarize Plaintiff's legal arguments. (Doc. 350 at 7-13; Doc. 357 at 4-7.). And they will not assist the trier of fact in understanding the evidence or determining a fact in issue because Tunson simply constructs a factual narrative based on his own perception or choice of documentary evidence and witness testimony or statements, makes improper credibility determinations regarding witnesses, and offers impermissible legal conclusions. (Doc. 350 at 13-17; Doc. 357 at 7-11.).

Tunson's reports, and his intended testimony, have still other obvious, fatal flaws. For example, in purporting to opine or comment regarding fire science, fire investigations, and fire investigators, and also regarding legal and constitutional issues, Tunson makes no showing that he has any training or qualifications to do so.

Tunson also opines or comments about other suspects or other fires, topics this Court has already foreclosed. (Dkt. 869 at 44:10-46:3 and n.29).

Two final points show Tunson's complete lack of any personal engagement with the record of this case, and his willingness to instead simply act as a loudspeaker for whatever Plaintiff's lawyers tell him to say, using whatever documents, witnesses, or arguments they tell him to use. First, exactly as this Court found to be the case with Andrew Pacheco (Dkt. 869 at 8:25-28 [footnote 5]), Tunson also incorrectly claims that the State's expert, Cyrillis Holmes, stated that an accelerant had been used to start the Pioneer Hotel fire (7/26/21 Report, p. 3). Second, Tunson consistently misspells Taylor's criminal counsel's name as "Cashman." No one who had seriously grappled with the actual record of this case, trying to reach an unbiased conclusion, could possibly make two such fundamental errors.

Tunson's testimony and reports should be excluded completely on *Daubert* grounds.

### III. Tunson's Rebuttal Report Also Should Be Excluded As Both Untimely And Impermissible Under Fed. R. Civ. P. 26.

Plaintiff disclosed a "Rebuttal Expert Report" from Tunson on November 22, 2021. This was improper under Fed. R. Civ. P. 26, as the Defendant City had disclosed no expert report to rebut. Moreover, this disclosure was also untimely and thus doubly improper. Rebuttal expert disclosure closed on September 15, 2021, while the deadline for completion of all discovery was October 1, 2021 (Dkt. 248 at 2:10-13). Tunson's rebuttal expert report, and any testimony based on same, should also be excluded completely for these reasons as well.

### IV. Tunson's Proffered Testimony Or Reports Would Also Unfairly Prejudice The City, And Only Confuse and Mislead the Jury.

Even if the Court were to ignore Tunson's complete inability to meet the requirements of *Daubert*, and the other reasons for exclusion stated above, his testimony and reports should still be precluded under Fed. R. Evid. 403. This Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury..." Fed. R. Evid. 403. In this case, allowing Tunson to testify as an "expert," despite the complete lack of any proper foundation for, and many flaws in, his testimony, would unfairly prejudice the City and unequivocally confuse and mislead the jury. The danger this testimony and the reports pose substantially outweighs any probative value.

////
////
////
////
////
////
////
////

## Conclusion

For the foregoing reasons, this Court should issue an Order precluding Dr. Thomas Tunson from testifying at the upcoming trial, and precluding Plaintiff from offering, or arguing based on, either of Tunson's reports.

DATED March 18, 2024.

                    MICHAEL G. RANKIN,
                    City Attorney

By:   /s/ Dennis P. McLaughlin
      Michelle R. Saavedra
      Dennis P. McLaughlin
      Principal Assistant City Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants.

John P. Leader
The Leader Law Firm, P.C.
405 West Cool Drive, Suite 107
Tucson, Arizona 85705
    *Attorney for Plaintiff*

Stanley G. Feldman
Peter T. Limperis
Timothy P. Stackhouse
Miller, Pitt, Feldman & McAnally, PC
One South Church Avenue, Suite 1000
Tucson, Arizona 85701-1620
    *Co-Counsel for Plaintiff*

Daniel P. Struck
Nicholas D. Acedo
Jacob B. Lee
Struck Love Bojanowski & Acedo, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
    *Attorneys for Defendant Pima County*

By: /s/ E. Acosta/rdv