**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nina Alley, | No. CV-15-00152-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| County of Pima, et al., | |
| Defendants. | |

Pending before the Court is Defendants' Motion for Reconsideration re: Expungement Claim. (Doc. 1078.)[1]  The Court ordered Plaintiff to respond (Doc. 1089), and Plaintiff filed a Response on April 16, 2024 (Doc. 1102).  On the same date, Plaintiff also filed a Memorandum re: Equitable Estoppel.  (Doc. 1109.)[2]

**I.   Background**

On December 19-20, 1970, a fire killed 28 people at the Pioneer Hotel in downtown Tucson, Arizona. (Doc. 343 at ¶ 56; Doc. 365 at ¶ 56; Doc. 374 at ¶ 56.) On March 21, 1972, a jury convicted former Plaintiff Louis Taylor[3] of 28 counts of murder arising from the deaths. (Doc. 340-9 at 10-12.)  Taylor was sentenced to life imprisonment. (Doc. 340-9 at 36-37.)  In 2012, Taylor filed a Petition for Post-

---

[1] Other pending motions will be resolved separately.
[2] Plaintiff moved to file the Memorandum under seal. (Doc. 1104.) The Court directed the Clerk to file the Memorandum under seal but, due to the strong public interest in access to the document, also ordered Plaintiff to publicly file a redacted version of the Memorandum. (Doc. 1108.)
[3] Taylor's Guardian and Conservator, Nina Alley, has been substituted in place of Taylor as the named plaintiff in this action. (Doc. 624.) The Court uses the term "Plaintiff" herein to refer interchangeably to Taylor.

Conviction Relief, and the Pima County Attorney's Office began a review of his case. (Doc. 348-3; Doc. 341-4 at 2-15; *see also* Doc. 335 at ¶¶ 624, 631, 642; Doc. 367 at ¶¶ 624, 631, 642.) Following the review, the Pima County Attorney offered Taylor a plea by which Taylor received a time-served sentence and was released from prison in exchange for pleading no-contest to the original 28 counts of murder. (Doc. 348-10; Doc. 348-11.) After his release, Plaintiff filed the above-entitled civil action, raising claims under 42 U.S.C. § 1983. (Doc. 1.)

On March 16, 2017, this Court ruled that—due to his outstanding 2013 convictions—Plaintiff is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), from premising his § 1983 claims "on the alleged constitutional injuries of being wrongfully charged, convicted, and imprisoned" and that Plaintiff is precluded from seeking incarceration-based compensatory damages. (Doc. 63 at 10-11, 19-20.) On interlocutory appeal, the Ninth Circuit affirmed this Court's finding that *Heck* bars Plaintiff from seeking incarceration-related damages, holding that "[a] plaintiff in a § 1983 action may not recover incarceration-related damages for any period of incarceration supported by a valid, unchallenged conviction and sentence." *Taylor v. Cnty. of Pima*, 913 F.3d 930, 936 (9th Cir. 2019).

Plaintiff then moved for leave to amend his operative complaint to include a request for a declaratory judgment expunging his 2013 convictions "as unconstitutional, and thus invalid" (hereafter, "expungement claim"). (Doc. 103; *see also* Doc. 169 at 26.) The Court granted Plaintiff leave to file the now-operative Third Amended Complaint, determining that "Plaintiff's factual allegations concerning his 2013 post-conviction proceedings are sufficient to raise an inference that this case may be one of the 'unusual or extreme cases' in which expungement" is appropriate under *Shipp v. Todd*, 568 F.2d 133 (9th Cir. 1978) (per curiam). (Doc. 167 at 8.) On January 19, 2024, this Court denied summary judgment on Plaintiff's expungement claim, finding that expungement may be appropriate under *Shipp* if a jury finds that the prosecution in 2013 leveraged Taylor's then-existing incarceration to obtain a no-contest plea to charges that it knew

could not be proven beyond a reasonable doubt at a retrial, for purposes of creating a *Heck* bar to civil liability. (Doc. 869 at 27-28.) Defendants filed a Petition for Writ of Mandamus, and on April 8, 2024, the Ninth Circuit Court of Appeals issued a 2-1 decision denying mandamus relief based on a weighing of the totality of the factors set forth in *Bauman v. United States District Court*, 557 F.2d 650, 656-672 (9th Cir. 1977). (Doc. 1078-2.)

After the Ninth Circuit's denial of the Petition for Writ of Mandamus, Defendants filed the pending Motion for Reconsideration. (Doc. 1078.)

## II.  Motion for Reconsideration re: Expungement Claim

Defendants argue that this Court should reconsider its ruling that it has the authority to expunge Taylor's 2013 convictions pursuant to *Shipp*. (Doc. 1078.) Defendants argue that reconsideration is appropriate for the reasons stated by Judge Patrick J. Bumatay in his dissent of the Ninth Circuit's denial of Defendants' Petition for Writ of Mandamus, and in light of concessions and statements made by Taylor's counsel at oral argument before the Ninth Circuit. (*Id.* at 4-6.) Defendants also urge the Court to consider that an amicus brief filed in support of the denial of Defendants' Petition for Writ of Mandamus failed to cite a single 42 U.S.C. § 1983 case that has expunged an outstanding state-court conviction. (*Id.* at 6.)

In response, Plaintiff argues that the Ninth Circuit's denial of mandamus relief does not warrant this Court's reconsideration of its *Shipp* rulings. (Doc. 1102 at 3-4, 10.) Plaintiff asserts that this Court has the authority to expunge Taylor's 2013 convictions and that, even if *Shipp* allows only for the expungement of criminal records, dismissal of Plaintiff's expungement claim would not be appropriate because Plaintiff could amend the claim to seek the alternative relief of expunging his criminal records. (*Id.* at 4-6.) Plaintiff also argues that if this Court has the power to expunge the records of his 2013 convictions, "it can certainly order" that evidence of the convictions be removed "in the case before it," and that doing so "would be particularly appropriate here," because "Taylor served 42 years in prison due to the vacated 1972 conviction[s], not the 2013

plea agreement." (*Id.* at 9.) Plaintiff urges the Court to analogize his 2013 plea agreement to a "release-dismissal" agreement—whereby vacation of charges is coupled with a settlement agreement not to sue—and to hold under *Newton v. Rumery*, 480 U.S. 386 (1987), that the agreement is unenforceable as violating public policy. (*Id.* at 7-8.) Plaintiff also argues in his Response and his concurrently submitted Memorandum Re: Equitable Estoppel that the Court should equitably estop Defendants from asserting the *Heck* bar in this case, which would then render it unnecessary for the Court to consider expungement of Taylor's 2013 convictions. (Doc. 1102 at 9; Doc. 1109.)

### A. Legal Standard

"The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g)(1).

### B. Discussion[4]

In *Shipp*, the Ninth Circuit remanded for the district court to determine whether to expunge the state-court criminal records of a 42 U.S.C. § 1983 plaintiff where "the maintenance of [the] criminal records continue[d] to operate to [the plaintiff's] detriment" after the plaintiff had served the imposed sentence. 568 F.2d at 133-34. The Court noted that federal courts "have inherent power to expunge *criminal records* when necessary to preserve basic legal rights." *Id.* (internal quotation marks omitted; emphasis added). However, the Court emphasized that "[t]he power to order expungement of a state arrest record is a narrow one and should be reserved for unusual or extreme cases." *Id.* at 134 n.1.

Relying on *Shipp*, the Ninth Circuit has continued to recognize federal courts' inherent equitable power to order the expungement of criminal records in § 1983 actions

---

[4] "Absent good cause shown, any motion for reconsideration shall be filed no later than fourteen (14) days after the date of the filing of the Order that is the subject of the motion." LRCiv 7.2(g)(2). The Court finds that good cause exists for Defendants' failure to file the pending Motion for Reconsideration within fourteen days of the issuance of this Court's summary judgment Order. Defendants timely filed a Petition for Writ of Mandamus challenging the summary judgment ruling on Plaintiff's expungement claim and promptly filed the pending Motion for Reconsideration after the Ninth Circuit's denial of mandamus relief.

where extraordinary circumstances exist and the plaintiff has no adequate state-law remedy. *See, e.g.*, *Maurer v. Los Angeles Cnty. Sheriff's Dep't*, 691 F.2d 434, 437 (9th Cir. 1982); *United States v. Smith*, 940 F.2d 395, 396 (9th Cir. 1991) (per curiam). However, the Ninth Circuit has made clear that "a person convicted of a crime" cannot "collaterally attack her conviction by moving to expunge the records of her conviction." *United States v. Crowell*, 374 F.3d 790, 791 (9th Cir. 2004). The Ninth Circuit has explained that expunging a conviction and vacating a conviction "denote very different actions." *Id.* at 792. "When a court vacates a conviction, it sets aside or nullifies the conviction and its attendant legal disabilities." *Id.* In contrast, expungement results in the destruction or sealing of "the records of the fact of the defendant's conviction" but does not, without more, "alter the legality" of the conviction or "signify that the defendant was innocent of the crime." *Id.* (internal quotation marks omitted).

In allowing Plaintiff to add a claim for declaratory relief expunging his 2013 convictions, this Court determined that Plaintiff did not have an adequate state-law remedy. (Doc. 167 at 8.) Due to changed circumstances, the Court's analysis on that issue is no longer valid. Plaintiff is currently seeking post-conviction relief in state court. He can no longer plausibly argue—and he does not argue in his Response to Defendants' Motion for Reconsideration—that he lacks an adequate state-law remedy for challenging his 2013 convictions. *See Maurer*, 691 F.2d at 437.

Furthermore, the Supreme Court and the Ninth Circuit sitting en banc have made clear that § 1983 actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments. *See Heck*, 512 U.S. at 486; *Nettles v. Grounds*, 830 F.3d 922, 933 (9th Cir. 2016) (en banc). Accordingly, Plaintiff cannot seek in this action a declaratory judgment vacating his 2013 convictions. And allowing Plaintiff to instead seek expungement of the records of the 2013 convictions would be futile, because the Ninth Circuit has made clear that a person who "wishes to expunge the records of [his] conviction" must first obtain a judgment, via recognized post-conviction remedies, that the conviction was unlawful. *Crowell*, 374 F.3d at 796. And even if this Court could

expunge the records of Taylor's outstanding 2013 convictions, that relief would not lift the *Heck* bar that exists in this case, as expunging records of the convictions would "not alter the legality" of the convictions. *Crowell*, 374 F.3d at 792. Plaintiff's reliance in his Response on *Newton v. Rumery*, 480 U.S. 386 (1987), is misplaced because that case did not involve a *Heck* bar. And to the extent Plaintiff argues in his Response that his incarceration resulted from his vacated 1972 convictions rather than his 2013 convictions, that argument is foreclosed by the Ninth Circuit's ruling on interlocutory appeal in this case that "Taylor's valid 2013 conviction and sentence are the sole legal causes of his incarceration," and he therefore "cannot recover damages for wrongful incarceration." *Taylor*, 913 F.3d at 936.

Accordingly, the Court finds it appropriate to reconsider its denial of summary judgment on Plaintiff's expungement claim.

### III. Memorandum re: Equitable Estoppel

On April 16, 2024, Plaintiff filed a Memorandum re: Equitable Estoppel. (Doc. 1109.) In the memorandum, Plaintiff argues that *Heck* is an affirmative defense that may be waived or forfeited, and that this Court should equitably estop Defendants from asserting a *Heck* bar in this case. (*Id.*) Plaintiff contends that applying equitable estoppel is appropriate here because Pima County Attorney Laura Conover would have moved to dismiss his 2013 convictions if not for misconduct by Pima County in 2022, and therefore a *Heck* bar would not exist in this case if not for Pima County's misconduct. (*Id.*) Plaintiff indicates he may move to amend his Complaint to assert equitable estoppel. (*Id.* at 1-2.)

The Court will construe Plaintiff's Memorandum as a Motion and will order Defendants to respond.

**IT IS ORDERED** that Defendants' Motion for Reconsideration re: Expungement Claim (Doc. 1078) is **granted**. Summary judgment is granted in Defendants' favor on the claim asserted in Plaintiff's Third Amended Complaint seeking declaratory relief expunging Louis Taylor's outstanding 2013 convictions.

**IT IS FURTHER ORDERED** that the Court construes Plaintiff's Memorandum re: Equitable Estoppel as a Motion. Within **fourteen (14) days** of the date this Order is filed, Defendants may file a response to the Memorandum re: Equitable Estoppel. Plaintiff may file a reply within **seven (7) days** of service of Defendants' response.

Dated this 18th day of April, 2024.

_____
Honorable Rosemary Márquez
United States District Judge