**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nina Alley, | No. CV-15-00152-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| County of Pima, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Motion re: Equitable Estoppel (Doc. 1112), on which Plaintiff requests an expedited ruling (Doc. 1167). Also pending are several motions related to, or whose resolution hinges upon, the Motion re: Equitable Estoppel. (*See, e.g.*, Docs. 954, 956, 958, 967, 976, 1086, 1159, 1169.)

Former Plaintiff Louis Taylor[1] was convicted in 1972 of 28 counts of murder arising from a fire at the Pioneer Hotel in downtown Tucson, Arizona, and was sentenced to life imprisonment. (Doc. 340-9 at 10-12, 36-37.)[2] In 2013, he entered into a plea agreement that resolved a pending petition for post-conviction relief and resulted in him being released from prison in exchange for pleading no contest to the original 28 counts of murder. (Doc. 348-10; Doc. 348-11.) After his release, Taylor filed the above-entitled civil action, raising claims under 42 U.S.C. § 1983. (Doc. 1.) A central issue in this

---

[1] Taylor's Guardian and Conservator, Nina Alley, has been substituted in place of Taylor as the named plaintiff in this action. (Doc. 624.) The Court uses the term "Plaintiff" herein to refer interchangeably to Taylor.
[2] All record citations herein refer to the page numbers generated by the Court's electronic filing system.

litigation has been whether, due to his outstanding 2013 convictions, Plaintiff is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), from obtaining incarceration-related damages.

Taylor is currently challenging his 2013 convictions in state post-conviction proceedings. If the resolution of his state petition for post-conviction relief results in the vacatur of his 2013 convictions, there will be no *Heck* bar in this case. Accordingly, the resolution of the state post-conviction proceedings may moot the issues raised in Plaintiff's Motion re: Equitable Estoppel.

At a status conference held on April 17, 2024, Defendants stated that they have no objection to staying this litigation pending the resolution of Taylor's state post-conviction proceedings. (Doc. 1111.) Plaintiff objected to a stay. (*Id.*)

This Court has inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Incidental to the power to control its docket is the power to stay proceedings. *Id.* In determining whether to stay proceedings, the Court considers "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

The Court recognizes the age of this litigation, as well as the hardship on Taylor that further delay may cause. However, given that the resolution of Taylor's pending state post-conviction proceedings will impact the scope of this litigation and may moot the *Heck* issues that the parties have litigated for years, the Court finds that staying this litigation pending resolution of the state post-conviction proceedings is appropriate, notwithstanding Plaintiff's objection.

Accordingly,

. . . .

. . . .

**IT IS ORDERED**:

1. The above-captioned litigation is **stayed** pending the resolution of Louis Taylor's state post-conviction proceedings challenging his 2013 convictions.
2. The trial scheduled for July 8, 2024, is **vacated**, pending further Order of the Court.
3. Plaintiff's Motion for Expedited Ruling (Doc. 1167) is **denied** to the extent this Order denies the relief requested.
4. The parties shall notify the Court within **seven (7) days** of the state court's resolution of Taylor's Petition for Post-Conviction Relief. The parties shall also file status reports every **ninety (90) days** from the date this Order is filed, updating the Court on the status of any settlement discussions and of Taylor's state post-conviction proceedings.

Dated this 7th day of June, 2024.

_____
Honorable Rosemary Márquez
United States District Judge