**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nina Alley, | No. CV-15-00152-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| County of Pima, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Motion to Seal Joint Motion to Reopen. (Doc. 1195.) In the Motion to Seal, Plaintiff states that she[1] is lodging the Joint Motion to Reopen under seal "out of an abundance of caution" and that "Defendants do not believe it needs to be sealed[.]" (*Id.*) Defendants filed a Supplement stating that the Joint Motion to Reopen does not need to be sealed because everything discussed in and attached to the Joint Motion is publicly available information. (Doc. 1197.)

The common law recognizes a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one traditionally kept secret," there is "a strong presumption in favor of [public] access." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks omitted). "A party seeking to seal a judicial record . . . bears the burden of overcoming this strong presumption." *Id.* To overcome the presumption of access, "a party must articulate

---
[1] Nina Alley, the Guardian and Conservator of Louis Taylor, has been substituted as the named plaintiff in this action.

compelling reasons supported by specific factual findings." *Id.* (internal alteration and quotation marks omitted).[2]

Because the information discussed in and attached to the Joint Motion to Reopen is publicly available, the Court does not find that compelling reasons exist to seal the Joint Motion. Accordingly, Plaintiff's Motion to Seal will be denied, and the Court will direct the Clerk of Court to publicly file the Joint Motion to Reopen. The Court will resolve by separate Order the Joint Motion to Reopen and Plaintiff's Motion to Supplement the Joint Motion to Reopen.

The Court previously sealed a witness declaration and numerous documents related to that declaration.[3] Given the witness's public testimony in state court, it appears that compelling reasons no longer exist for maintaining those records under seal. The Court will provide the parties and the witness's attorney an opportunity to respond as to whether any filings in this action should remain sealed.

**IT IS ORDERED** that Plaintiff's Motion to Seal Joint Motion to Reopen (Doc. 1195) is **denied**. The Clerk of Court shall publicly file the parties' Joint Motion to Reopen (lodged at Doc. 1196).

**IT IS FURTHER ORDERED** that the Clerk of Court shall send a copy of this Order to the sealed witness's attorney Amy Knight.

. . . .

. . . .

. . . .

. . . .

---

[2] A lesser presumption of access applies to non-dispositive filings that are "unrelated, or only tangentially related, to the underlying cause of action." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). The Court finds that the compelling reasons standard applies to the Joint Motion to Reopen given the nature of the Motion.

[3] (*See, e.g.*, Docs. 417, 426, 439, 443, 444, 454, 455, 458, 463, 464, 466, 473, 474, 475, 487, 488, 489, 490, 491, 497, 498, 504, 505, 506, 507, 509, 514, 515, 525, 526, 533, 534, 535, 536, 537, 542, 543, 544, 545, 548, 549, 551, 555, 564, 570, 578, 579, 592, 593, 614, 615, 616, 617, 618, 619, 620, 632, 634, 642, 648, 649, 666, 667, 668, 669, 670, 676, 682, 695, 696, 697, 721, 732, 736, 743, 745, 754, 755, 767, 775, 821, 807, 808, 809, 811, 812, 814, 815, 824, 840, 841, 842, 843, 851, 858, 864, 868, 870, 877, 885, 892, 899, 919, 936, 981, 982, 983, 984, 997, 998, 999, 1054, 1056, 1057, 1058, 1059, 1060, 1061, 1081, 1082, 1085, 1088, 1101, 1117, 1109, 1110, 1125, 1126, 1139, 1140, 1157, 1158, 1190.)

**IT IS FURTHER ORDERED** that within **fourteen (14) days** of the date this Order is filed, the parties and attorney Amy Knight may file a response showing cause as to why any specific filing(s) in this action should remain sealed. If no response is filed, or if any response(s) filed fail to establish compelling reasons for maintaining any specific filing(s) under seal, the Court will unseal all currently sealed filings in this action.

Dated this 10th day of December, 2025.

_____
Honorable Rosemary Márquez
United States District Judge