**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nina Alley, | No. CV-15-00152-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| County of Pima, et al., | |
| Defendants. | |

Pending before the Court is the parties' Joint Motion to Reopen (Doc. 1202) and Plaintiff's Motion to Supplement Joint Motion to Reopen (Doc. 1198).

On June 10, 2024, the Court stayed the above-captioned matter pending resolution of former Plaintiff Louis Taylor's[1] state post-conviction proceedings challenging his 2013 convictions. (Doc. 1174.) The Court later administratively closed the matter and directed the parties to file a joint motion to reopen following resolution of the state post-conviction proceedings. (Doc. 1192.)

In their Joint Motion to Reopen, the parties aver that the state court denied Taylor's Petition for Post-Conviction Relief on November 6, 2025, and they attach a copy of the state court's ruling. (Doc. 1202.) Plaintiff asks the Court to set a status conference in this matter. (*Id.* at 2.) Plaintiff also avers that he intends to file a claim for compensation under a recently enacted statute, A.R.S. § 13-4296. (*Id.* at 2-3.) Plaintiff argues that, if such a claim succeeds, it would "likely" satisfy the favorable termination requirement of *Heck v.*

---

[1] Taylor's Guardian and Conservator, Nina Alley, has been substituted as the named Plaintiff in this action. The Court refers herein to Taylor interchangeably as Plaintiff.

*Humphrey*, 512 U.S. 477 (1994). (*Id.* at 3.) Plaintiff asks that a trial in the above-captioned matter be set sufficiently far in the future to allow for resolution of his anticipated A.R.S. § 13-4296 claim, but he also argues that any further delays in this case "should and must be minimized." (*Id.*) Plaintiff requests that the Court rule on any previously filed motions that have not yet been addressed, but that the Court postpone ruling on his Equitable Estoppel Motion until after resolution of his anticipated § 13-4296 claim. (*Id.* at 3-4.) Defendants argue that there is no basis for deferring a ruling on Plaintiff's Equitable Estoppel Motion. (*Id.* at 10-11.) Defendants request leave to file a supplement to their Response to the Equitable Estoppel Motion and a renewed summary judgment motion addressing the testimony presented during Taylor's post-conviction hearing. (*Id.* at 11-12.)

The Court will grant the parties' Joint Motion to Reopen and direct the Clerk of Court to mark as pending all previously filed Motions that have not yet been resolved in full. The Court will set a status conference to discuss the scheduling of a firm trial date in this matter. During the status conference, the parties shall also be prepared to discuss (1) Plaintiff's request to postpone trial and the disposition of his Equitable Estoppel Motion pending resolution of his anticipated A.R.S. § 13-4296 claim; and (2) Defendants' request for leave to file a supplemental response to Plaintiff's Equitable Estoppel Motion and a renewed summary judgment motion.

In Plaintiff's Motion to Supplement Joint Motion to Reopen (Doc. 1198), Defendants' Response thereto (Doc. 1199), and Plaintiff's Reply (Doc. 1200), the parties quibble over whether Plaintiff's attorneys played a role in writing or advocating for A.R.S. § 13-4296. The Court will grant Plaintiff's Motion to Supplement to the extent the Court has read the contents of the Motion to Supplement, Response, and Reply; however, the Court does not find any relevance to the parties' dispute concerning Plaintiff's attorneys' alleged involvement in the passage of A.R.S. § 13-4296.

. . . .

. . . .

1  **IT IS ORDERED** that the parties' Joint Motion to Reopen (Doc. 1202) is **granted**. The Clerk of Court is directed to reopen the above-captioned matter and to mark as pending Documents 954, 956, 958, 967, 976, 1086, 1088, 1112, 1123, 1145, 1159, and 1169.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Supplement Joint Motion to Reopen (Doc. 1198) is **granted** insofar as the Court has read the contents of the Motion to Supplement, Response, and Reply.

**IT IS FURTHER ORDERED** that a status conference in the above-captioned matter is set for **February 3, 2026, at 1:30 p.m.**, before the Honorable Rosemary Márquez, in Courtroom 5A of the United States District Court for the District of Arizona, Evo A. DeConcini U.S. Courthouse, 405 W. Congress Street, Tucson, AZ 85701.

Dated this 18th day of December, 2025.

_____
Honorable Rosemary Márquez
United States District Judge