**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Nina Alley,

        Plaintiff,

v.

County of Pima, et al.,

        Defendants.

No. CV-15-00152-TUC-RM

**ORDER**

Pending before the Court is Plaintiff's Motion for Clarification or in the Alternative Reconsideration re: Compensatory Damages. (Doc. 1222.) Plaintiff seeks clarification or reconsideration of a portion of the Court's March 31, 2026 Order in which the Court found that Plaintiff will be limited to seeking nominal damages at trial due to a failure to disclose and identify compensatory damages that can be disentangled from incarceration-based damages. (*Id.*; *see also* Doc. 1218 at 9.)[1] Plaintiff argues that the Court's Order fails to address the Ninth Circuit's interlocutory ruling in this action. (Doc. 1222 at 2-6.) In that interlocutory ruling, the Ninth Circuit held that Plaintiff is not barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), from challenging Louis Taylor's 1972 "conviction or resulting sentence," because the 1972 conviction was vacated by the state court in 2013. *Taylor v. Cnty. of Pima*, 913 F.3d 930, 935 (9th Cir. 2019).

The Court clarifies that based on the Ninth Circuit's ruling, *Heck* poses no bar to Plaintiff challenging the validity of his 1972 conviction and resulting sentence, so long as

---

[1] All record citations herein refer to the page numbers generated by the Court's electronic filing system.

Plaintiff does not seek incarceration-based damages. At trial, Plaintiff will be free to present to the jury his theory that the alleged constitutional violations at issue in this case resulted in an invalid jury verdict and an invalid life sentence. Furthermore, as this Court has recognized, although "the jury need not "definitively determine whether Taylor is guilty or innocent, or whether the Pioneer Hotel fire was or was not arson, in order to resolve the claims at issue in this lawsuit . . . Taylor's protestations of innocence may . . . be relevant to his damages." (Doc. 869 at 28.) Because Taylor's 1972 conviction has been vacated, and his 2013 conviction was based on a no-contest plea, the 2013 judgment would not necessarily be undermined by Taylor's protestations of innocence or by success on his theory that the 1972 conviction and sentence were invalid.

In his Motion for Clarification or in the Alternative Reconsideration, Plaintiff argues that he has made extensive, adequate, and timely disclosures of compensatory damages related to his 1972 trial and conviction, and unrelated to his incarceration. (Doc. 1222 at 7-14.) In light of the above clarification regarding the scope of the *Heck* bar, the Court will require Defendants to respond to Plaintiff's request for reconsideration of the Court's March 31, 2026 Order limiting Plaintiff to nominal damages on the grounds that he failed to disclose compensatory damages that can be disentangled from incarceration-based damages.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

- 2 -

**IT IS ORDERED** that Plaintiff's Motion for Clarification or in the Alternative Reconsideration re: Compensatory Damages (Doc. 1222) is **partially granted and partially taken under advisement**. The Motion is granted to the extent the Court provides clarification herein regarding the scope of the *Heck* bar in this case. The Motion is taken under advisement to the extent it seeks reconsideration of the Court's in limine ruling regarding compensatory damages. Within **ten (10) days** of the date this Order is filed, Defendants shall respond to Plaintiff's Motion for Reconsideration (Doc. 1222), as set forth above. No reply will be permitted absent further leave of Court.

Dated this 26th day of June, 2026.

Honorable Rosemary Márquez
United States District Judge

- 3 -