**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Nina Alley,<br>Plaintiff,<br>v.<br>County of Pima, et al.,<br>Defendants. | No. CV-15-00152-TUC-RM<br>**ORDER** |

Pending before the Court is Plaintiff's Motion to Stay Trial and Vacate Deadlines. (Doc. 1242.)[1] In the Motion, Plaintiff asks the Court to stay this case, and to vacate the trial date and all pretrial deadlines, pending (1) the Ninth Circuit's en banc opinion in *King v. Villegas*;[2] and (2) Louis Taylor's state-court action under A.R.S. § 13-4296. (*Id.*)[3] Plaintiff argues that both the decision in *King* and the resolution of his § 13-4296 action could potentially eliminate the bar to incarceration-based damages in this action that exists under *Heck v. Humphrey*, 512 U.S. 477 (1994). (*Id.*)

Defendants disagree that either the en banc decision in *King* or the resolution of Taylor's § 13-4296 action is likely to eliminate the *Heck* bar in this case, but they argue that the Court need not and should not decide the impact of either event at this juncture,

[1] Nina Alley, the Guardian and Conservator of former Plaintiff Louis Taylor, has been substituted as the named plaintiff in this action. (Doc. 624.) The Court uses the term "Plaintiff" herein to refer interchangeably to Taylor.
[2] The panel decision in *King v. Villegas*, 156 F.4th 979 (9th Cir. 2025), was vacated on April 3, 2026, when the Ninth Circuit voted to rehear the case en banc. 171 F.4th 1163 (9th Cir. 2026).
[3] Specifically, Plaintiff requests that the stay remain in place until a decision favorable to him issues in either matter.

and they do not oppose staying this action. (Doc. 1247.) Defendants argue that any stay should remain in place until the appellate mandate issues in *King* or until all appeals in Taylor's § 13-4296 action are exhausted, whichever occurs later. (*Id.* at 3.) In reply, Plaintiff argues that staying this action until all appeals are exhausted in the *King* and § 13-4296 matters would convert the stay into an indefinite stay forbidden by *Landis v. North American Co.*, 299 U.S. 248 (1936). (Doc. 1249.)

## I. Legal Standard

The Court has inherent power to stay proceedings to resolve "the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. The Court "may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case," even if the related proceedings are not "necessarily controlling of the action before the court." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). In determining whether to issue a stay, the Court must weigh "'the competing interests which will be affected by the granting or refusal to grant a stay,'" including "'the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.'" *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

## II. Discussion

No party argues that a stay will cause damage, hardship, or inequity, and the Court finds that a stay will further the orderly course of justice, given the potential for the en banc opinion in *King* and the resolution of Taylor's § 13-4296 action to affect the scope of trial in this matter. Accordingly, and in light of the lack of objection, the Court will grant Plaintiff's Motion to Stay Trial and Vacate Deadlines, to the extent that the Court will vacate the trial date and all pending deadlines in this matter, to be reset following issuance

of the Ninth Circuit's en banc opinion in *King* and/or the trial court's resolution of the § 13-4296 action. This decision does not impact the parties' ability to proceed with the depositions of Jeanette Mare, Leslie Hoyt-Croft, and Lindsay Herf.

The Court will require the parties to file joint status reports every ninety days. Furthermore, the parties shall jointly notify the Court within ten days of (1) the issuance of the Ninth Circuit's en banc opinion in *King*, or (2) the trial court's resolution of Taylor's A.R.S. § 13-4296 action, whichever occurs earlier. If, at the time the notice is filed, all parties agree that the stay should be extended, the parties may make that request in the notice; otherwise, such a request must be made by motion.

**IT IS ORDERED** that Plaintiff's Motion to Stay Trial and Vacate Deadlines (Doc. 1242) is **granted**, to the extent that all pending deadlines in the above-captioned matter, the Pretrial Conference currently set for September 2, 2026, and the trial currently set for September 14, 2026, are **vacated**, to be reset by later Order of the Court. All trial subpoenas that have been issued are quashed.

**IT IS FURTHER ORDERED** that this Order does not impact the parties' ability to proceed with the depositions of Jeanette Mare, Leslie Hoyt-Croft, and Lindsay Herf.

**IT IS FURTHER ORDERED** that the parties shall file status reports every **ninety (90) days** from the date this Order is filed. Furthermore, the parties shall notify the Court within **ten (10) days** of the issuance of the Ninth Circuit's en banc opinion in *King v. Villegas* or the trial court's resolution of Louis Taylor's state-court action under A.R.S. § 13-4296, as set forth above.

Dated this 19th day of August, 2026.

Honorable Rosemary Márquez
United States District Judge